# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>v.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., GERALD R. MATTYS, LYNN BLAKE, and BRENT A. MOEN,<br><br>                            Defendants. | No. 0:20-cv-02074-NEB-BRT<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF BRIAN MART FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF LEAD AND LIAISON COUNSEL</u>**

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL ALLEGATIONS ................................................................................ 2

III. ARGUMENT ........................................................................................................ 4

    A.   Mr. Mart Should Be Appointed Lead Plaintiff ............................................ 4

        1.   Mr. Mart's Motion Is Timely ............................................................ 5

        2.   Mr. Mart Has The Largest Financial Interest In The
            Relief Sought By The Class ............................................................... 5

        3.   Mr. Mart Satisfies The Requirements Of Federal Rule
            Of Civil Procedure 23 ........................................................................ 6

    B.   The Court Should Approve Mr. Mart's Choice of Lead and
        Liaison Counsel ............................................................................................ 7

IV.  CONCLUSION ..................................................................................................... 8

## I. INTRODUCTION

Plaintiff Brian Mart ("Mr. Mart" or "Movant") respectfully submits that he should be appointed Lead Plaintiff in the above-captioned action. This is a federal securities class action alleging that Tactile Systems Technology, Inc. ("Tactile" or the "Company") and certain of its senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§ 78(b) and 78t(a)), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. § 240.10b-5. The action seeks to represent a class of all purchasers of Tactile common stock between May 7, 2018, to June 8, 2020, inclusive (the "Class Period").

The Private Securities Litigation Reform Act ("PSLRA"), which governs this action, provides that "[n]ot later than 90 days after the date on which a notice is published" the "court shall consider any motion made by a purported class member in response to the notice" and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

Here, Mr. Mart should be appointed as Lead Plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Mr. Mart's selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") to serve as Lead Counsel and Gustafson Gluek PLLC ("Gustafson

- 1 -

Gluek") to serve as liaison counsel should be approved because they are experienced and competent firms that will adequately represent the interests of all class members.

## II.   FACTUAL ALLEGATIONS

Tactile is a Minneapolis, Minnesota-based medical technology company that is engaged in developing and providing medical devices for the treatment of chronic diseases at home. Among other devices, Tactile manufactures and distributes the Flexitouch and Entre Systems, pneumatic compression devices ("PCDs") that help control symptoms of lymphedema, a chronic and progressive medical condition that is often an unintended consequence of cancer treatment. The Company also manufactures and distributes the ACTitouch System, a medical device used to treat venous leg ulcers and chronic venous insufficiency. Compl. ¶ 2.

Tactile's medical devices are covered under existing reimbursement codes, and the Company has secured coverage for its solutions with, among other payers, Medicare, the Veteran's Administration (the "VA") and certain Medicaid programs. A substantial portion of Tactile's annual revenues come in the form of reimbursements from these third-party public payers. *Id.* ¶ 3. Given this, Tactile must comply with applicable federal and state rules and regulations. *Id.* ¶ 4. These rules and regulations include anti-fraud, anti-abuse, anti-kickback, anti-self-referral, and other fraud prevention measures. *See id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies, and financial results. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) while Tactile publicly touted a $4 plus billion or $5 plus billion

- 2 -

market opportunity, in truth, the total addressable market for Tactile's medical devices was materially smaller; (2) to induce sales growth and share gains, Tactile and/or its employees were engaged in illicit and illegal sales and marketing activities in violation of applicable federal and state rules and public payer regulations; (3) the foregoing illicit and illegal sales and marketing activities increased the risk of a Medicare audit of Tactile's claims and criminal and civil liability; (4) Tactile's revenues were in part the product of unlawful conduct and thus unsustainable; and that as a result of the foregoing, (5) Defendants' public statements, including Tactile's year-over-year revenue growth, the purported growth drivers, and the effectiveness of Tactile's internal controls over financial reporting were materially false and misleading at all relevant times. *Id.* ¶ 5.

Tactile investors, including Movant Brian Mart, incurred significant losses when the true state of Tactile's business operations were revealed when the *Qui Tam* Action was unsealed. *Id.* ¶ 6. The *Qui Tam* Action, along with corresponding financial analyst coverage of the *Qui Tam* Action, revealed detailed allegations of illegal sales practices on the part of Tactile, which caused the Company to submit fraudulent claims to Medicare and other government agencies. *See id.* ¶¶ 9-12.

