UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,<br><br>                 Plaintiff,<br><br>   vs.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., et al.,<br><br>                 Defendants. | Civ. No. 0:20-cv-02074-NEB-BRT<br><br><u>CLASS ACTION</u><br><br>ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION |

4812-0507-5667.v1

## I.     INTRODUCTION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") specifies that the presumptive lead plaintiff in a securities class action is the movant with the largest financial interest that also meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Here, while two motions are pending before the Court filed by movants seeking appointment as lead plaintiff, only one movant satisfies all of the statutory criteria for appointment: St. Clair County Employees' Retirement System.  Indeed, the Retirement System filed a timely motion, has the largest financial interest, and satisfies the Rule 23 requirements.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Moreover, the Retirement System – a sophisticated institutional investor with experience serving as lead plaintiff – is committed to actively prosecuting this litigation and has chosen counsel experienced in prosecuting securities class actions, Robbins Geller Rudman & Dowd LLP and Zimmerman Reed LLP.  *See* ECF No. 24 at 6-9.

By contrast, the only other competing movant – Brian Mart – has a significantly smaller financial interest than the Retirement System:

| *Movant* | *Loss* |
|---|---|
| **Retirement System** | **$65,199.57** |
| Brian Mart | $10,580.67 |

*See* ECF Nos. 19-2, 25-3.  In fact, the Retirement System's losses are ***more than 6 times greater*** than those asserted by Mr. Mart.  *See id.*

To rebut the presumption in the Retirement System's favor, Mr. Mart is required to submit proof that the Retirement System is either subject to a unique defense or is unable to

- 1 -

4812-0507-5667.v1

adequately represent the class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). But Mr. Mart will be unable to submit any such proof because none exists.

Accordingly, because Mr. Mart cannot trigger the presumption and cannot rebut it, the Retirement System is entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and its choice of Lead Counsel should be approved. Mr. Mart's motion should thus be denied.

## II. ARGUMENT

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). This presumption can only be rebutted "upon proof that the proposed lead plaintiff '(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Erickson v. Hutchinson Tech. Inc.*, 2016 WL 8199314, at *3 (D. Minn. Apr. 4, 2016) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)).

### A. Mr. Mart Lacks the Largest Financial Interest and Cannot Trigger the Most Adequate Plaintiff Presumption

The process for selecting a lead plaintiff is "straightforward" and "sequential." *See In re Cavanaugh*, 306 F.3d 726, 729-30, 732 (9th Cir. 2002). "The court must examine

potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical." *Id.* at 732 (emphasis added).  The PSLRA, in other words, "'provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case.'" *Kops v. NVE Corp.*, 2006 WL 2035508, at *3 (D. Minn. July 19, 2006) (quoting *Cavanaugh*, 306 F.3d at 732).  Here, Mr. Mart does not possess the largest financial interest in the relief sought by the class:

| *Movant* | *Loss* |
|---|---|
| **Retirement System** | **$65,199.57** |
| Brian Mart | $10,580.67 |

*See* ECF Nos. 19-2, 25-3.  Rather, the Retirement System undeniably possesses the largest financial interest.

"Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *Cavanaugh*, 306 F.3d at 732.  Here, the Retirement System easily satisfies the Rule 23 requirements.

### B.  The Retirement System Satisfies the Rule 23 Requirements and Is Entitled to the Most Adequate Plaintiff Presumption

"If the plaintiff with the largest financial stake in the controversy provides information that satisfies [the Rule 23] requirements, [it] becomes the presumptively most adequate plaintiff." *Id.* at 730; *Kops*, 2006 WL 2035508, at *3 (same).  "The lead plaintiff need only make a preliminary showing that it has claims that are typical to the putative class

- 3 -

and has the capacity to provide adequate representation for those class members." *Erickson*, 2016 WL 8199314, at *4.  The Retirement System satisfies the Rule 23 requirements.

Indeed, the Retirement System seeks to represent the same putative class and alleges the same claims as the initial complaint.  *See* ECF No. 24 at 6.  The Retirement System demonstrated it purchased Tactile Systems Technology, Inc. stock during the Class Period, as did the other class members, which subsequently lost significant value as a result of defendants' alleged actions and false statements.  *See* ECF No. 25-2.  The Retirement System is not subject to any unique defenses that defendants might assert against it that the other class members would not also be subject to.  *See* ECF No. 24 at 6-7.  Nor is there any evidence of conflicts between the Retirement System and the other class members.  *Id.*

Moreover, the Retirement System – a sophisticated institutional investor with hundreds of millions of dollars in assets under management and experience serving as lead plaintiff – is precisely the type of investor Congress intended would lead securities class actions.  *See W. Wash. Laborers-Emps. Pension Tr. v. Panera Bread Co.*, 2008 WL 2559431, at *1 (E.D. Mo. June 23, 2008) (holding that pension trust movant "is the type of large, institutional lead plaintiff envisioned by Congress when the PSLRA was enacted"); H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Consequently, the Retirement System satisfies the Rule 23 requirement and is entitled to the most adequate plaintiff presumption.

And, while the presumption is rebuttable, Mr. Mart will not be able to provide the requisite proof sufficient to warrant denial of the Retirement System's motion. Accordingly, because Mr. Mart can neither trigger the presumption nor rebut it, his motion should be denied.

### III.   CONCLUSION

The investor with the largest financial interest that satisfies the Rule 23 requirements is entitled to the PSLRA's most adequate plaintiff presumption. Mr. Mart cannot rebut the presumption in the Retirement System's favor with the requisite proof. As such, Mr. Mart's motion should be denied and the Retirement System respectfully requests that it be appointed Lead Plaintiff and its selection of Robbins Geller as Lead Counsel be approved.

DATED:  December 7, 2020

Respectfully submitted,
ZIMMERMAN REED LLP
CAROLYN G. ANDERSON, MN 275712
JUNE P. HOIDAL, MN 033330X
BEHDAD C. SADEGHI, MN 393374

s/ Carolyn G. Anderson
CAROLYN G. ANDERSON

1100 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
Carolyn.Anderson@zimmreed.com
June.Hoidal@zimmreed.com
Behdad.Sadeghi@zimmreed.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for [Proposed] Lead Plaintiff

- 6 -