UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., GERALD R. MATTYS, LYNN BLAKE, and BRENT A. MOEN,<br><br>Defendants,<br><br>ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM,<br><br>Movant. | Case No. 20-CV-2074 (NEB/BRT)<br><br>ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL |

Plaintiff Brian Mart filed a putative class action against Defendants Tactile Systems Technology, Inc. ("Tactile") and three of its officers, alleging violations of the Securities Exchange Act of 1934 (the "Act"). (ECF No. 1 ("Compl.").) Mart proposes a class of investors who purchased Tactile securities between May 7, 2018, and June 8, 2020. (*Id.* ¶ 1.) The Complaint alleges that Defendants made materially false and misleading statements regarding Tactile's business, operational and compliance policies, and financial results. (*Id.* ¶ 5.) Mart asserts two counts on behalf of the proposed class: (1) violation of Section 10(b) of the Act, and Rule 10b-5 promulgated thereunder, against

1

all Defendants, and (2) violation of Section 20(a) of the Act by the individual defendants. (*Id.* ¶¶ 73–78.)

Mart moves for appointment as lead plaintiff and approval of his selection of lead counsel. (ECF No. 16.) The St. Clair County Employees' Retirement System (the "System") opposes Mart's motion, and moves for appointment as lead plaintiff and approval of its selection of counsel. (ECF Nos. 22, 28.) Mart initially opposed the System's motion, but has since withdrawn his opposition. (ECF Nos. 34–35.) No other party responded to the System's or Mart's motions.

## I. Appointment of Lead Plaintiff

Under Title 15 U.S.C. Section 78u-4(a)(3)(B)(i), a court "shall consider any motion made by a purported class member . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." Courts presume the "most adequate plaintiff" is one who: (1) "has either filed the complaint or made a motion in response to a notice"; (2) "has the largest financial interest in the relief sought by the class"; and (3) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.* § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted upon proof that the plaintiff "will not fairly and adequately protect the interests of the class;" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 78u-4(a)(3)(B)(iii)(II).

Both Mart and the System meet the first requirement and may be considered as lead plaintiff. Statutory notice of this action was published on September 29, 2020, advising class members of their right to move to be appointed as lead plaintiff by November 30, 2020, among other information. (ECF No. 25 ("Anderson Decl."), Ex. A at 2.) Mart and the System timely filed their motions for appointment on November 30, 2020. (ECF Nos. 16, 22.)

The second requirement focuses on the plaintiff with the largest financial interest in the relief sought by the class. Courts have considered the following factors in determining which plaintiff has the largest financial interest: "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." *Erickson v. Hutchinson Tech. Inc.*, No. 15-CV-4261 (DSD/LIB), 2016 WL 8199314, at *4 (D. Minn. Apr. 4, 2016) (citing *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). Mart purchased a total of 2,000 shares of Tactile stock in March and May 2020, expended net funds of $89,009.40, and suffered losses of $10,580.67. (ECF No. 19 ("Hedlund Decl."), Exs. A, B.) The System purchased 2,494 shares on December 10, 2019, for a total cost of $161,764.08, and suffered losses of $65,199.57. (Anderson Decl., Exs. B, C.) The System's financial interest is greater than Mart's when comparing number of shares owned, expended funds, and losses. No other putative class member claims a larger financial interest than the System. Because the

3

System has the largest stake in this litigation, "further inquiry must focus on that plaintiff alone" and be limited to determining whether the System satisfies the Rule 23 requirements. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).

As for the third requirement, the System is entitled to lead plaintiff status so long as it satisfies the typicality and adequacy requirements of Rule 23. *Id.*; *see Erickson*, 2016 WL 8199314, at *7 (citing *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 407 n.8 (D. Minn. 1998) ("At this stage in the litigation, the Rule 23 considerations are limited to the questions of typicality and adequacy.")). "Typicality exists where the plaintiff's claims arise from the same series of events or are based on the same legal theories as the claims of all the class members." *Erickson*, 2016 WL 8199314, at *4 (citing *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561–562 (8th Cir. 1982)). Adequacy exists where (1) the plaintiff and its attorneys "'are able and willing to prosecute the action competently and vigorously'" and (2) the plaintiff's "'interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge.'" *Id.* at *5 (quoting *In re GenesisIntermedia, Inc. Sec. Litig.*, 232 F.R.D. 321, 330 (D. Minn. 2005)). The System need only make a "preliminary showing" of the typicality and adequacy requirements. *Id.* at *4; *Chill*, 181 F.R.D. at 407 n.8.

The System has demonstrated that it purchased Tactile stock during the class period, which subsequently lost value as a result of Defendants' allegedly false and misleading statements. (Anderson Decl., Exs. B, C.) The Court finds that the System's

interests are similar to those of the class in litigating the alleged securities violations related to the valuation of Tactile stock. And the Court has no concerns that the System would not adequately represent the interests of the class. As an institutional investor, the System is the type of "large, institutional lead plaintiff[] envisioned by Congress" when it enacted the Private Securities Litigation Reform Act. *Mayer v. Apogee Enters., Inc.*, No. 18-CV-3097 (NEB/SER), 2019 WL 927315, at *2 (D. Minn. Feb. 26, 2019) (citing *W. Wash. Laborers-Emps. Pension Tr. v. Panera Bread Co.*, No. 4:08CV00120 ERW, 2008 WL 2559431, at *1 (E.D. Mo. June 23, 2009)); *see* H.R. Conf. Rep. No. 104–369, at 33–34 (1995) (explaining that increasing the role of institutional investors in class actions would improve the quality of representation in securities class actions). The Court is not aware of any unique defenses precluding the System from being appointed lead plaintiff. *See Erickson*, 2016 WL 8199314, at *5 (noting that a plaintiff is neither typical nor adequate if it is subject to a unique defense that threatens to play a major role in the litigation). Because the System has made a preliminary showing of typicality and adequacy, the Court presumes the System to be the most adequate plaintiff under Section 78u-4(a)(3)(B)(iii). Mart has not rebutted this presumption and withdrew his opposition to the System's motion. (ECF No. 35.) Therefore, the Court appoints the System as lead plaintiff.

    **II.**    **Selection of Counsel**

The System asks the Court to approve the law firm of Robbins Geller Rudman & Dowd LLP to serve as lead counsel and the law firm of Zimmerman Reed LLP to serve

as local counsel. (ECF No. 24 at 8–9.) Once the Court has determined the most adequate plaintiff, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002) (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa)); *see Mayer*, 2019 WL 927315, at *2 (finding "no reason to disturb" the lead plaintiff's choice of counsel). Robbins Geller is regularly appointed as lead counsel by courts around the country and in this District. (ECF No. 24 at 8–9 (listing cases)). The firm is experienced with securities litigation and has achieved favorable results for its clients. (*Id.*) Accordingly, the Court finds no reason to disturb the System's choice of counsel.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Motion of Brian Mart for Appointment as Lead Plaintiff and Approval of Selection of Lead and Liaison Counsel (ECF No. 16) is DENIED;

2. St. Clair County Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel (ECF No. 22) is GRANTED;

3. St. Clair County Employees' Retirement System is appointed Lead Plaintiff; and

4. Lead Plaintiff's selection of Robbins Geller Rudman & Dowd LLP as lead counsel and Zimmerman Reed LLP as local counsel is approved.

Dated: February 1, 2021					BY THE COURT:

						s/Nancy E. Brasel
						Nancy E. Brasel
						United States District Judge