# EXHIBIT 2

EXHIBIT 2

**The Amended Complaint Copies (Contested) Allegations From The Qui Tam Suit**

*All references to docket numbers are to *Veterans First Medical Supply, ex rel. v. Tactile Medical Systems Technology Inc.*, 4:18-cv-02871 (S.D. Texas).

| Amended Complaint's Allegation | Source of Allegation in the Qui Tam Suit | Tactile's Rebuttal in the Qui Tam Suit |
|---|---|---|
| ¶ 36 n.2 (asserting that none of Tactile's arrangements fell within the Anti-Kickback Statute's "safe harbor") | **Dkt. 81, Pl.'s Br. in Support of Partial Summ. J., at 20–21** (legal argument). | **Dkt. 87, Def.'s Response Br., at 30–31** (contrary legal argument). |
| ¶ 37 (quoting Tactile statements about its Key Opinion Leader program) | **Dkt. 81, Pl.'s Br. in Support of Partial Summ. J., at 15** (quoting sealed exhibit)  **Dkt. 81-9** (Rule 1006 exhibit selectively quoting PowerPoint from Tactile's 2018 National Sales Meeting) | **Dkt. 87, Def.'s Response Br., at 36–37** (disagreeing with plaintiff's characterization of sealed exhibit)  **Dkt. 94, Def.'s Objections to Pl.'s Summ. J. Evid., at 6–7** (moving to exclude plaintiff's Rule 1006 exhibit as unreliable and incomplete) |
| ¶ 38 (chart purporting to show that Tactile tracked the referrals it garnered from KOL doctors) | **Dkt. 81-21** (Rule 1006 exhibit purporting to show referral tracking)  **Dkts. 81-10, 81-12, 81-16** (Rule 1006 exhibits purporting to show payments from Tactile to doctors)[1] | **Dkt. 94, Def.'s Objections to Pl.'s Summ. J. Evid., at 4–5** (moving to exclude plaintiff's Rule 1006 exhibits for being manufactured from unrelated sources) |
| ¶ 39 (characterizing Tactile's speaking and consulting events) | **Dkt. 81, Pl.'s Br. in Support of Partial Summ. J., at 10, 24** (characterizing HHS fraud alert and select sealed exhibits) | **Dkt. 87, Def.'s Response Br., at 28–29** (disagreeing with plaintiff's characterization of HHS fraud alert and its applicability to Tactile)  **Dkt. 94, Def.'s Objections to Pl.'s Summ. J. Evid., at 10** (objecting to |

---

[1] Plaintiff here also appears to have gleaned information about payments from Tactile to doctors from the governmental webpage https://openpaymentsdata.cms.gov/.

EXHIBIT 2

| Amended Complaint's Allegation | Source of Allegation in the Qui Tam Suit | Tactile's Rebuttal in the Qui Tam Suit |
|---|---|---|
| | | plaintiff's use of these sealed exhibits as improper) |
| ¶ 40 (characterizing Tactile's relationship with Dr. Ron Karni) | **Dkt. 81, Pl.'s Br. in Support of Partial Summ. J., at 17–18, 24** (characterizing various sealed exhibits related to Dr. Karni) | **Dkt. 87, Def.'s Response Br., at 19, 41, 54** (disagreeing with plaintiff's characterization of those exhibits) |
| ¶ 41 (further characterizing Tactile's speaking events, and quoting a Tactile employee's comment about Dr. Vinay Satwah) | **Dkt. 81, Pl.'s Br. in Support of Partial Summ. J., at 16** (characterizing various sealed exhibits, including one related to Dr. Satwah) | **Dkt. 87, Def.'s Response Br., at 37–38** (disagreeing with plaintiff's characterization of those exhibits) |
| ¶ 42 (characterizing Tactile's VA sales efforts) | **Dkts. 82-21, 81-24** (Rule 1006 exhibit purporting to show payments to, and referrals from, Dr. Arman Kirakosian)<br><br>**Dkt. 81-9** (Rule 1006 exhibit selectively quoting PowerPoint from Tactile's 2018 National Sales Meeting) | **Dkt. 87, Def.'s Response Br., at 54–55** (disagreeing with plaintiff's characterization of Dr. Kirakosian exhibits)<br><br>**Dkt. 94, Def.'s Objections to Pl.'s Summ. J. Evid., at 6–7** (moving to exclude plaintiff's Rule 1006 exhibit as unreliable and incomplete) |
| ¶ 44 (characterizing Tactile's contract trainer program) | **Dkt. 81, Pl.'s Br. in Support of Partial Summ. J., at 27–28** (characterizing Dkt. 81-17 and a sealed exhibit relating to Tactile's compliance officer)<br><br>**Dkt. 81-17** (exhibit showing trainer's annual competency evaluation) | **Dkt. 87, Def.'s Response Br., at 32–33, 35, 46–49** (disagreeing with plaintiff's characterization of Tactile's contract trainer program and of the cited exhibits) |

EXHIBIT 2

| Amended Complaint's Allegation | Source of Allegation in the Qui Tam Suit | Tactile's Rebuttal in the Qui Tam Suit |
|---|---|---|
| **¶ 47** (characterizing purported payments by Tactile to two VA employees) | **Dkt. 81, Pl.'s Br. in Support of Partial Summ. J., at 14** (characterizing the two payments)<br><br>**Dkt. 81-8** (Rule 1006 exhibit purporting to show the two payments)<br><br>**Dkt. 81-9** (Rule 1006 exhibit selectively quoting PowerPoint from Tactile's 2018 National Sales Meeting). | **Dkt. 94, Def.'s Objections to Pl.'s Summ. J. Evid., at 8** (objecting to Dkt. 81-8 as an improper use of Rule 1006)<br><br>**Dkt. 94, Def.'s Objections to Pl.'s Summ. J. Evid., at 6–7** (moving to exclude plaintiff's 1006 exhibit as unreliable and incomplete) |
| **¶ 130** (quoting from Dr. Thomas Suehs) | **Dkt. 81-3** (declaration and accompanying four-page expert report from Dr. Suehs) | **Dkt. 94, Def.'s Objections to Pl.'s Summ. J. Evid., at 10–12** (moving to exclude Dr. Suehs's report for containing, among other things, improper legal conclusions) |