# EXHIBIT 2

United States District Court
Southern District of Texas

**ENTERED**

March 30, 2021

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VETERANS FIRST MEDICAL SUPPLY LLC, *et al*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-2871 |
| | § | |
| TACTILE MEDICAL SYSTEMS TECHNOLOGY, INC.; dba TACTILE MEDICAL, | § § § § | |
| Defendants. | § § | |

**ORDER**

Pending before the Court in this *qui tam* case are cross-motions for partial summary judgment. Defendant/Counter-Plaintiff Tactile Medical Systems Technology, Inc.'s ("Tactile") motion for partial summary judgment (Dkt. 67) is **GRANTED**. Relator/Counter-Defendant Veterans First Medical Supply, LLC's ("Veterans First") motion for partial summary judgment (Dkt. 81) is **DENIED AS MOOT**.

Tactile's motion seeks dismissal of Counts One and Three of Veterans First's complaint. Count One alleges a cause of action under the anti-kickback statute codified at 42 U.S.C. § 1320a-7b. (Dkt. 71 at p. 17). Count Three seeks damages for retaliation under 31 U.S.C. § 3730(h). (Dkt. 71 at p. 21). The Court finds that, as a matter of law, Veterans First cannot bring either of these claims against Tactile.

As to Count One, while a relator may plead a violation of the anti-kickback statute to establish liability under the False Claims Act ("FCA") the anti-kickback statute itself "provides no private right of action." Thus, "a private plaintiff may not sue a health care

provider under the [anti-kickback statute] alone" as a separate cause of action and Tactile is entitled to summary judgment regarding this claim. *United States ex rel. King v. Solvay Pharmaceuticals, Inc.*, 871 F.3d 318, 324 n.1 (5th Cir. 2017).

As to Count Three, under 31 U.S.C. § 3730(h) a plaintiff may only assert claims against "those by whom [they] are employed, with whom they contract, or for whom they are agents" and may only sue for a "retaliatory action [that is] related to terms and conditions of employment, or the contract or agency relationship." *United States ex rel. Bias v. Tangipahoa Parish School Board*, 816 F.3d 315, 324 (5th Cir. 2016) (quotation marks and emphasis omitted). Veterans First has provided no evidence establishing that it has any such relationship with Tactile. Instead, relying on the holding in *United States ex rel. Lam v. Tenet Healthcare Corp.*, 287 Fed. App'x 396 (5th Cir. 2008), Veterans First argues that it should be allowed to bring a claim against Tactile under this statute due to Veterans First's status as an "original source" as defined by the FCA. Veterans First's reliance on this holding in support of its argument is misplaced. While the holding in *United States ex rel. Lam v. Tenet Healthcare Corp.* discusses the requirements for a relator to qualify as an original source, it does not stand for the proposition that *all* original sources—even assuming that Veterans First qualifies as one—can sue under 31 U.S.C. § 3730(h).

Accordingly, for the reasons stated above Tactile's motion for partial summary judgment (Dkt. 67) is **GRANTED**. Counts One and Three of Veterans First's complaint are **DISMISSED WITH PREJUDICE**. Veterans First's motion for partial summary judgment on Count One (Dkt. 81) is **DENIED AS MOOT**.

SIGNED at Houston, Texas, this 29th day of March, 2021.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE