UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>vs.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., et al.,<br><br>      Defendants. | Civ. No. 0:20-cv-02074-NEB-BRT<br><br>CLASS ACTION<br><br>STIPULATION FOR PROTECTIVE ORDER |

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown, the parties to this action STIPULATE AND AGREE THAT:

**1.     Definitions.**  As used in this protective order:

(a)     "attorney" means an attorney who has appeared in this action;

(b)     "confidential document" means a document designated as confidential under this protective order;

(c)     "confidential health information" means "protected health information" and "individually identifiable health information" as those terms are defined in 45 C.F.R. §160.103 under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended, as well as other sensitive health information, that is contained or disclosed in discovery material in any form whether or not produced, maintained or disclosed by a covered entity or business associate (as those terms are defined by HIPAA), or by another person or entity, whether covered under HIPAA or not.  Confidential health information includes, but is not limited to, any document or information, or any portion thereof, that identifies an individual in any manner and relates to (a) the past, present or future care, services or supplies relating to the physical or mental health of such individual, (b) the provision of health care to such individual, or (c) the past,

      present or future payment for the provision of health care for such individual.  Confidential health information also includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, diaries, symptom summaries, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, requests, social security information, medical device registry information, or other documents or information identifying or relating to health services provided to individuals.  Confidential health information includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from confidential health information, except when such documents are fully de-identified in accordance with the HIPAA de-identification standards set forth in 45 C.F.R. §164.514(a);

(d) to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(e) "document" means information disclosed or produced in discovery, including at a deposition;

(f) "notice" or "notify" means written notice;

(g) "party" means a party to this action; and

- 2 -

4855-6050-6395.v1

(h) "protected document" means a document protected by a privilege or the work-product doctrine.

**2.   Designating a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information or confidential health information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

    (1) on the record at the deposition; or

    (2) after the deposition, by promptly notifying the parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, or as to confidential health information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3.   De-Identification of Confidential Health Information.**

(a) A party producing a document that contains confidential health information may, but is not required to, redact on such document some or all of the following identifiers of a patient/insured or a relative,

- 3 -

employer, or household member of a patient/insured: names; all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code; all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, and discharge date; telephone numbers; fax numbers; email addresses; social security numbers; medical record numbers; health plan beneficiary numbers; account numbers; certificate/license numbers; vehicle identifiers, including license plate numbers; device identifiers and serial numbers; web universal resource locators ("URLs"); internet protocol ("IP") address numbers; biometric identifiers, including finger and voice prints; full face photographic images and any comparable images; any other unique identifying number, characteristic, or code; and any other identification that the producing party knows could be used alone or in combination with other information to identify any individual who is the subject of the information.

(b)   Redactions made to de-identify confidential health information shall indicate that the redacted information is "Confidential Health Information" or "CHI."

**4.** **Who May Receive a Confidential Document.**

(a) A confidential document, including the information contained in such document, may be used only in this action. Any other use is prohibited.

(b) No person receiving a confidential document may reveal the document or its contents in any way, except to:

    (1) the court and its staff;

    (2) an attorney for a party or the attorney's partner, associate, or staff;

    (3) a person shown on the face of the confidential document to have authored or received it;

    (4) a court reporter or videographer retained in connection with this action;

    (5) a party;

    (6) a deponent at their deposition;

    (7) any person who:

        a. is retained to assist a party or attorney with this action; and

        b. signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned [case caption and number] in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

5. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6.

6. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide written notice of the error and produce a substitute copy of the document designated as confidential. Any party that received the inadvertently unmarked documents shall retrieve such documents from persons not entitled to receive them and, upon receipt of the substitute documents, shall promptly return or destroy the inadvertently unmarked documents.

**7.     Use of a Confidential Document in Court.**

    (a)     Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with LR 5.6.

    (b)     Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

**8.     Changing a Confidential Document's Designation.**

    (a)     Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)     Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)     Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The

party or non-party who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

9. **Handling a Confidential Document after Termination of Litigation.**

(a) Within 60 days after the termination of this action (including any appeals), each party must:

(1) return or destroy all confidential documents; and

(2) notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

(b) Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court, and any pleadings, transcripts, exhibits, expert reports, notes, memoranda, and correspondence even if such documents quote or describe a confidential document. The obligations of this protective order shall continue to apply to such attorney-retained documents.

10. **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a) Notice.

(1) A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection.

- 8 -

          If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(b)    Handling of Protected Document.  A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

(c)    The parties agree that this protective order is an order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of privileged materials in this action is not a waiver of the privilege in any other federal or state proceeding unless the producing party intended to waive the privilege.

