## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

BRIAN MART, Individually and on Behalf      )
of All Others Similarly Situated,           )
                                            )        Civ. No. 0:20-cv-2074-NEB-BRT
        Plaintiff,                          )
                                            )
vs.                                         )
                                            )
TACTILE SYSTEMS TECHNOLOGY,                 )
INC., et al.,                               )
                                            )
        Defendants.                         )
                                            )

## ANSWER OF DEFENDANT TACTILE SYSTEMS TECHNOLOGY, INC.

Defendant Tactile Systems Technology, Inc. ("Tactile" or "Defendant"), for its Answer to the Amended Class Action Complaint ("Complaint") in this action, states with personal knowledge as to its own actions, otherwise upon information and belief, as follows[1]:

1.      Admits the allegations contained in Paragraph 1, and further states that in September 2021 Tactile also began selling medical devices providing treatment for chronic respiratory disease.

---

[1]     Pages 1 and 2 of the Complaint contain several unnumbered prefatory paragraphs that contain various assertions about Plaintiff, its attorneys, and their conduct, plus assertions about the alleged legal bases for the Complaint.  To the extent a response is required as to these prefatory paragraphs, Defendant denies them insofar as they refer or relate to Defendants' conduct and liability; and lacks knowledge or information sufficient to form a belief as to their assertions about Plaintiff, its attorneys, and their conduct, and thus denies the paragraphs.

1

2.      Answering Paragraph 2, admits that one of Tactile's products is Flexitouch; that Flexitouch is a pneumatic compression device suitable for the at-home treatment of lymphedema and CVI; and that sales of Flexitouch represented a substantial portion of Tactile's revenues during the alleged class period.  Denies the remaining allegations contained in Paragraph 2.

3.      Denies the allegations contained in Paragraph 3, except admits that during the alleged class period Tactile was accurately reporting year-over-year revenue growth in each quarter, including growth in sales of devices for patients covered by Veterans Administration ("VA") programs and for patients covered by federal Medicare and Medicaid ("CMS") programs.

4.      Denies the allegations contained in Paragraph 4, except admits that Tactile's common stock traded at $36.92 per share at time(s) during the day of May 7, 2018, and at $76.29 per share at time(s) during the day of February 25, 2019.

5.      Denies the allegations contained in Paragraph 5.  Further answering, states that the allegations of subparagraphs c and d have been dismissed by Order filed on March 31, 2022 ("March 31 Order").

6.      Denies the allegations contained in Paragraph 6, except admits that on March 20, 2019, the amended complaint that had been filed against Tactile in a *qui tam* action entitled *Veterans First Medical Supply LLC, ex rel. v. Tactile Systems Technology, Inc.,* No. 4:18-cv-2871 (S.D. Texas) (the "*qui tam* action"), was unsealed and made public, and that Tactile's stock price dropped the following day.  Further answering,

2

US.137602548.04

states that the *qui tam* action had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

7.     Denies the allegations contained in Paragraph 7, and states that on June 8, 2020, an unknown short-seller calling itself "OSS Research" posted a supposed "report" about Tactile on the website *Seeking Alpha* (the "OSS Report")*;* that the OSS Report repeated some of the false allegations from the *qui tam* action and contained other inaccurate information about Tactile and its business supposedly gleaned from unnamed, uninformed, and unreliable sources; that the short-seller's objective was to drive the trading price of Tactile stock down; and that Tactile's stock price dropped following the posting of the OSS Report.

8.     Denies the allegations contained in Paragraph 8.

9.     Answering Paragraph 9, admits that this Court has jurisdiction over this action, but denies that Defendants violated any of the statutes or regulations referenced in Paragraph 9.

10.     Answering Paragraph 10, admits that this action is properly venued in this Court, but denies that Defendants committed fraud, in this District or otherwise.  Further answering, denies the allegations in the third and fourth sentences of Paragraph 10 about Tactile's headquarters location, and states that Tactile's headquarters were located at 1331 Tyler Street, Suite 200, Minneapolis, Minnesota 55413 until approximately October 2019, when they moved to 3701 Wayzata Boulevard, Suite 300, Minneapolis, Minnesota 55416.

US.137602548.04

11.     Paragraph 11 is a legal contention to which no response required.  To the extent a response is required, denies that Defendants used the means and instrumentalities of interstate commerce, the mails, interstate telephone communications, or the facilities of the national securities markets in any manner violative of any federal statute, rule or regulation, or of any other law.

12.     Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 about Plaintiff's activities, and thus denies them, except specifically denies that any violations of the federal securities laws occurred, or that Plaintiff or any other person or entity has suffered any damages as a result of alleged violations.

13.     Answering Paragraph 13, states that Tactile is a medical technology company focused on developing medical devices for the treatment of chronic diseases; that its therapeutic focus is lymphatic and vascular disease, for treating lymphedema and chronic venous insufficiency; that in September 2021 Tactile also began selling medical devices providing treatment for chronic respiratory disease; that it is incorporated in Delaware and headquartered in Minnesota; that the initial public offering of its common stock occurred on August 2, 2016 at an offering price of $10 per share; and that its common stock trades on NASDAQ under the symbol "TCMD".   Denies the remaining allegations contained in Paragraph 13.

14.     Answering Paragraph 14, states that Defendant Gerald R. Mattys was Tactile's Chief Executive Officer and a member of its Board of Directors between February 2005 and June 8, 2020, when he retired from those positions; and that during

4

the alleged class period, Mattys made various public statements about Tactile, and signed various of Tactile's SEC filings.  Further answering, states that the allegations referencing certifications under Section 906 of the Sarbanes-Oxley Act of 2022 ("SOX Certifications") and the allegations contained in the last sentence of Paragraph 14 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.  Denies the remaining allegations contained in Paragraph 14.

15.     Answering Paragraph 15, states that Defendant Lynn L. Blake was Tactile's Chief Financial Officer between April 27, 2016 and September 1, 2018, when she resigned; that Blake was a consultant for Tactile from after her resignation until early March 2019; and that during the time period she was employed as Tactile's Chief Financial Officer, Blake made certain public statements about Tactile, and signed certain of Tactile's SEC filings. Further answering, states that the allegations referencing SOX Certifications and the allegations contained in the last sentence of Paragraph 15 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.  Denies the remaining allegations contained in Paragraph 15.

16.     Answering Paragraph 16, states that Defendant Brent A. Moen has been employed as Tactile's Chief Financial Officer starting on September 2, 2018; and that he has made certain public statements about Tactile, and signed certain of Tactile's SEC filings.  Further answering, states that the allegations referencing SOX Certifications were dismissed by the March 31 Order, and therefore require no response.  To the extent

US.137602548.04

a response is required, denies those allegations. Denies the remaining allegations contained in Paragraph 16.

17.     Answering Paragraph 17, states that Defendant Robert J. Folkes was employed as Tactile's Chief Operating Officer from February 2015 until September 2020, and that he held other positions at Tactile prior to February 2015. Further answering, states that the allegations contained in the last sentence of Paragraph 17 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations. Denies the remaining allegations contained in Paragraph 17.

18.     Answering Paragraph 18, states that Defendant Bryan F. Rishe was employed as Tactile's Senior Vice President of Sales from December 2017 until May 2021, and that in that position he had overall responsibility for Tactile's sales force, including its sales representatives in the field. Further answering, admits that Paragraph 18 contains quotations of portions of statements Rishe made in a signed declaration filed in an employment discrimination lawsuit filed by a former Tactile employee, but denies that those statements have any relevance to Plaintiff's claims in this action or that the quotations fairly or accurately reflect the contents of the declaration, and refers to the declaration itself for a full and accurate account of its contents. Further answering, states that, with the exception of 4,813 shares of Tactile stock that Rishe sold on December 10, 2019 pursuant to a pre-made plan, the allegations contained in the last sentence of Paragraph 18 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations. Denies the remaining

6

US.137602548.04

allegations contained in Paragraph 18, and specifically denies that Rishe traded Tactile stock while in possession of material non-public information.

19.    The allegations and claims asserted against William W. Burke were dismissed by the March 31 Order, and therefore require no response.  To the extent a response to Paragraph 19 is required, states that Burke has served as a director of Tactile since September 2015 and was a member of Tactile's Audit Committee until March 2021; and that as a member of the Audit Committee Burke was tasked with the responsibilities set forth in the Committee's Charter.  Denies the remaining allegations contained in Paragraph 19.

