**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. No. 0:20-cv-2074-NEB-BRT |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| TACTILE SYSTEMS TECHNOLOGY, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**MOTION TO COMPEL DISCOVERY**

Defendant Tactile Systems Technology, Inc. ("Tactile"), together with Individual Defendants Brent Moen, Lynn Blake, Gerald Mattys, Robert Folkes, and Bryan Rishe (the "Individual Defendants," together with Tactile, "Defendants"), submit the following motion to compel discovery from Lead Plaintiff St. Clair County Employees' Retirement System's ("Plaintiff"):

### INTRODUCTION

Defendants move to compel Plaintiff to respond to discovery requests related to Plaintiff's damages claim. In both its Rule 26 Initial Disclosures and responses to Defendants' written discovery requests, Plaintiff has refused to provide *any* information regarding its alleged damages, and has said it will not provide any such information during the entire fact discovery period. Plaintiff's refusal to provide any damages-related documents, computations, estimates, or methodology during fact discovery is inappropriate. Defendants are entitled to discover basic facts regarding Plaintiff's claim for damages and test those facts using the full panoply of tools available in fact discovery. Defendants respectfully request that the Court compel Plaintiff to answer Defendants' Interrogatory No. 1 and Request for Production No. 14 and provide all responsive information.

### BACKGROUND

In this case, Plaintiff accuses Defendants of misleading investors about certain business practices that Plaintiff alleges impacted Tactile's Department of Veterans Affairs ("VA") and Centers for Medicare and Medicaid ("CMS") related-revenue, and thereby engaging in securities fraud. Plaintiff's Amended Complaint is based entirely on

1

parroted allegations culled from a now-dismissed *qui tam* lawsuit and from a now-defunct anonymous internet short seller. According to Plaintiff, the allegations from the *qui tam* plaintiff and anonymous short seller "revealed" that Tactile's reported revenues for its signature medical-device product, Flexitouch, were "in part the product of illegal sales practices," namely, "kickback schemes to push Flexitouch sales in the VA and CMS channels" and "false claims" submitted to CMS that failed to disclose these kickbacks. (*E.g.*, Dkt. 49 (Am. Compl.) ¶ 145(b).) Plaintiff further alleges that Defendants "failed to disclose that [Tactile] was exposed to an extreme risk of legal and regulatory scrutiny"—because of this supposed "kickback scheme"—which "then put nearly 30% of [Tactile's] business related to its VA and CMS channels at risk." (*Id*. ¶ 145(d).) Plaintiff also relies on alleged "revelations" made by the anonymous short seller to argue that Defendants overstated Flexitouch's "Total Addressable Market" by "at least three times." (*Id*. ¶ 145(c).)

While Plaintiff argues that these (completely unproven) schemes and misstatements harmed Tactile's investors, Plaintiff has steadfastly refused to say *how* investors were harmed, and in what amount. In its Initial Disclosures, Plaintiff merely directed Defendants back to the Amended Complaint's generic prayer for relief, stating that it "seeks damages, including interest; reasonable costs, including attorneys' fees and expenses; and such equitable/inactive relief or other relief as the Court may deem just and proper." (Declaration of Matthew Kilby ("Kilby Decl."), Ex. C at 11-12.) Plaintiff provided no computation of its damages as required by Rule 26.

Defendants appropriately sought clarity on the key issue of damages through written discovery requests. But Plaintiff again improperly refused to provide *any* information. Specifically, in their first set of interrogatories, Defendants sought the following information and received the following non-answer:

<u>**INTERROGATORY NO. 1**</u>:

Identify and describe in detail the relief that you seek in this action, including:

(a) each item of damages that you seek;
(b) how each item of damages is to be computed;
(c) the amount of your damages by item; and
(d) all documents that relate or pertain to each item of damages.

