# Exhibit A



faegredrinker.com

**Matthew Kilby**
Partner
Matthew.kilby@faegredrinker.com
+1 612 766 7550 direct

**Faegre Drinker Biddle & Reath** LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota  55402
+1 612 766 7000 main
+1 612 766 1600 fax

July 17, 2022

**VIA E-MAIL**

Ashley M. Price
Jessica T. Shinnefield
Nicole Q. Gilliland
Joseph J. Tull
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

June P. Hoidal
Carolyn G. Anderson
Behdad C. Sadeghi
Zimmerman Reed LLP
1100 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

> Re:  *Mart v. Tactile Systems Technology, Inc. et al.*,
> <u>No. 0:20-cv-02074-NEB-BRT (D. Minn.)</u>

Dear Counsel:

We write to follow up on the parties' June 15, 2022 meet-and-confer call regarding Lead Plaintiff's responses to Defendants' requests for production and interrogatories.  We state below our understanding as to the agreements the parties reached during that call, and inquire regarding several outstanding points you had said you would consider further.

**Definition of "You" (All Discovery):** Lead Plaintiff agreed to produce all responsive, non-privileged documents in their counsel's files, regardless of whether the documents were obtained from Lead Plaintiff or another source.  Please confirm this understanding.

**Time Period (All Discovery):** Lead Plaintiff agreed to produce documents covering the time period from January 1, 2018 through September 30, 2020—the same time period covering Defendants' document productions—with the potential exception for Interrogatory No. 4 and RFP No. 7 noted below.  Please confirm this understanding.

* * *

**Interrogatory No. 1:** We explained that Plaintiff has a duty to disclose factual damages information prior to expert discovery commencing. Defendants will not agree to wait until after the close of fact discovery to receive any damages information. Please advise whether the parties are at an impasse.

**Interrogatory No. 3:** Lead Plaintiff represented that it has additional investment advisors beyond those disclosed in response to this interrogatory, but that it is declining to produce information about them because they did not participate in Lead Plaintiff's Tactile investments. Please confirm this understanding, and please advise whether the parties are at an impasse.

**Interrogatory No. 4:** Lead Plaintiff agreed to consider providing responsive information up through the present day. Please advise of Lead Plaintiff's position.

**Interrogatory No. 5:** Lead Plaintiff represented that Geneva Capital Management purchased Tactile stock on Lead Plaintiff's behalf, but that Lead Plaintiff doesn't know who at Geneva made the decision to do that. Please confirm that Plaintiff does not possess or control information identifying the person who made the investment decision as to each purchase or sale of Tactile stock.

* * *

**Request No. 1:** Lead Plaintiff agreed to consider providing any responsive information in its possession concerning Tactile or the Individual Defendants (excluding depositions or expert statements), rather than limiting its response to just information regarding "the matters alleged in the Amended Complaint." Please advise of Lead Plaintiff's position.

**Request No. 2:** Lead Plaintiff agreed to inform Defendants if it is withholding any responsive information based on its objections to this Request, including on privilege or work-product grounds. Please do so now.

**Requests No. 3-5:** As we informed you during our conferral, Minnesota courts hold that securities plaintiffs must produce "*all* documents in their possession, which concern matters of historical fact, and which either add or detract from [their] claims and allegations," even if those documents were collected as part of plaintiff counsel's investigation into the case. *In re Grand Casinos, Inc.*, 181 F.R.D. 615, 622 (D. Minn. 1998). Please advise whether Lead Plaintiff will produce all documents responsive to these requests, or whether we are at an impasse.

**Request No. 6:** As noted above, we understand that Lead Plaintiff agreed to produce all responsive, non-privileged documents in their counsel's files, regardless of whether the documents were obtained from Lead Plaintiff or another source. Please confirm this understanding with respect to this request.

**Request No. 7:** Lead Plaintiff agreed to consider producing responsive information concerning its investments into Tactile up through the present day—both account statements and any

2

communications or materials related to those investments.  *See also* Interrogatory No. 4.  Please advise of Lead Plaintiff's position.

**Request No. 8:** Lead Plaintiff agreed to consider producing responsive information beyond its agreements with the advisors who invested in Tactile on its behalf, such as documents discussing the roles and purposes of said advisors.  Please advise of Lead Plaintiff's position.

**Request No. 9:** Lead Plaintiff agreed to consider producing documents in its possession regarding Tactile or the matters alleged in the Amended Complaint—regardless of who sent or received the message (Lead Plaintiff's current response is limited to internal communications and to communications with certain outside entities)—provided the parties agreed to a list of custodians.  In light of the parties' e-mail correspondence on this point, please confirm the parties' agreement.

**Request No. 14:** As with Interrogatory No. 1, we explained that Plaintiff has a duty to disclose factual damages information prior to expert discovery commencing.  Defendants will not agree to wait until after the close of fact discovery to receive any damages information.  Please advise whether the parties are at an impasse.

**Request No. 15:** Lead Plaintiff agreed to consider whether it will produce responsive documents "equally available to Defendants"—or at least identify those documents by bates number—so that Defendants can confirm the parties are working from the same documents.  Please advise of Lead Plaintiff's position.

* * *

Thank you for your prompt attention to these matters.  We look forward to your response.

Regards,

*/s/ Matt Kilby*

Matthew Kilby

cc:      Counsel of Record

3