Following these disclosures, the price of Tactile shares fell $4.53 per share over the next two trading days, a decrease of 7.5% from a close price of $60.10 per share on March 20, 2019, to a close price of $55.57 on March 22, 2019. *Id.* ¶ 7.

After further analyst coverage of Tactile and, specifically, the *Qui Tam* Action, the price of Tactile shares fell $6.65 per share over the course of a single trading day, or

- 3 -

10.59% from an opening price of $62.74 per share on February 21, 2020, to a close price of $56.09 on February 24, 2020. *Id.* ¶ 10.

A financial research firm thereafter, on June 8, 2020, published a scathing report about the Company entitled "Strong Sell on Tactile Systems: Bloated Stock Needs Compression Therapy." On this news, the Company's stock price fell $6.05, or 11.69%, from its June 8, 2020, opening price of $51.72 per share to a June 9, 2020, close of $45.67 per share. *Id.* ¶¶ 11-12.

As a result of the foregoing, Movant and other Class Members have suffered significant losses and damages.

### III.     ARGUMENT

**A.     Mr. Mart Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

- 4 -

15 U.S.C. § 78u-4(a)(3)(B)(iii). Mr. Mart meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.     Mr. Mart's Motion Is Timely

The statutory notice of the of this action was published on *BusinessWire* on September 29, 2020, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed Class Period; and (4) the right to move the Court to be appointed as Lead Plaintiff by November 30, 2020. *See* Declaration of Daniel C. Hedlund ("Hedlund Decl."), Ex. D (PSLRA Notice). Because this Motion is being filed on November 30, 2020, it is timely and Mr. Mart is entitled to be considered for appointment as Lead Plaintiff.

### 2.     Mr. Mart Has The Largest Financial Interest In The Relief Sought By The Class

As evidenced by his PSLRA Certification and chart of estimate losses, during the Class Period, Mr. Mart purchased a total of 2,000 shares, obtained 1,000 net shares, expended net funds of $89,009.40 and suffered $10,580.67 in losses as a result of Defendants' alleged misconduct.[1] *See* Hedlund Decl., Ex. B (Loss Chart); *see also Erickson v. Hutchinson Technology Inc.*, No. 0:15-cv-04261-DSD-LIB, 2016 WL 8199314, at *3-4 (D. Minn. Apr. 4, 2016) (applying four factor inquiry first articulated in *Lax v. First Merchants Acceptance Corp.*, No. 1:97-cv-0271, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) to determine applicant with largest financial interest); *Kops v.*

---

[1] Mr. Mart's losses are the same whether calculated under the last-in, first-out or the first-in, first-out methodology.

*NVE Corp.*, No. 0:06-cv-00574-MJD-JJG, 2006 WL 2035508, at *3 (D. Minn. Jul. 19, 2006) (same).

To the best of his counsel's knowledge, Mr. Mart possesses the largest financial interest of any movant seeking lead plaintiff status in this action. Therefore, Mr. Mart satisfies the PSLRA's prerequisite of having the largest financial interest. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Mr. Mart Satisfies The Requirements Of Federal Rule Of Civil Procedure 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Mart satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); "At this stage in the litigation, the Rule 23 considerations are limited to the questions of typicality and adequacy." *Erickson*, 2016 WL 8199314, at *4. "The lead plaintiff need only make a preliminary showing that it has claims that are typical to the putative class and has the capacity to provide adequate representation for those class members." *Id*.

"Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members." *Id*. "'To satisfy the adequacy requirement, Plaintiffs must show that (1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously and (2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge.'" *Id*. at *5 (citation omitted). Mr. Mart satisfies these requirements.