    (1)    If the receiving party (not having received such notice that a document is subject to a privilege claim, as specified in the paragraph above) uses the document as an exhibit in either (1) a court filing or other submission to the court, (2) a mediation statement (provided that the mediation statement is disclosed to the producing party), (3) a deposition, or (4) an expert report, then the producing party has until 15 days before the opening

- 9 -

>   motions for summary judgment are due in which to assert that a privilege claim should have applied to the document, or 15 days after one of the foregoing uses of the document, whichever is later. After such time, the producing party must meet the requirements of Federal Rule of Evidence 502(b) in order to protect the privilege.
>
> (2) For any document used for the first time in the course of briefing summary judgment, where the receiving party had no notice that the document was subject to a privilege claim, then the producing party has 15 days from the filing of the reply brief in support of summary judgment to assert that a privilege claim should have applied to the document. Thereafter, the producing party must meet the requirements of Federal Rule of Evidence 502(b) in order to protect the privilege.

**11. Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

- 10 -

12. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

Stipulated to:

DATED: May 17, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
JESSICA T. SHINNEFIELD
ASHLEY M. PRICE
NICOLE Q. GILLILAND
JOSEPH

s/ Ashley M. Price
ASHLEY M. PRICE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
aprice@rgrdlaw.com
ngilliland@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ZIMMERMAN REED LLP
CAROLYN G. ANDERSON, MN 275712
JUNE P. HOIDAL, MN 033330X
BEHDAD C. SADEGHI, MN 393374
1100 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
Carolyn.Anderson@zimmreed.com
June.Hoidal@zimmreed.com
Behdad.Sadeghi@zimmreed.com

Local Counsel

- 11 -

|  |  |
|---|---|
|  | VANOVERBEKE, MICHAUD & TIMMONY, P.C.<br>THOMAS C. MICHAUD<br>79 Alfred Street<br>Detroit, MI  48201<br>Telephone:  313/578-1200<br>313/578-1201 (fax)<br>tmichaud@vmtlaw.com<br><br>Additional Counsel for Lead Plaintiff<br><br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>REED R. KATHREIN<br>LUCAS E. GILMORE (admitted *Pro Hac Vice*)<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA  94710<br>Telephone:  510/725-3000<br>510/725-3001 (fax)<br>reed@hbsslaw.com<br>lucasg@hbsslaw.com<br><br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>STEVE W. BERMAN<br>1301 Second Avenue, Suite 2000<br>Seattle, WA  98101<br>Telephone:  206/623-7292<br>206/623-0594 (fax)<br>steve@hbsslaw.com<br><br>Counsel for Plaintiff Brian Mart |
| DATED:  May 17, 2022 | FAEGRE DRINKER BIDDLE & REATH LLP<br>WENDY J. WILDUNG (#117055)<br>MATTHEW KILBY (#0335083)<br>ANDERSON C. TUGGLE (#0400277)<br><br>            s/ Matthew Kilby<br>               MATTHEW KILBY |

- 12 -

2200 Wells Fargo Center
99 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: 612/766-7000
wendy.wildung@faegredrinker.com
matthew.kilby@faegredrinker.com
anderson.tuggle@faegredrinker.com


Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on May 17, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Ashley M. Price
ASHLEY M. PRICE

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  aprice@rgrdlaw.com

# Mailing Information for a Case 0:20-cv-02074-NEB-BRT Mart et al v. Tactile Systems Technology, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Carolyn G Anderson**
  carolyn.anderson@zimmreed.com,karen.colt@zimmreed.com

- **Nicole Quaid Gilliland**
  ngilliland@rgrdlaw.com

- **Lucas Gilmore**
  lucasg@hbsslaw.com,sf_filings@hbsslaw.com

- **Daniel E Gustafson**
  dgustafson@gustafsongluek.com,mmorgan@gustafsongluek.com

- **Daniel C Hedlund**
  dhedlund@gustafsongluek.com

- **June Pineda Hoidal**
  june.hoidal@zimmreed.com,julianne.vannorman@zimmreed.com

- **Matthew B Kilby**
  matthew.kilby@faegredrinker.com,terrilyn.storlien@faegredrinker.com

- **Ashley M Price**
  aprice@rgrdlaw.com,e_file_SD@rgrdlaw.com,mwaligurski@rgrdlaw.com

- **Behdad C Sadeghi**
  behdad.sadeghi@zimmreed.com,leslie.harms@zimmreed.com

- **Jessica Shinnefield**
  jshinnefield@rgrdlaw.com,e_file_SD@rgrdlaw.com,JShinnefield@ecf.courtdrive.com,mwaligurski@rgrdlaw.com

- **Anderson Tuggle**
  anderson.tuggle@faegredrinker.com,mimi.dilorenzo@faegredrinker.com

- **Wendy Jo Wildung**
  wendy.wildung@faegredrinker.com,terrilyn.storlien@faegredrinker.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`