20.    The allegations and claims asserted against Richard J. Nigon were dismissed by the March 31 Order, and therefore require no response.  To the extent a response to Paragraph 20 is required, states that Nigon served as a director of Tactile from September 2012 to May 2022; was a member of Tactile's Audit Committee until May 2022; as a member of the Audit Committee, was tasked with the responsibilities set forth in that Committee's Charter; was a member of Tactile's Compliance and Reimbursement Committee until March 2017; and as a member of the Compliance and Reimbursement Committee was tasked with the responsibilities set forth in that Committee's Charter. Denies the remaining allegations contained in Paragraph 20.

21.    The allegations and claims asserted against Kevin H. Roche were dismissed by the March 31 Order, and therefore require no response.  To the extent a response to Paragraph 21 is required, states that Roche served as a director of Tactile from October 2004 to May 2022; was a member of Tactile's Audit Committee until May 2022; as a

7

US.137602548.04

member of the Audit Committee, was tasked with the responsibilities set forth in that Committee's Charter; was a member of Tactile's Compliance and Reimbursement Committee until May 2022; and as a member of the Compliance and Reimbursement Committee was tasked with the responsibilities set forth in that Committee's Charter. Denies the remaining allegations contained in Paragraph 21.

22.    Answering Paragraph 22, states that the March 31 Order dismissed the allegations of insider trading as to all sales by all Defendants, except for a single sale of 4,813 shares of Tactile stock by Rishe on December 10, 2019 pursuant to a pre-made plan.  The dismissed allegations require no response from this Defendant.  To the extent a response is required, denies the allegations contained in Paragraph 22, and specifically denies that Rishe traded Tactile stock while in possession of material non-public information.

23.    Paragraph 23 identifies a term that Plaintiff created and used in the Complaint, and thus requires no response from Defendant.   To the extent a response is required, denies those allegations.

24.    Denies the allegations contained in Paragraph 24.

25.    Denies the allegations contained in Paragraph 25, and states that Tactile is a medical technology company focused on developing medical devices for the treatment of chronic diseases; that its therapeutic focus is lymphatic vascular disease, for treating lymphedema and chronic venous insufficiency; and that its products include Flexitouch and Flexitouch Plus.

8

US.137602548.04

26.    Answering Paragraph 26, admits that this paragraph contains general information about lymphedema presumably gleaned from selected public sources, but denies that the information is fully accurate or complete.

27.    Answering Paragraph 27, admits that this paragraph contains general information about lymphedema presumably gleaned from selected public sources, but denies that the information is fully accurate or complete or that it describes the experiences of all lymphedema patients.

28.    Answering Paragraph 28, admits that this paragraph contains general information about lymphedema treatments presumably gleaned from selected public sources, but denies that the information is fully accurate or complete or that what it describes are universal practices or experiences.

29.    Answering Paragraph 29, admits that this paragraph contains general information about lymphedema treatments presumably gleaned from selected public sources, but denies that the information is fully accurate or complete or that what it describes are universal practices or experiences.

30.    Answering Paragraph 30, admits that the first, second, third, and fifth sentences of this paragraph contain general information about PCDs for the treatment of lymphedema, but denies that the information is fully accurate or complete or that what it describes are universal practices or experiences.   Further answering, states that the fourth sentence of Paragraph 30 contains an excerpt from a portion of Tactile's 2019 Form 10-K about the Entre, but refers to the entirety of the Form 10-K for a more accurate and complete description of that product.   Further answering, states that, because of a lack of

9

date or context for the quoted language contained in the last sentence of Paragraph 30, lacks knowledge or information sufficient to form a belief as to the truth or falsity of that sentence, and thus denies it.

31.    Answering Paragraph 31, admits the first and second sentences, and admits that the table accurately states Tactile's reported revenues, and revenues by product category, for the product lines shown in the table.  Further answering, denies the characterization of Tactile's Entre revenues contained in Paragraph 31, and denies any remaining allegations.

32.    Answering Paragraph 32, admits the allegations contained in the first, second, third, and fourth sentences; denies the allegations contained in the fifth sentence; and states that, because of Plaintiff's failure to identity the "private insurers" referenced in the sixth sentence, lacks knowledge or information sufficient to form as belief as to the truth or falsity of that sentence, and thus denies it.

33.    Answering Paragraph 33, admits that the table accurately states Tactile's reported revenues by third-party payor for the periods shown in the table.  Further answering, denies the characterization of Tactile's third-party payor revenues contained in Paragraph 33, and denies any remaining allegations.

34.    Answering Paragraph 34, admits that the paragraph includes selected partial quotations from portions of Tactile's 2018 Form 10-K in which Tactile disclosed and described its revenue recognition policies, but refers to the entirety of that document for a complete and accurate description of Tactile's accounting policies.

US.137602548.04

35.    Answering Paragraph 35, states that the allegations contained in the third, fourth, and fifth sentences were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.  Denies all remaining allegations contained in Paragraph 35.

36.    Denies the allegations contained in Paragraph 36.  Further answering, states that the paragraph includes selected partial quotations from portions of Tactile's 2018 and 2019 Forms 10-K in which Tactile disclosed and discussed certain federal statutes applicable to its business, but denies that the partial quotations present an accurate or complete description of Tactile's disclosures or of the federal statutes, and refers to the entirety of Tactile's Forms 10-K for the complete and accurate information.

37.    Denies the allegations contained in Paragraph 37, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

38.    Denies the allegations contained in Paragraph 38, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

39.    Denies the allegations contained in Paragraph 39, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.   Further answering, states that "Special Fraud Alert"

11

from the Department of Health and Human Services Office of Inspector General referenced in the paragraph is incompletely and inaccurately described and quoted, and refers to the entirety of that Alert for the complete and accurate information.

40. Denies the allegations contained in Paragraph 40, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

41. Denies the allegations contained in Paragraph 41, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

42. Denies the allegations contained in Paragraph 42, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

43. Denies the allegations contained in Paragraph 43. Further answering, states that the paragraph includes a selected partial quotation from portions of Tactile's 2018 Form 10-K in which Tactile disclosed and discussed its contract trainer program, but denies that the partial quotation presents an accurate or complete description of Tactile's disclosures or of the contract trainer program and refers to the entirety of Tactile's Form 10-K for the complete and accurate information.

US.137602548.04

44.    Denies the allegations contained in Paragraph 44, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

45.    The allegations contained in Paragraph 45 were dismissed by the March 31 Order, and therefore require no response.   To the extent a response is required, denies them.

46.    Denies the allegations contained in Paragraph 46, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

47.    Denies the allegations contained in Paragraph 47, and states that the allegations are copied from the allegations and theories in the *qui tam* action that had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

48.    Denies the allegations contained in Paragraph 48, except states that during the alleged class period, approximately one-third of Tactile's reported revenues were related to patients covered by CMS programs and/or VA programs.

49.    Denies the allegations contained in Paragraph 49.  Further answering, states that the paragraph includes selected partial quotations from portions of Tactile's 2018 and 2019 Forms 10-K in which Tactile disclosed and discussed the federal False Claims Act, but denies that the partial quotations present an accurate or complete description of

US.137602548.04

Tactile's disclosures or of the statute, and refers to the entirety of Tactile's Forms 10-K for the complete and accurate information.

50.    Denies the allegations contained in Paragraph 50.

51.    Denies the first sentence of Paragraph 51.  Further answering, states that the allegations contained in the second sentence were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

52.    The allegations contained in Paragraph 52 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

53.    The allegations contained in Paragraph 53 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

54.    The allegations contained in Paragraph 54 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.  Further answering, states that Paragraph 54 parrots the inaccurate allegations contained in another "report" by the anonymous short-seller OSS; that the OSS report repeated some of the false allegations from the *qui tam* action and contained other inaccurate information about Tactile and its business supposedly gleaned from unnamed, uninformed, and unreliable sources; and that the short-seller's objective was to drive the trading price of Tactile stock down.

14

55.     The allegations contained in Paragraph 55 were dismissed in the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.  Further answering, states that Paragraph 55 parrots the inaccurate allegations contained in another "report" by the anonymous short-seller OSS; that the OSS report repeated some of the false allegations from the *qui tam* action and contained other inaccurate information about Tactile and its business supposedly gleaned from unnamed, uninformed, and unreliable sources; and that the short-seller's objective was to drive the trading price of Tactile stock down.

56.     Denies the allegations contained in Paragraph 56, except states that during the alleged class period, approximately one-third of Tactile's reported revenues were related to patients covered by CMS programs and/or VA programs.