<u>**RESPONSE TO INTERROGATORY NO. 1**</u>:

Lead Plaintiff specifically objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Interrogatory because it prematurely calls for information related to expert witness testimony or opinion(s) when such information is not due to be disclosed until January 2023. Lead Plaintiff further objects to this Interrogatory to the extent that discovery in this matter is ongoing, and information and documents responsive to this Interrogatory have yet to be produced by Defendants. Lead Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion or requires the application of legal definitions or principles. Lead Plaintiff further objects to this Interrogatory as compound. Lead Plaintiff further objects to the terms "item," "computed," and "relate or pertain to" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiver of these objections and the General Objections, Lead Plaintiff responds that Lead Plaintiff will disclose the damages it claims in this action and the method for calculating those damages on or before January 19, 2023[1], the deadline set by the Court in the Pretrial Scheduling Order (ECF 90).

(Kilby Decl., Ex. D at 5-6.)

---

[1] January 19, 2023 is Plaintiff's expert disclosure deadline. As explained below, the close of fact discovery is a month earlier, on December 15, 2022.

3

Likewise, in their first set of requests for production of documents, Defendants sought the following documents, but Plaintiff refused to provide any:

**REQUEST FOR PRODUCTION NO. 14**:

All documents that constitute, explain, describe or in any way refer or relate to the damages or other relief that you seek in this action on your own behalf and on behalf of class members, including without limitation all documents relating to or describing your method of calculating your alleged damages.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request because it prematurely seeks expert testimony or opinion(s) when such information is not due to be disclosed until January 2023. Lead Plaintiff further objects to this Request to the extent that discovery in this matter is ongoing, and documents responsive to this Request have yet to be produced by Defendants. Lead Plaintiff further objects to this request because it calls for a legal conclusion, a legal argument, or otherwise constitutes a contention discovery request premature at this stage of the litigation. Lead Plaintiff further objects to the Request to the extent it requires Lead Plaintiff to identify class members before certification and notice to the class. Lead Plaintiff further objects to the terms "constitute," "explain," "describe," "in any way," "refer or relate," "describing," and "method" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff responds as follows: in accordance with the Federal Rules of Civil Procedure, any other applicable law, and the Court's Pretrial Scheduling Order (ECF 90), Lead Plaintiff will submit on or before January 19, 2023, expert materials disclosing the damages it claims in this action and the method for calculating those damages.

(Kilby Decl., Ex. E at 20-21.)

This discovery is plainly relevant to the claims and defenses in this case. It is black-letter law that Plaintiff must prove it suffered some economic loss caused by

4

Defendants' allegedly false representations or material omissions. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341(2005). There is no basis in the record, however, to think that Plaintiff suffered *any* loss. That is in part because the very thing that Plaintiff alleged had been hidden and would eventually harm shareholders—*i.e.*, that federal payors like the VA and CMS would soon stop paying for Flexitouch after learning of the kickback allegations made in the *qui tam* suit—never occurred.

In fact, 10 months after Plaintiff filed this lawsuit, the *qui tam* plaintiff dismissed his claims with prejudice—because the claims lacked any evidentiary basis. (Dkt. 78-3.) The Department of Justice reviewed the matter and consented to the dismissal. *See Veterans First Medical Supply LLC, ex rel. v. Tactile Medical Sys. Tech., Inc.*, No. 4:18-cv-02871 (S.D. Texas), Dkt. 297. Tactile didn't pay a cent in exchange. (Dkt. 78-4.)

Consistent with the fact that the alleged "kickback scheme" and other illegal conduct was never proven (because it never occurred), Tactile continues to report significant revenue from the VA and CMS. In just its last reported quarter, Tactile recorded $12.36 million in revenue from the VA, and $18.38 million in revenue from CMS. (Kilby Decl., Ex. F at 21.)

The fact that Tactile has never been excluded from participating in federal healthcare programs, and thus the supposed hidden "harm" Plaintiff alleges has never manifested, only serves to emphasize the need for damages discovery now, during the fact-discovery period. Defendants are completely in the dark with respect to how and in what amount Plaintiff possibly thinks it has been harmed given the *qui tam* suit's

dismissal. Defendants are entitled to obtain the information they requested, and during fact discovery.