Here, Mr. Mart – the owner and operator of an accredited private school in the Chapel Hill, North Carolina area and experienced investor – has proven that he is more than able to represent the Class. *See* Hedlund Decl., Ex. C (Mart Declaration) at ¶¶ 3-4. Mr. Mart purchased Tactile common stock and suffered significant harm when Defendants' alleged misconduct was revealed. *See* Hedlund Decl., Exs. A, B (Certification and Loss Charts). In addition, Mr. Mart's substantial stake in the outcome of the case indicates he has the requisite incentive to vigorously represent the class's claims. *See* Hedlund Decl., Ex. C (Mart Declaration) at ¶ 3. Indeed, Mr. Mart has demonstrated that he has the incentive and resources to ensure vigorous and competent advocacy for the benefit of the putative class members by filing the complaint in this action after conducting a robust investigation. ECF No. 1.

Moreover, Mr. Mart is not aware of any conflicts between his claims and those asserted on behalf of the putative class and is not subject to any unique defenses. *See* Hedlund Decl., Ex. C (Mart Declaration). Finally, as discussed below, Mr. Mart has selected qualified counsel experienced in securities litigation. *See* Hedlund Decl., Ex. C (Mart Declaration) at ¶ 5, Ex. E (Hagens Berman Resume), Ex. F (Gustafson Gluek Resume). Mr. Mart's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel demonstrate that he satisfies the Rule 23 inquiry.

**B.      The Court Should Approve Mr. Mart's Choice of Lead and Liaison Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *Mayer v. Apogee*

- 7 -

*Enterprises, Inc.*, No. 0:18-cv-03097-NEB-BRT, 2019 WL 927315, at *2 (D. Minn. Feb. 26, 2019) (approving lead plaintiff's choice of counsel). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Mart has selected Hagens Berman to serve as lead counsel for the Class. *See* Hedlund Decl., Ex. C (Mart Declaration) at ¶ 5. Hagens Berman is an award winning international firm with a team of 90 litigators engaged in complex litigation, particularly securities litigation. *See* Hedlund Decl., Ex. E (Hagens Berman Resume). Similarly, proposed liaison counsel Gustafson Gluek is actively engaged in complex class action litigation and its attorneys have been appointed lead roles in complex litigation in this District and throughout the country. *See* Hedlund Decl., Ex. F (Gustafson Gluek Resume).

The Court may thus be assured that by granting this Motion and approving Mr. Mart's selection of counsel, the class will receive the highest caliber of legal representation. Accordingly, Mr. Mart's selection of counsel should be approved.

## IV.    CONCLUSION

For all of the foregoing reasons, Mr. Mart respectfully requests that this Court: (1) appoint him to serve as lead plaintiff in this action; (2) approve his selection of Hagens Berman as lead counsel and Gustafson Gluek as liaison counsel for the Class; and (3)

grant such other and further relief as the Court may deem just and proper.

DATED: November 30, 2020	Respectfully submitted,

                                                  GUSTAFSON GLUEK PLLC

                                                  By: */s/ Daniel C. Hedlund*
                                                  Daniel E. Gustafson (202241)
                                                  Daniel C. Hedlund (258337)
                                                  Canadian Pacific Plaza
                                                  120 South 6th Street, Suite 2600
                                                  Minneapolis, MN  55402
                                                  Telephone: (612) 333-8844
                                                  dgustafson@gustafsongluek.com
                                                  dhedlund@gustafsongluek.com

                                                  Dennis Stewart
                                                  GUSTAFSON GLUEK PLLC
                                                  600 B Street, Suite 1700
                                                  San Diego, CA, 92101
                                                  Telephone: (612) 333-8844
                                                  dstewart@gustafsongluek.com

                                                  *[Proposed] Liaison Counsel*

                                                  Reed Kathrein
                                                  Lucas E. Gilmore (admitted *Pro Hac Vice)*
                                                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                                  715 Hearst Avenue, Suite 202
                                                  Berkeley, CA  94710
                                                  Telephone: (510) 725-3000
                                                  Facsimile:  (510) 725-3001
                                                  reed@hbsslaw.com
                                                  lucasg@hbsslaw.com

                                                  Steve W. Berman
                                                  HAGENS BERMAN SOBOL SHAPIRO LLP
                                                  1301 2nd Avenue, Suite 2000
                                                  Seattle, WA  98101
                                                  steve@hbsslaw.com
                                                  Telephone: (206) 623-7292
                                                  Facsimile:  (206) 623-0594

*[Proposed] Lead Counsel*