57.     Denies the allegations contained in Paragraph 57.

58.     Denies the allegations contained in Paragraph 58, and states that Tactile disclosed to investors that Total Addressable Market ("TAM") was a number defined and generated by Tactile; that it was an estimate based upon internal estimates and third-party claims data; that it was based upon current trends; and that it might not prove to be accurate.  Further answering, states that the paragraph includes a selected partial quotation from portions of Tactile's 2018 Form 10-K in which Tactile disclosed and discussed TAM, but denies that the partial quotation presents an accurate or complete description of Tactile's disclosures or of TAM, and refers to the entirety of Tactile's Form 10-K for the complete and accurate information.

US.137602548.04

59.    Denies the allegations in Paragraph 59, except states that Tactile's estimate of nationwide lymphedema diagnoses in 2018 was 1.1 million patients, and that its estimate of nationwide lymphedema diagnoses in 2019 was 1.3 million patients.

60.    Denies the allegations contained in Paragraph 60, and states that Paragraph 60 parrots the inaccurate allegations contained in a "report" by the anonymous short-seller OSS; that the OSS report repeated some of the false allegations from the *qui tam* action and contained other inaccurate information about Tactile and its business supposedly gleaned from unnamed, uninformed, and unreliable sources; and that the short-seller's objective was to drive the trading price of Tactile stock down.

61.    Denies the allegations contained in Paragraph 61, except states that Tactile's estimate of TAM (using its own, disclosed methodology) was $4 billion to $5 billion. Further answering, states that the false allegations in Paragraph 61 are parroted from the inaccurate OSS Report, and include OSS's estimates based upon OSS's own unreliable methodology; that the OSS report repeated some of the false allegations from the *qui tam* action and contained other inaccurate information about Tactile and its business supposedly gleaned from unnamed, uninformed, and unreliable sources; and that the short-seller's objective was to drive the trading price of Tactile stock down.

62.    Answering Paragraph 62, states that Thomas O'Donnell has served as Tactile's Chief Medical Officer since July 2017, was Chair of Surgery at Tufts University School of Medicine, was the CEO and President of Tufts-New England Medical Center Hospitals, Inc., and that O'Donnell co-authored an article entitled: "Health economic benefits of advanced pneumatic compression devices in patients with

16

phlebolymphedema" ("O'Donnell Study").  Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 62, and thus denies them.

63.     Denies the allegations contained in Paragraph 63, and states that Paragraph 63 mischaracterizes the O'Donnell Study, its purpose, its conclusions, and its relationship (if any) to TAM.

64.     Denies the allegations contained in Paragraph 64, and states that Paragraph 64 mischaracterizes the O'Donnell Study, its purpose, its conclusions, and its relationship (if any) to TAM; and that it contains estimates of new lymphedema diagnoses for 2012-2020 that appear to have been generated by Plaintiff's counsel using inaccurate or incomplete information and an unreliable methodology.

65.     Denies the allegations contained in Paragraph 65, and states that Paragraph 65 parrots the inaccurate allegations from the OSS Report; that the OSS report repeated some of the false allegations from the *qui tam* action and contained other inaccurate information about Tactile and its business supposedly gleaned from unnamed, uninformed, and unreliable sources; and that the short-seller's objective was to drive the trading price of Tactile stock down.

66.     Answering Paragraph 66, denies the allegations contained in the first and second sentences; admits the allegations about alternative treatments contained in the third sentence, but states that in some patients, Flexitouch can improve patient outcomes at lower cost than those alternative treatments; admits that the fourth sentence and the quoted language come from a position paper published by the National Lymphedema

US.137602548.04

Network, but states that the position paper was published in 2011 and does not reflect learning about lymphedema and lymphedema treatments since that date; and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the final sentence.

67.    Denies the allegations contained in Paragraph 67, except admits that the paragraph quotes from a portion of the CMS's National Coverage Determination for Pneumatic Compression Devices, which document speaks for itself.

68.    Denies the allegations contained in Paragraph 68, and states that the portion of the CMS's National Coverage Determination for Pneumatic Compression Devices quoted in the paragraph references a six-month requirement for patients who have venous statis ulcer(s), not for lymphedema patients generally.

69.    Denies the allegations contained in Paragraph 69, except admits that the paragraph quotes from a portion of the Corporate Medical Policy for Blue Cross Insurance of North Carolina in 2020, which document speaks for itself.

70.    Denies the allegations contained in Paragraph 70, except admits that the paragraph quotes from and references portions of the Corporate Medical Policy for Blue Cross Insurance of North Carolina in 2020, which document speaks for itself.

71.    Denies the allegations contained in Paragraph 71, except admits that the paragraph quotes from and references portions of Aetna's policy guidance covering an unspecified time period, which policy guidance speaks for itself.

72.    Denies the allegations contained in Paragraph 72.

US.137602548.04

73. The allegations contained in Paragraph 73 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

74. The allegations contained in Paragraph 74 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

75. The allegations contained in Paragraph 75 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

76. The allegations contained in Paragraph 76 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

77. The allegations contained in Paragraph 77 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

78. The allegations contained in Paragraph 78 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

79. Answering Paragraph 79, states that Tactile issued a press release on May 7, 2018 that reported its financial results for the first quarter of 2018, but denies that Paragraph 79 accurately describes, or fairly quotes from, the press release or its contents,

US.137602548.04

and refers to the press release itself for a full and accurate account of Tactile's and

Mattys's public statements.  Denies the remaining allegations contained in Paragraph 79.

80.    Admits that Paragraph 80 quotes from and references a portion of Mattys's

statement from Tactile's May 7, 2018 press release, but refers to the press release itself

for a full and accurate account of Mattys's statement.

81.    Denies the allegations contained in Paragraph 81; states that Tactile

conducted a conference call on May 7, 2018 to discuss its first quarter 2018 financial

results and that Mattys spoke on the call; and refers to the publicly-available recording of

the call for a full and accurate account of what Mattys said.

82.    Denies the allegations contained in Paragraph 82, and refers to the publicly-

available recording of the May 7, 2018 conference call for a full and accurate account of

what Mattys said on the call.

83.    Denies the allegations contained in Paragraph 83.

84.    Answering Paragraph 84, states that Tactile filed a press release on August

6, 2018 on a Form 8-K that reported on Blake's departure, but denies that Paragraph 84

accurately describes, or fairly quotes from, the press release or its contents, and refers to

the press release itself for a full and accurate account of Tactile's public statements.

Denies the remaining allegations contained in Paragraph 84.

85.    Answering Paragraph 85, states that Tactile issued a press release on

August 6, 2018 that reported its financial results for the second quarter of 2018, but

denies that Paragraph 85 accurately describes, or fairly quotes from, the press release or

20

its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 85.

86.    Denies the allegations contained in Paragraph 86; states that Tactile conducted a conference call on August 6, 2018 to discuss its second quarter 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

87.    Answering Paragraph 87, states that Tactile filed a press release on November 5, 2018 on a Form 8-K that reported its financial results for the third quarter of 2018, but denies that Paragraph 87 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements.  Denies the remaining allegations contained in Paragraph 87.

88.    Denies the allegations contained in Paragraph 88; states that Tactile conducted a conference call on November 5, 2018 to discuss its third quarter 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

89.    Answering Paragraph 89, states that Tactile filed a press release on January 7, 2019 on a Form 8-K that reported its preliminary financial results for the fourth quarter and full-year 2018, but denies that Paragraph 89 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements.  Denies the remaining allegations contained in Paragraph 89.

21

90.    Answering Paragraph 90, admits that the *qui tam* action was filed on January 23, 2019, and that the complaint in that action contained the various false allegations that Plaintiff repeats and describes in Paragraph 90. Further answering, states that the *qui tam* action had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent. Denies the remaining allegations contained in Paragraph 90.

91.    Denies the allegations contained in Paragraph 91, except admits that Tactile was served with a copy of the sealed *qui tam* complaint on February 13, 2019 and that Tactile's stock price was greater than $70 per share between February 13, 2019 and March 12, 2019.

92.    The allegations contained in Paragraph 92 were dismissed in the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

93.    Denies the allegations contained in Paragraph 93, and states that Tactile's 2018 Form 10-K disclosed the *qui tam* action and its allegations, stated that Tactile believed the *qui tam* action had no merit and that Tactile would vigorously defend itself, provided additional information about the federal anti-kickback statute, the federal False Claims Act, and other federal statutes and regulations applicable to Tactile's business, and disclosed the risks to Tactile if it were to be found in violation of such statutes or regulations. Further answering, states that the *qui tam* action had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

22

US.137602548.04

94.     Denies the allegations contained in Paragraph 94.

95.     Answering Paragraph 95, states that Tactile issued a press release on February 28, 2019 that reported its financial results for the fourth quarter and full-year 2018, but denies that Paragraph 95 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 95.