## MEET AND CONFER EFFORTS

Plaintiff refused to alter its position during the conferral process. Following a conferral by teleconference, in a letter dated July 25, 2022, Plaintiff's counsel stated that Plaintiff would not provide any information regarding damages during fact discovery. (Meet and Confer Statement.) Plaintiff cited no legal authority. (*Id.*) Instead, it claimed it needed an expert to disclose anything about damages and suggested that an expert would likely perform "an event study to assess any statistically significant movements in Tactile's stock price, and a quantification of such price movements caused by Tactile-specific news." (*Id.*) Plaintiff did not explain why, if it truly needed an expert to know whether it has been harmed and, if so, to what extent, it could not consult with that expert during fact discovery. Nor did Plaintiff explain how it was able to plead the alleged fact of damages in its Amended Complaint not having done any of the work it now asserts is necessary but can only be performed by an expert at a future date.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs their likely benefit." Fed. R. Civ. P.

26(b)(1). Relevant evidence encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Raines v. Allied Constr. Servs., Inc.*, 2019 WL 3545889, at *3 (D. Minn. Aug. 5, 2019). Information is discoverable so long as it is "reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citation omitted).

The requesting party need only make a threshold showing that the information sought is relevant to the claims or defenses in the case. *See Rochester Drug Co-Operative v. Mylan Inc.*, 2022 WL 1598377, at *4 (D. Minn. May 20, 2022) (citing *Hofer*, 981 F.2d at 380)). Then, the producing party "bears the burden of establishing lack of relevancy or undue burden." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2016 WL 6997113, at *7 (D. Minn. Sept. 6, 2016).

Where, as here, a party refuses to produce relevant, non-privileged information, Rule 37 permits the requesting party to "move for an order compelling an answer, designation, production, or inspection." *Hodges v. Pfizer, Inc.*, 2015 WL 13804602, at *3 (D. Minn. Dec. 17, 2015) (quoting Fed. R. Civ. P. 37(a)(3)(B)).

## ARGUMENT

"The purpose of discovery is to make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *US Salt, Inc. v. Broken Arrow, Inc.*, 2008 WL 2277602, at *4 (D. Minn. May 30, 2008), *aff'd*, 563 F.3d 687 (8th Cir. 2009). Plaintiff's refusal to respond to Defendants'

Interrogatory No. 1 and Request for Production No. 14 runs afoul of this fundamental litigation principle and is a blatant violation of its discovery obligations.

Defendants' discovery requests are indisputably relevant: that the plaintiff has suffered some economic loss is a core element of a Section 10(b) claim. *Dura*, 544 U.S. at 341. Plaintiff made no objection on relevancy grounds, conceding the point. *See Murphy by Murphy v. Piper*, 2018 WL 2278107, at *6 (D. Minn. May 18, 2018) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."). Plaintiff's only objection is that discovery regarding damages is "premature"—two years after this lawsuit was filed—and will supposedly be premature ***during the entirety of fact discovery***.

Plaintiff's position has been thoroughly rejected by courts across the country, including in cases involving allegations of securities fraud. For example, in *King v. E.F. Hutton & Co.*, 117 F.R.D. 2 (D.D.C. 1987), the securities-fraud defendant moved to compel answers to interrogatories which asked plaintiff to "describe with particularity every loss suffered by plaintiff, as alleged in the Complaint, detailing each component of the loss, the amount of each component, how the amount was determined, to whom it is attributable, precisely how it is attributable to the acts of defendants, and what date plaintiff became aware of each component of the loss." *Id.* at 5.

Plaintiff in *King* responded to these interrogatories just as Plaintiff has responded here: by directing the defendant to its complaint and noting that "the methodology for calculation of the plaintiffs' losses will be provided by the plaintiffs' contemplated expert witness." *Id.* But the court found this response woefully inadequate, explaining that "[i]t

8

is no answer for plaintiffs to assert that they will need discovery or to consult with an expert to determine their losses." *Id.* Rather, the court explained that plaintiffs "should have answered the interrogatories with such information as they then possessed." *Id*. That is what Defendants are requesting here. Plaintiff must respond with whatever information it has.