96.     Denies the allegations contained in Paragraph 96; states that Tactile conducted a conference call on February 28, 2019 to discuss its fourth quarter and full-year 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

97.     Denies the allegations contained in Paragraph 97; states that Tactile conducted a conference call on February 28, 2019 to discuss its fourth quarter and full-year 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

98.     Denies the allegations contained in Paragraph 98; states that Tactile conducted a conference call on February 28, 2019 to discuss its fourth quarter and full-year 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

99.     Denies the allegations contained in Paragraph 99; states that Tactile conducted a conference call on February 28, 2019 to discuss its fourth quarter and full-

23

year 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

100. Answering Paragraph 100, denies the allegations contained in the first sentence; states that the allegations contained in the second sentence were dismissed by the March 31 Order, and therefore require no response; and to the extent a response to the allegations in the second sentence is required, denies those allegations.

101. Answering Paragraph 101, admits that the complaint in the *qui tam* action was unsealed on March 20, 2019, and that the complaint in that action contained the various false allegations that Plaintiff repeats and describes in Paragraph 101. Further answering, states that the *qui tam* action had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent. Denies the remaining allegations contained in Paragraph 101.

102. Answering Paragraph 102, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in first, second, and third sentences, and thus denies them. Further answering, admits the allegations contained in the fourth sentence that certain members of Tactile's management spoke with certain securities analysts about the allegations contained in the *qui tam* action and explained that Tactile did not pay illegal kickbacks to physicians. Denies the remaining allegations contained in Paragraph 102.

103. Denies the allegations contained in Paragraph 103, except admits that the closing price of Tactile stock was $60.10 on March 20 2019, and was $55.57 on March 22, 2019.

US.137602548.04

104.    Denies the allegations contained in Paragraph 104.

105.    Answering Paragraph 105, states that Tactile issued a press release on May 6, 2019 that reported its financial results for the first quarter of 2019, but denies that Paragraph 105 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements.  Denies the remaining allegations contained in Paragraph 105.

106.    Denies the allegations contained in Paragraph 106; states that Tactile conducted a conference call on May 6, 2019 to discuss its first quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

107.    Denies the allegations contained in Paragraph 107; states that Tactile conducted a conference call on May 6, 2019 to discuss its first quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

108.    Denies the allegations contained in Paragraph 108, except admits that the paragraph accurately quotes from a portion of Mattys's statements on the May 6, 2019 conference call about the *qui tam* action, all of which were accurate and have been proven to be accurate.

109.    Answering Paragraph 109, states that Tactile issued a press release on August 5, 2019 that reported its financial results for the second quarter of 2019, but denies that Paragraph 109 accurately describes, or fairly quotes from, the press release or

US.137602548.04

its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 109.

110. Denies that Paragraph 110 accurately describes, or fairly quotes from, Tactile's August 5, 2019 press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 110.

111. Answering Paragraph 111, states that Tactile issued a press release on November 4, 2019 that reported its financial results for the third quarter of 2019, but denies that Paragraph 111 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 111.

112. Denies the allegations contained in Paragraph 112; states that Tactile conducted a conference call on February 26, 2020 to discuss its 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

113. Answering Paragraph 113, states that Tactile filed a press release on February 26, 2020 on a Form 8-K that reported its financial results for 2019, but denies that Paragraph 113 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements. Denies the remaining allegations contained in Paragraph 113.

US.137602548.04

114.    Answering Paragraph 114, states that Tactile issued a press release on April 7, 2020 that provided its preliminary estimated revenue results for the first quarter of 2020, but denies that Paragraph 114 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements.  Denies the remaining allegations contained in Paragraph 114.

115.    Answering Paragraph 115, states that Tactile filed a press release on May 4, 2020 on a Form 8-K that reported its financial results for the first quarter of 2020, but denies that Paragraph 115 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements.  Denies the remaining allegations contained in Paragraph 115.

116.    Answering Paragraph 116, states that the unknown short-seller OSS posted the OSS Report on the website *Seeking Alpha* on June 8, 2020; that the OSS Report repeated some of the false allegations from the *qui tam* action and contained other inaccurate information about Tactile and its business supposedly gleaned from unnamed, uninformed, and unreliable sources; and that the short-seller's objective was to drive the trading price of Tactile stock down.  Denies the remaining allegations contained in Paragraph 116, and specifically denies that the OSS Report was accurate or that it was based upon reliable sources or methodologies.

US.137602548.04

117.    The allegations contained in Paragraph 117 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

118.    The allegations contained in Paragraph 118 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

119.    The allegations contained in Paragraph 119 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

120.    The allegations contained in Paragraph 120 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

121.    Denies the allegations contained in Paragraph 121.

122.    Denies the allegations contained in Paragraph 122, except admits that the highest trading price for Tactile stock on June 8, 2020 was $54.21 per share, and that Tactile stock closed at $47.26 per share on June 9, 2020.

123.    Denies the allegations contained in Paragraph 123, except admits that the last sentence of Paragraph 123 contains an accurate partial quote from the text of Item 303.

124.    Denies the allegations contained in Paragraph 124, and states that Tactile's Forms 10-K provided information about the federal anti-kickback statute, the federal False Claims Act, and other federal statutes and regulations applicable to Tactile's

28

US.137602548.04

business, and fully and accurately disclosed the risks to Tactile if it were to be found in violation of such statutes or regulations.

125.    Denies the allegations contained in Paragraph 125, except admits that the last sentence of Paragraph 125 contains an accurate partial quote from the discussion of risks in Tactile's Forms 10-K.

126.    Denies the substance of the allegations contained in Paragraph 126.  Further answering, states that Paragraph 126 appears to parrot and quote from portions of the inaccurate and unreliable OSS Report; and that Paragraph 126 also contains a partial quotation, taken out of context, from statements made by Mattys on a conference call with analysts.

127.    Denies the allegations contained in Paragraph 127.

128.    The allegations contained in Paragraph 128 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

129.    The allegations contained in Paragraph 129 were dismissed by the March 31 Order, and therefore require no response.   To the extent a response is required, denies those allegations.

130.    Denies the substance of the allegations contained in Paragraph 130.  Further answering, states that on January 2, 2021, the *qui tam* relator-plaintiff filed certain papers in the *qui tam* action that included a declaration of a purported expert named Thomas Suehs; that Paragraph 130 contains some partial quotations from Suehs's declaration; that Suehs's declaration was withdrawn; and that the *qui tam* action itself was voluntarily

US.137602548.04

dismissed with prejudice by the *qui tam* relator-plaintiff, with the Department of Justice's consent.

131.   Denies the substance of the allegations contained in Paragraph 131, and states that the declaration of Thomas Suehs, including the partial quotations from it that are included in this paragraph, was withdrawn, and that the *qui tam* action itself was voluntarily dismissed with prejudice by the *qui tam* relator-plaintiff, with the Department of Justice's consent.

132.   Denies the allegations contained in Paragraph 132.

133.   Answering Paragraph 133, states that Tactile issued a press release on May 7, 2018 that reported its financial results for the first quarter of 2018, but denies that Paragraph 133 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements.  Denies the remaining allegations contained in Paragraph 133.

134.   Denies the allegations contained in Paragraph 134; states that Tactile conducted a conference call on May 7, 2018 to discuss its first quarter 2018 financial results and that Mattys and Blake spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys and Blake said.

135.   Admits the allegations contained in Paragraph 135.

136.    Answering Paragraph 136, admits that Tactile's Form 10-Q for the period ended March 31, 2018 included information about, among other things, Tactile's financial results for the first quarter of 2018, but denies that Paragraph 136 accurately

US.137602548.04

describes, or fairly quotes from, the Form 10-Q or its contents, and refers to the Form 10-Q itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 136.

137.    The allegations contained in Paragraph 137 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

138.    Denies the allegations contained in Paragraph 138.

139.    Answering Paragraph 139, states that Tactile filed a press release on August 6, 2018 on a Form 8-K signed by Blake that reported its financial results for the second quarter of 2018, but denies that Paragraph 139 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 139.

140.    Answering Paragraph 140, admits that Tactile's August 6, 2018 press release included quoted statements of Mattys, but denies that Paragraph 140 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 140.