Numerous other courts have upheld a defendant's right to discover basic information related to a plaintiff's claimed damages during fact discovery; indeed, where, as here, plaintiffs refuse to provide that information in responses to interrogatories, courts bar them from presenting damages evidence at trial. *See, e.g.*, *ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995) (affirming district court's exclusion of evidence of damages because of plaintiff's incomplete interrogatory responses and "an eleventh-hour attempt to switch the basis for its alleged damages"); *Zenith Electronics Corp. v. WH–TV Broadcasting Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (holding that plaintiff's failure to respond to a "contention interrogatory with a description of its damages theory and the proof to be employed" justified exclusion of evidence); *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) ("The fact that Travelers may later supplement its interrogatory answers [regarding monetary damages] with an expert report does not permit it to refuse to respond with whatever discoverable information it now holds."); *First Health Group Corp. v. United Payors and United Providers*, 1999 WL 515499, at *1 (N.D. Ill. July 12, 1999) ("The whole purpose [of defendant's contention interrogatory] was to get out on the table plaintiff's damages contentions so that the defendant could explore them during

9

the discovery period."). This Court should hold likewise and compel Plaintiff to respond to Defendants' damages discovery.

To the extent Plaintiff argues that Defendants' Interrogatory No. 1 is impermissible because it is a contention interrogatory, that argument should be rejected. "Contention interrogatories that seek damage theory and methodology information from a plaintiff almost invariably will comport with the requirements of Rules 26(b)(1) and 33(c) of the Federal Rules of Civil Procedure, seeking as they do, information about an inherent element of the claim." *U.S. ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 544 (N.D. Ill. 2005). Moreover, the interrogatory is not premature. Discovery has been underway since April, and the parties' deadlines for substantial completion of document production have already passed. By their own September 2 deadline, Defendants had produced over 75,000 documents, including numerous deposition transcripts, declarations, and expert reports from the *qui tam* case.  (Kilby Decl. ¶ 10.)

Plaintiff also cannot shift its fact-discovery obligations to an undisclosed expert at some future date. In this case, fact discovery will conclude ***before*** Plaintiff will need to make any expert disclosures—fact discovery closes December 15, 2022, but Plaintiff states in its responses that it will not provide a shred of information about damages until its expert report comes due on January 19, 2023. (Dkt. 90.) Defendants will be severely prejudiced if they are unable to conduct any fact discovery regarding Plaintiff's damages theory or probe any supposed supporting evidence. And that Plaintiff would like to consult with its expert to answer the interrogatory and document request is no reason to deny the motion.  If Plaintiff believes that to be necessary, then nothing prevents it from

10

doing so. *See Cook v. Rockwell Int'l Corp.*, 161 F.R.D. 103, 106 (D. Colo. 1995) ("Rockwell's requests seek to discover the factual bases and documents relevant to allegations Plaintiffs have made in the course of this litigation. Although Plaintiffs may need to consult their experts before responding to the Requests, this does not excuse them from responding to the Requests with the information they possess.").[2]

## CONCLUSION

For these reasons, the Court should grant Defendants' motion and compel Plaintiff to supplement its discovery responses and provide all responsive information to Defendants' Interrogatory No. 1 and Request for Production No. 14.

---

[2] The requested discovery is significant for additional reasons. For example, Plaintiff has advised Defendants that it intends to file its own motion to compel in an effort to obtain sweeping and extraordinarily burdensome additional discovery. As part of its assessment of that motion, the Court will need to take into account proportionality. Yet Plaintiff steadfastly refuses to say whether it thinks its case is worth $1 or $1 million.

As a further example, the parties have scheduled a mediation for October 18. (Dkt. 113.) The parties will be hamstrung in those efforts without the information Defendants have requested.

11

Date:  September 9, 2022.

**FAEGRE DRINKER BIDDLE &
REATH LLP**

*/s/ Matt Kilby*

Matthew Kilby (#0335083)
Rory F. Collins (#0397415)
Anderson Tuggle (#0400277)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Phone: (612) 766-7000

*Attorneys for Defendants Tactile Systems
Technology, Inc., Gerald Mattys, Lynn
Blake, Brent Moen, Robert Folkes, and
Bryan Rishe*