141.    Denies the allegations contained in Paragraph 141; states that Tactile conducted a conference call on August 6, 2018 to discuss its second quarter 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

31

142.    Admits the allegations contained in Paragraph 142.

143.    Answering Paragraph 143, admits that Tactile's Form 10-Q for the period ended June 30, 2018 included information about, among other things, Tactile's financial results for the second quarter of 2018, but denies that Paragraph 143 accurately describes, or fairly quotes from, the Form 10-Q or its contents, and refers to the Form 10-Q itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 143.

144.    The allegations contained in Paragraph 144 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

145.    Denies the allegations contained in Paragraph 145.

146.    Answering Paragraph 146, states that Tactile filed a press release on November 5, 2018 on a Form 8-K signed by Moen that reported its financial results for the third quarter of 2018, but denies that Paragraph 146 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 146.

147.    Answering Paragraph 147, admits that Tactile's November 5, 2018 press release included quoted statements of Mattys, but denies that Paragraph 147 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 147.

US.137602548.04

148. Denies the allegations contained in Paragraph 148; states that Tactile conducted a conference call on November 5, 2018 to discuss its third quarter 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

149. Denies the allegations contained in Paragraph 149.

150. Admits the allegations contained in Paragraph 150.

151. Answering Paragraph 151, admits that Tactile's Form 10-Q for the period ended September 30, 2018 included information about, among other things, Tactile's financial results for the third quarter of 2018, but denies that Paragraph 151 accurately describes, or fairly quotes from, the Form 10-Q or its contents, and refers to the Form 10-Q itself for a full and accurate account of Tactile's public statements. Denies the remaining allegations contained in Paragraph 151.

152. The allegations contained in Paragraph 152 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

153. Denies the allegations contained in Paragraph 153.

154. Answering Paragraph 154, states that Tactile filed a press release on January 7, 2019 on a Form 8-K signed by Moen that reported its preliminary financial results for the fourth quarter and full-year 2018, but denies that Paragraph 154 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 154.

US.137602548.04

155.    Answering Paragraph 155, states that Tactile filed a press release on February 28, 2019 on a Form 8-K signed by Moen that reported its financial results for the fourth quarter and full-year 2018, but denies that Paragraph 155 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 155.

156.    Answering Paragraph 156, admits that Tactile's February 28, 2019 press release included quoted statements of Mattys, but denies that Paragraph 156 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 156.

157.    Denies the allegations contained in Paragraph 157; states that Tactile conducted a conference call on February 28, 2019 to discuss its fourth quarter and full-year 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

158.    Denies the allegations contained in Paragraph 158; states that Tactile conducted a conference call on February 28, 2019 to discuss its fourth quarter and full-year 2018 financial results and that Moen spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Moen said.

159.    Denies the allegations contained in Paragraph 159; states that Tactile conducted a conference call on February 28, 2019 to discuss its fourth quarter and full-

US.137602548.04

year 2018 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

160. Answering Paragraph 160, admits the allegations contained in the first sentence; denies the allegations contained in the second sentence and states that Burke, Nigon, Roche, Peter Soderberg, Raymond Huggenberger, and Cheryl Pegus appointed Mattys and Moen to execute the Form 10-K on their behalf "as attorneys and agents for the undersigned"; and states that the allegations contained in the third sentence were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

161. Admits that Paragraph 161 quotes from a portion of Tactile's 2018 Form 10-K that discussed Tactile's business, but denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements about its business.

162. Admits that Paragraph 162 quotes from a portion of Tactile's 2018 Form 10-K that discussed Medicare business, but denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements.

163. Denies the allegations contained in Paragraph 163, and states that, although Paragraph 163 quotes from a portion of Tactile's 2018 Form 10-K that discussed TAM, Paragraph 163 does not fully reflect Tactile's disclosures about TAM.

164. Admits that Paragraph 164 quotes from a portion of Tactile's 2018 Form 10-K that discussed certain federal statues and their application to Tactile's business, but

US.137602548.04

denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements.

165.   Admits that Paragraph 165 quotes from a portion of Tactile's 2018 Form 10-K that discussed the federal False Claims Act, but denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements.

166.   Denies the allegations contained in Paragraph 166.

167.   Answering Paragraph 167, states that Tactile filed a press release on May 6, 2019 on a Form 8-K signed by Moen that reported its financial results for the first quarter of 2019, but denies that Paragraph 167 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 167.

168.   Answering Paragraph 168, admits that Tactile's May 6, 2019 press release included quoted statements of Mattys, but denies that Paragraph 168 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Mattys's public statements.  Denies the remaining allegations contained in Paragraph 168.

169.   Denies the allegations contained in Paragraph 169; states that Tactile conducted a conference call on May 6, 2019 to discuss its first quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

36

170. Denies the allegations contained in Paragraph 170; states that Tactile conducted a conference call on May 6, 2019 to discuss its first quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

171. Denies the allegations contained in Paragraph 171; states that Tactile conducted a conference call on May 6, 2019 to discuss its first quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

172. Denies the allegations contained in Paragraph 172; states that Tactile conducted a conference call on May 6, 2019 to discuss its first quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

173. Answering Paragraph 173, admits that on May 6, 2019, Tactile filed its Form 10-Q for the period ended March 31, 2019; that the Form 10-Q was signed by Moen; and that the Form 10-Q included information about, among other things, Tactile's financial results for the first quarter of 2019. Further answering, denies that the quoted language represents the entirety of Tactile's disclosures in the Form 10-Q, and refers to the document itself for a full and accurate account of Tactile's public statements.

174. The allegations contained in Paragraph 174 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies them.

US.137602548.04

175. The allegations contained in subparagraph (c) of Paragraph 175 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies them. Denies the remaining allegations contained in Paragraph 175.

176. Answering Paragraph 176, states that Tactile filed a press release on August 5, 2019 on a Form 8-K signed by Moen that reported its financial results for the second quarter of 2019, but denies that Paragraph 176 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements. Denies the remaining allegations contained in Paragraph 176.

177. Denies the allegations contained in Paragraph 177; states that Tactile conducted a conference call on August 5, 2019 to discuss its second quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

178. Denies the allegations contained in Paragraph 178; states that Tactile conducted a conference call on August 5, 2019 to discuss its second quarter 2019 financial results and that Moen spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Moen said.

179. Denies the allegations contained in Paragraph 179; states that Tactile conducted a conference call on August 5, 2019 to discuss its second quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

US.137602548.04

180. Denies the allegations contained in Paragraph 180; states that Tactile conducted a conference call on August 5, 2019 to discuss its second quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

181. Answering Paragraph 181, admits that on August 5, 2019, Tactile filed its Form 10-Q for the period ended June 30, 2019; that the Form 10-Q was signed by Moen; and that the Form 10-Q included information about, among other things, Tactile's financial results for the second quarter of 2019. Further answering, denies that the quoted language represents the entirety of Tactile's disclosures in the Form 10-Q, and refers to the document itself for a full and accurate account of Tactile's public statements.

182. The allegations contained in Paragraph 182 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies them.

183. The allegations contained in subparagraph (c) of Paragraph 183 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies them. Denies the remaining allegations contained in Paragraph 183.

184. Answering Paragraph 184, states that Tactile filed a press release on November 4, 2019 on a Form 8-K signed by Moen that reported its financial results for the third quarter of 2019, but denies that Paragraph 184 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a

39

full and accurate account of Tactile's public statements. Denies the remaining allegations contained in Paragraph 184.

185. Denies the allegations contained in Paragraph 185; states that Tactile conducted a conference call on November 4, 2019 to discuss its third quarter 2019 financial results and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

186. Denies the allegations contained in Paragraph 186; states that Tactile conducted a conference call on November 4, 2019 to discuss its third quarter 2019 financial results and that Moen spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Moen said.

187. Answering Paragraph 187, admits that on November 4, 2019, Tactile filed its Form 10-Q for the period ended September 30, 2019; that the Form 10-Q was signed by Moen; and that the Form 10-Q included information about, among other things, Tactile's financial results for the third quarter of 2019. Further answering, denies that the quoted language represents the entirety of Tactile's disclosures in the Form 10-Q, and refers to the document itself for a full and accurate account of Tactile's public statements.

188. The allegations contained in Paragraph 188 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies them.

189. The allegations contained in subparagraph (c) of Paragraph 189 were dismissed by the March 31 Order, and therefore require no response. To the extent a

US.137602548.04

response is required, denies them. Denies the remaining allegations contained in Paragraph 189.

190.   Answering Paragraph 190, states that Tactile filed a press release on January 13, 2020 on a Form 8-K signed by Moen that reported its preliminary financial results for the fourth quarter and full-year 2020 and Mattys's intention to retire in 2020, but denies that Paragraph 190 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 190.

191.   Answering Paragraph 191, states that Tactile filed a press release on February 26, 2020 on a Form 8-K signed by Moen that reported its financial results for the fourth quarter and full-year 2020, but denies that Paragraph 191 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements. Denies the remaining allegations contained in Paragraph 191.

192.   The allegations contained in Paragraph 192 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

193.   Answering Paragraph 193, admits that Tactile's February 26, 2020 press release included quoted statements of Mattys, but denies that Paragraph 193 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press

41

release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 193.

194.    The allegations contained in Paragraph 194 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

195.    Denies the allegations contained in Paragraph 195; states that Tactile conducted a conference call on February 26, 2020 to discuss its financial results for the fourth quarter and full-year 2020, and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

196.    Answering Paragraph 196, admits the allegations contained in the first sentence; and denies the allegations contained in the second sentence, and states that Burke, Nigon, Roche, Soderberg, Huggenberger and Pegus appointed Mattys and Moen to execute the Form 10-K on their behalf "as attorneys and agents for the undersigned."

197.    Admits that Paragraph 197 quotes from a portion of Tactile's 2019 Form 10-K that discussed Tactile's revenues, but denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements.

198.    Admits that Paragraph 198 quotes from a portion of Tactile's 2019 Form 10-K that discussed Medicare business, but denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements.

US.137602548.04

199.    Admits that Paragraph 199 quotes from a portion of Tactile's 2019 Form 10-K that discussed TAM, but denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements.

200.    Admits that Paragraph 200 quotes from a portion of Tactile's 2019 Form 10-K that discussed certain federal statues and their application to Tactile's business, but denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements.

201.    Admits that Paragraph 201 quotes from a portion of Tactile's 2019 Form 10-K that discussed the federal False Claims Act, but denies that the quoted language represents the entirety of Tactile's disclosures, and refers to the document itself for a full and accurate account of Tactile's public statements.

202.    The allegations contained in Paragraph 202 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

203.    The allegations contained in subparagraphs (c) and (f) of Paragraph 203 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.   Denies the remaining allegations contained in Paragraph 203.

204.    Answering Paragraph 204, states that Tactile filed a press release (dated April 6, 2020) on April 7, 2020 on a Form 8-K signed by Moen that reported its estimated preliminary financial results for the first quarter of 2020, but denies that

43

Paragraph 204 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's and Mattys's public statements. Denies the remaining allegations contained in Paragraph 204.

205. Answering Paragraph 205, states that Tactile filed a press release on May 4, 2020 on a Form 8-K signed by Moen that reported its financial results for the first quarter of 2020, but denies that Paragraph 205 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Tactile's public statements. Denies the remaining allegations contained in Paragraph 205.

206. The allegations contained in Paragraph 206 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

207. Answering Paragraph 207, admits that Tactile's May 4, 2020 press release included quoted statements of Mattys, but denies that Paragraph 207 accurately describes, or fairly quotes from, the press release or its contents, and refers to the press release itself for a full and accurate account of Mattys's public statements. Denies the remaining allegations contained in Paragraph 207.

208. Denies the allegations contained in Paragraph 208; states that Tactile conducted a conference call on May 4, 2020 to discuss its financial results for the first quarter of 2020, and that Mattys spoke on the call; and refers to the publicly-available recording of the call for a full and accurate account of what Mattys said.

44

209. The allegations contained in subparagraphs (c) and (e) of Paragraph 209 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations. Denies the remaining allegations contained in Paragraph 209.

210. Denies the allegations contained in Paragraph 210.

211. Denies the allegations contained in Paragraph 211.

212. Denies the allegations contained in Paragraph 212.

213. Denies the allegations contained in Paragraph 213, except admits that the complaint in the *qui tam* action was unsealed on March 20, 2019, and that certain analysts included information about the *qui tam* complaint and its allegations in their reports. Further answering, states that the *qui tam* action had no merit and was voluntarily dismissed with prejudice by the relator-plaintiff, with the Department of Justice's consent.

214. Denies the allegations contained in Paragraph 214 insofar as they suggest or imply that there was a kickback scheme at Tactile, that the allegations in the *qui tam* complaint were true, or that the *qui tam* action had merit. Further answering, states that Paragraph 214 purports to quote from portions of, and to characterize the contents of, certain analyst reports, but denies that Paragraph 214 accurately describes, or fairly quotes from, the analysts reports or their contents, and refers to the analyst reports themselves for a full and accurate account of what they said.

215. Denies the allegations contained in Paragraph 215, and specifically denies that the drop in the price of Tactile stock between March 20, 2019 and March 22, 2019

45

was based on any truthful, accurate, or corrective information from the *qui tam* complaint.

216.    Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 216, and thus denies them.

217.    The allegations contained in subparagraphs (i) and (ii) of Paragraph 217 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.   Denies the remaining allegations contained in Paragraph 217, and specifically denies that the drop in the price of Tactile stock was based on any truthful, accurate, or corrective information from the OSS Report.

218.    Denies the allegations contained in Paragraph 218.

219.    Denies the allegations contained in Paragraph 219.

220.    Answering Paragraph 220, states that the March 31 Order dismissed the allegations of insider trading as to sales by all persons referenced in Paragraph 220, except for a single sale of 4,813 shares of Tactile stock by Rishe on December 10, 2019 pursuant to a pre-made plan.  The dismissed allegations require no response.  To the extent a response is required, denies the allegations contained in Paragraph 220, and specifically denies that any Defendant traded Tactile stock while in possession of material non-public information.

221.    The March 31 Order dismissed the allegations of insider trading as to Mattys.  Thus, the allegations contained in Paragraph 221 require no response.  To the extent a response is required, admits that Mattys sold Tactile stock on the listed dates, but

US.137602548.04

otherwise denies the allegations and refers to publicly available Form 4s for a complete and accurate account of Mattys's stock transactions.

222.    The March 31 Order dismissed the allegations of insider trading as to Mattys.  Thus, the allegations contained in Paragraph 222 require no response.  To the extent a response is required, denies those allegations and refers to publicly available Form 4s for a complete and accurate account of Mattys's stock transactions.

223.    The March 31 Order dismissed the allegations of insider trading as to Mattys.  Thus, the allegations contained in Paragraph 223 require no response.  To the extent a response is required, denies those allegations and refers to publicly available Form 4s for a complete and accurate account of Mattys's stock transactions.

224.    The March 31 Order dismissed the allegations of insider trading as to Mattys.  Thus, the allegations contained in Paragraph 224 require no response.  To the extent a response is required, denies those allegations and refers to publicly available Form 4s for a complete and accurate account of Mattys's stock transactions.

225.    The March 31 Order dismissed the allegations of insider trading as to Mattys.  Thus, the allegations contained in Paragraph 225 require no response.  To the extent a response is required, denies those allegations and refers to publicly available Form 4s for a complete and accurate account of Mattys's stock transactions.

226.    The March 31 Order dismissed the allegations of insider trading as to Mattys and specifically dismissed allegations relating to the listed February 14-15, 2019 stock sales.  Thus, the allegations contained in Paragraph 226 require no response.  To the extent a response is required, admits that Mattys sold Tactile stock pursuant to 10(b)(5)-1

47

trading plans, but otherwise denies the allegations and refers to publicly available Form 4s for a complete and accurate account of Mattys's stock transactions.

227. The March 31 Order dismissed the allegations of insider trading as to Mattys. Thus, the allegations contained in Paragraph 227 require no response. To the extent a response is required, admits that Mattys sold Tactile stock pursuant to 10(b)(5)-1 trading plans, but otherwise denies the allegations and refers to publicly available Form 4s for a complete and accurate account of Mattys's stock transactions.

228. The March 31 Order dismissed the allegations of insider trading as to Blake, including to the extent those allegations related to her scienter. Thus, the allegations contained in Paragraph 228 require no response. To the extent a response is required, denies those allegations.

229. The March 31 Order dismissed the allegations of insider trading as to Blake, including to the extent those allegations related to her scienter. Thus, the allegations contained in Paragraph 229 require no response. To the extent a response is required, denies those allegations.

230. The March 31 Order dismissed the allegations of insider trading as to Blake, including to the extent those allegations related to her scienter. Thus, the allegations contained in Paragraph 230 require no response. To the extent a response is required, denies those allegations.

231. The March 31 Order dismissed the allegations of insider trading as to Folkes. Thus, the allegations contained in Paragraph 231 require no response. To the extent a response is required, admits that Folkes sold Tactile stock on the listed dates, but

otherwise denies the allegations and refers to publicly available Form 4s for a complete and accurate account of Folkes's stock transactions.

232.  The March 31 Order dismissed the allegations of insider trading as to Folkes.  Thus, the allegations contained in Paragraph 232 require no response.  To the extent a response is required, denies those allegations and refers to publicly available Form 4s for a complete and accurate account of Folkes's stock transactions.

233.  The March 31 Order dismissed the allegations of insider trading as to Folkes.  Thus, the allegations contained in Paragraph 233 require no response.  To the extent a response is required, admits that Folkes sold Tactile stock pursuant to 10(b)(5)-1 trading plans, but otherwise denies the allegations and refers to publicly available Form 4s for a complete and accurate account of Folkes's stock transactions.

234.  The March 31 Order dismissed the allegations of insider trading as to all sales by Rishe, except for a single sale of 4,813 shares of Tactile stock by Rishe on December 10, 2019 pursuant to a pre-made plan.  The dismissed allegations require no response.  To the extent a response is required, admits that Rishe sold Tactile stock on the listed dates, but otherwise denies the allegations, including that Rishe traded Tactile stock while in possession of material non-public information, and refers to publicly available Form 4s for a complete and accurate account of Rishe's stock transactions.

235.  The March 31 Order dismissed the allegations of insider trading as to all sales by Rishe, except for a single sale of 4,813 shares of Tactile stock by Rishe on December 10, 2019 pursuant to a pre-made plan.  The dismissed allegations require no response.  To the extent a response is required, denies the allegations contained in

49

Paragraph 234, including that Rishe traded Tactile stock while in possession of material non-public information, and refers to publicly available Form 4s for a complete and accurate account of Rishe's stock transactions.

236.   The March 31 Order dismissed the allegations of insider trading as to all sales by Rishe, except for a single sale of 4,813 shares of Tactile stock by Rishe on December 10, 2019 pursuant to a pre-made plan.  The dismissed allegations require no response.  To the extent a response is required, admits that Rishe sold Tactile stock pursuant to 10(b)(5)-1 trading plans, but otherwise denies the allegations, including that Rishe traded Tactile stock while in possession of material non-public information, and refers to publicly available Form 4s for a complete and accurate account of Rishe's stock transactions.

237.   The March 31 Order dismissed all claims and allegations as to Burke, including the allegations of insider trading contained in Paragraph 237.  Thus, the allegations contained in Paragraph 237 require no response.  To the extent a response is required, denies those allegations.

238.   The March 31 Order dismissed all claims and allegations as to Burke, including the allegations of insider trading contained in Paragraph 238.  Thus, the allegations contained in Paragraph 238 require no response.  To the extent a response is required, denies those allegations.

239.   The March 31 Order dismissed all claims and allegations as to Burke, including the allegations of insider trading contained in Paragraph 239.  Thus, the

US.137602548.04

allegations contained in Paragraph 239 require no response.  To the extent a response is required, denies those allegations.

240.  The March 31 Order dismissed all claims and allegations as to Nigon, including the allegations of insider trading contained in Paragraph 240.  Thus, the allegations contained in Paragraph 240 require no response.  To the extent a response is required, denies those allegations.

241.  The March 31 Order dismissed all claims and allegations as to Nigon, including the allegations of insider trading contained in Paragraph 241.  Thus, the allegations contained in Paragraph 241 require no response.  To the extent a response is required, denies those allegations.

242.  The March 31 Order dismissed all claims and allegations as to Roche, including the allegations of insider trading contained in Paragraph 242.  Thus, the allegations contained in Paragraph 242 require no response.  To the extent a response is required, denies those allegations.

243.  The March 31 Order dismissed all claims and allegations as to Roche, including the allegations of insider trading contained in Paragraph 243.  Thus, the allegations contained in Paragraph 243 require no response.  To the extent a response is required, denies those allegations.

244.  Answering Paragraph 244, states that the March 31 Order dismissed the allegations of insider trading as to sales by all persons referenced in Paragraph 244, except for a single sale of 4,813 shares of Tactile stock by Rishe on December 10, 2019 pursuant to a pre-made plan.  The dismissed allegations require no response.  To the

extent a response is required, Defendant denies the dismissed allegations and all remaining allegations contained in Paragraph 244.

245. The allegations contained in Paragraph 245 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

246. The allegations contained in Paragraph 246 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

247. The allegations contained in Paragraph 247 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

248. The allegations contained in Paragraph 248 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

249. The allegations contained in Paragraph 249 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

250. The allegations contained in Paragraph 250 were dismissed by the March 31 Order, and therefore require no response. To the extent a response is required, denies those allegations.

251. Denies the allegations contained in Paragraph 251.

US.137602548.04

252. Admits that Paragraph 252 contains information about, and partial quotations from, Tactile's 2018 Regional Manager & Area Director Incentive Compensation Plan ("Plan"), but denies that it provides full and accurate information about the Plan, and refers to the Plan itself for a full and accurate account of its terms. Denies the remaining allegations contained in Paragraph 252.

253. Admits that Paragraph 253 contains information about, and partial quotations from, the Plan, but denies that it provides full and accurate information about the Plan, and refers to the Plan itself for a full and accurate account of its terms. Denies the remaining allegations contained in Paragraph 253.

254. Admits that Paragraph 254 contains information about the Plan, but denies that it provides full and accurate information about the Plan, and refers to the Plan itself for a full and accurate account of its terms. Denies the remaining allegations contained in Paragraph 254.

255. Admits that Paragraph 255 contains information about, and partial quotations from, the Plan, but denies that it provides full and accurate information about the Plan, and refers to the Plan itself for a full and accurate account of its terms. Denies the remaining allegations contained in Paragraph 255.

256. Admits that Paragraph 256 contains information about, and partial quotations from, the Plan, but denies that it provides full and accurate information about the Plan, and refers to the Plan itself for a full and accurate account of its terms. Denies the remaining allegations contained in Paragraph 256.

US.137602548.04

257.   Admits that Paragraph 257 contains information about, and partial quotations from, the Plan, but denies that it provides full and accurate information about the Plan, and refers to the Plan itself for a full and accurate account of its terms.  Denies the remaining allegations contained in Paragraph 257.

258.   Denies the allegations contained in Paragraph 258.

259.   Answering Paragraph 259, states that Mattys gave testimony by deposition in an unrelated employment discrimination lawsuit, and that incomplete portions of his deposition testimony are quoted in this paragraph, but denies that the quotations are complete or that they fairly reflect and describe Mattys's testimony, and refers to the deposition transcript itself for a full and accurate account of what Mattys said.  Denies the remaining allegations contained in Paragraph 259.

260.   Answering Paragraph 260, states that Mattys gave testimony by deposition in an unrelated employment discrimination lawsuit, and that incomplete portions of his deposition testimony are quoted in this paragraph, but denies that the quotations are complete or that they fairly reflect and describe Mattys's testimony, and refers to the deposition transcript itself for a full and accurate account of what Mattys said.  Denies the remaining allegations contained in Paragraph 260.

261.   Denies the allegations contained in Paragraph 261, except states that Paragraph 261 contains a partial quotation from Tactile's interrogatory answer in the unrelated employment discrimination lawsuit, and refers to the entirety of the answer for a full and accurate account of what Tactile said.

US.137602548.04

262.   Answering Paragraph 262, states that Mattys gave testimony by deposition in an unrelated employment discrimination lawsuit, and that such testimony is referenced and characterized in this paragraph, but denies that the references and characterizations are accurate and complete, and refers to the deposition transcript itself for a full and accurate account of what Mattys said.  Denies the remaining allegations contained in Paragraph 262.

263.   Answering Paragraph 263, states that Rishe gave testimony by deposition in an unrelated employment discrimination lawsuit, and that such testimony is referenced and characterized in this paragraph, but denies that the references and characterizations are accurate and complete, and refers to the deposition transcript itself for a full and accurate account of what Rishe said.  Denies the remaining allegations contained in Paragraph 263.

264.   Denies the allegations contained in Paragraph 264.

265.   Answering Paragraph 265, states that Mattys and Rishe gave testimony by deposition in an unrelated employment discrimination lawsuit, and that incomplete portions of their deposition testimony are quoted in this paragraph, but denies that the quotations are complete or that they fairly reflect and describe Mattys's and Rishe's testimony, and refers to the deposition transcripts themselves for a full and accurate account of what Mattys and Rishe said.  Denies the remaining allegations contained in Paragraph 265.

266.   Denies the allegations contained in Paragraph 266.

267.   Denies the allegations contained in Paragraph 267.

US.137602548.04

268.    Answering Paragraph 268, states that Mattys submitted a declaration in an unrelated employment discrimination lawsuit, and that incomplete portions of the declaration are quoted in this paragraph, but denies that the quotations are complete or that they fairly reflect and describe Mattys's testimony, and refers to the declaration itself for a full and accurate account of what Mattys said.  Denies the remaining allegations contained in Paragraph 268.

269.    Answering Paragraph 269, states that Mattys gave testimony by deposition in an unrelated employment discrimination lawsuit, and that incomplete portions of their deposition testimony are quoted in this paragraph, but denies that the quotations are complete or that they fairly reflect and describe Mattys's testimony, and refers to the deposition transcripts themselves for a full and accurate account of what Mattys said. Denies the remaining allegations contained in Paragraph 269.

270.    Denies the allegations contained in Paragraph 270.

271.    Denies the allegations contained in Paragraph 271.

272.    Answering Paragraph 272, states that Mattys gave testimony by deposition in an unrelated employment discrimination lawsuit, that incomplete portions of his deposition testimony are quoted in this paragraph, and that Mattys's testimony is characterized in this paragraph, but denies that the quotations are complete, that they fairly reflect and describe Mattys's testimony, or that the paragraph fairly reflects and describes Mattys's testimony, and refers to the deposition transcript itself for a full and accurate account of what Mattys said.  Denies the remaining allegations contained in Paragraph 272.

US.137602548.04

273.    The allegations contained in Paragraph 273 were dismissed by the March 31 Order, and therefore require no response.  To the extent a response is required, denies those allegations.

274.    Answering Paragraph 274, states that on January 13, 2020 Tactile issued a press release announcing Mattys's retirement, and that that press release is characterized in this paragraph, but denies that the paragraph fairly reflects and describes Tactile's press release or the terms of Mattys's retirement, and refers to the press release itself for a full and accurate account of what Tactile and Mattys said.  Denies the remaining allegations contained in Paragraph 274.

275.    Answering Paragraph 275, states that Tactile filed a Form 8-K on September 3, 2020 that announced Folkes's departure, and that that Form 8-K is characterized in this paragraph, but denies that Paragraph 275 accurately describes, or fairly quotes from, the Form 8-K or the terms of Folkes's departure, and refers to the Form 8-K itself for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 275.

276.    Answering Paragraph 276, states that Tactile filed Form 8-Ks on August 6, 2018 and July 22, 2019 that announced Blake's and Thompson's departures, respectively, and that those Form 8-Ks are characterized in this paragraph, but denies that Paragraph 275 accurately describes, or fairly quotes from, the Form 8-Ks or the terms of Blake's and Thompson's departure, and refers to the Form 8-Ks themselves for a full and accurate account of Tactile's public statements.  Denies the remaining allegations contained in Paragraph 276.

US.137602548.04

277.   Denies the allegations contained in Paragraph 277.

278.   Denies the allegations contained in Paragraph 278.

279.   Denies the allegations contained in Paragraph 279, except states that Tactile has filed periodic reports required by the federal securities laws with the U.S. Securities and Exchange Commission, and has issued press releases.

280.   Denies the allegations contained in Paragraph 280.

281.   Answering Paragraph 281, admits that Plaintiff purports to bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the persons and entities described in Paragraph 281, but denies that such a class properly may be formed or that Plaintiff is entitled to represent such a Class.

282.   Answering Paragraph 282, the first sentence states a legal conclusion as to which no response is required, but to the extent a response is required, denies it; admits the allegations contained in the second sentence; and states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 282, and thus denies them.

283.   Denies the allegations contained in Paragraph 283.

284.   Paragraph 284 contains a legal conclusion to which no response is required, but to the extent a response is required, denies it for lack of sufficient knowledge or information.

285.   Paragraph 285 contains a legal conclusion to which no response is required, but to the extent a response is required, denies it for lack of sufficient knowledge or information.

US.137602548.04

286.    Paragraph 286 contains a legal conclusion to which no response is required, but to the extent a response is required, denies it for lack of sufficient knowledge or information.

287.    States that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 287, and thus denies those allegations.

288.    Answering Paragraph 288, restates and realleges Paragraphs 1-287 herein.

289.    Denies the allegations contained in Paragraph 289.

290.    Denies the allegations contained in Paragraph 290.

291.    Denies the allegations contained in Paragraph 291.

292.    Denies the allegations contained in Paragraph 292.

293.    Answering Paragraph 293, restates and realleges Paragraphs 1-292 herein.

294.    Denies the allegations contained in Paragraph 294.

295.    Answering Paragraph 295, restates and realleges Paragraph 1-294 herein.

296.    Denies the allegations contained in Paragraph 296.

297.    Denies the allegations contained in Paragraph 297.

298.    Denies the allegations contained in Paragraph 298.

299.    Denies the allegations contained in Paragraph 299.

300.    Answering Paragraph 300, restates and realleges Paragraph 1-299 herein.

301.    Paragraph 301 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

US.137602548.04

302.    Paragraph 302 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

303.    Paragraph 303 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

304.    Paragraph 304 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, states that Plaintiff purports to bring a claim under the statute referred to therein, but denies that Plaintiff has such a claim.

305.    Paragraph 305 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

306.    Paragraph 306 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

307.    Paragraph 307 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

308.    Paragraph 308 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

US.137602548.04

309.    Paragraph 309 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

310.    Paragraph 310 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

311.    Paragraph 311 does not contain any allegations against Tactile, and therefore requires no response from Tactile.  To the extent a response is required, denies those allegations.

312.    Denies each and every other allegation contained in the Complaint except as may have been hereinbefore admitted, qualified, or otherwise explained.

313.    The Complaint fails to state a claim against this Defendant upon which relief may be granted.

## AFFIRMATIVE DEFENSES

1.    Some of the claims asserted in the Complaint are barred, in whole or part, by the safe harbor provisions for forward-looking statements in the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-5(c)).

2.    The claims asserted in the Complaint are barred, in whole or in part, for lack of causation and reliance.  Specifically, Plaintiff has sustained no legally cognizable damage by virtue of any alleged misrepresentations or omissions because such alleged misrepresentations and omissions did not cause the drop in the price or value of the

US.137602548.04

Tactile stock at issue in this case, and did not cause any alleged inflation of the price or value of the Tactile stock at issue in this case.

3.      The claims asserted against Tactile are barred, in whole or in part, in that Plaintiff and members of the proposed class did not rely upon the integrity of the market, and/or the integrity of the market did not depend on any of the alleged acts and/or omissions of Tactile.

4.      Plaintiff's damages, if any, were caused solely by the conduct of others and are not the result of any conduct of Tactile and/or were the result of superseding or intervening conduct for which Tactile cannot be held liable.

5.      Upon information and belief, Plaintiff has failed, in whole or in part, to mitigate and/or avoid the alleged damages sought to be recovered from Tactile.

6.      Tactile cannot be liable as a controlling person because it acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violation.  15 U.S.C. § 78t(a).

**RESERVATION OF RIGHTS**

This Answer is based on information currently available to Tactile.  Tactile reserves its rights to assert additional affirmative defenses to the extent they become known through discovery or otherwise following the date of this Answer.  Tactile further reserves the right to withdraw defenses that it determines are not applicable during the course of discovery and other proceedings in this action.

**DEMAND FOR JURY TRIAL**

Tactile demands a trial by jury in this action on all issues so triable.

62

US.137602548.04

## CONCLUSION

**WHEREFORE,** defendant Tactile Systems Technology, Inc. prays that this Court dismiss the Amended Class Action Complaint as to Tactile with prejudice and on the merits, award Tactile its costs, disbursements, attorneys' fees and witness fees herein, and grant Tactile such other and further relief as is just and equitable.

Date:  June 1, 2022.

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Matthew Kilby*

Wendy J. Wildung (#117055)
Matthew Kilby (#0335083)
Rory F. Collins (#0397415)
Anderson C. Tuggle (#0400277)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone: (612) 766-7000

*Attorneys for Defendants Tactile Systems Technology, Inc., Gerald R. Mattys, Lynn L. Blake, Brent A. Moen, Robert J. Folkes, and Bryan A. Rishe*

US.137602548.04