# Exhibit D

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) TACTILE SYSTEMS TECHNOLOGY, ) INC., et al., ) ) Defendants. ) ) | Civ. No. 0:20-cv-02074-NEB-BRT CLASS ACTION LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES TO LEAD PLAINTIFF (SET I) |

4876-1682-3330.v1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota ("Local Rules"), Lead Plaintiff St. Clair County Employees' Retirement System ("Lead Plaintiff"), by and through its counsel of record, hereby submits its objections and responses to Defendants' Interrogatories to the Lead Plaintiff (Set I) ("Interrogatories") as follows:

## I.     INTRODUCTION

1.     Lead Plaintiff's responses to the Interrogatories are based upon a reasonable investigation of the evidence currently available and reflect current knowledge, understanding, and belief, based upon information known at this time.  Discovery has just begun and additional contentions, facts, witnesses, documents, testimony, or other evidence may arise during the discovery process and during the review of discovery in preparation for trial.  Lead Plaintiff is providing responses based upon review of evidence available to date and expressly reserves the right to modify its position based upon further discovery.

2.     By providing the responses and objections below, Lead Plaintiff does not waive and expressly reserves the right to: (i) modify its positions based upon further discovery; (ii) rely upon and use, at trial and otherwise, any other facts and information subsequently identified; (iii) supplement, clarify, revise, or correct any or all of the objections and responses herein; (iv) assert additional objections or privileges in subsequent supplemental responses; and (v) assert any and all objections as to the admissibility of such responses into evidence in this action, on any and all grounds, including, but not limited to, relevance, materiality, and admissibility, and on any ground that would require exclusion of any response herein if it were introduced in court.

- 1 -

4876-1682-3330.v1

## II.    GENERAL OBJECTIONS

Lead Plaintiff generally objects to the Interrogatories on the following grounds, each of which is expressly incorporated by reference in Lead Plaintiff's responses to the individual Interrogatories below.  All responses set forth herein are subject to and without waiver of any of these General Objections:

1.    Lead Plaintiff objects to the Interrogatories, and the Definitions and Instructions contained therein, to the extent they impose any obligations on Lead Plaintiff beyond those imposed by law or are otherwise inconsistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or other applicable provisions of law.

2.    Lead Plaintiff objects to the Interrogatories to the extent they seek information that is irrelevant to any claim or defense in this action.

3.    Lead Plaintiff objects to the Interrogatories, and the Definitions and Instructions contained therein, to the extent they seek or require the disclosure of information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.  Lead Plaintiff's responses to the Interrogatories herein shall not include any information protected by such privileges or doctrines.  Inadvertent production of any information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection or immunity, in whole or in part.

4.    Lead Plaintiff objects to the Interrogatories to the extent they seek information that is not within its possession, custody, or control, and not kept by Lead Plaintiff in its ordinary course of business.

- 2 -

4876-1682-3330.v1

5.     Lead Plaintiff objects to the Interrogatories insofar as they are vague, ambiguous, harassing, overly broad, or burdensome, and to the extent the discovery sought is unreasonably cumulative, duplicative, or disproportionate.

6.     Lead Plaintiff objects to the Interrogatories to the extent they prematurely seek information related to Lead Plaintiff's contentions, experts, expert testimony, or expert opinions.

7.     No incidental or implied admissions are intended in these responses. Lead Plaintiff's response to all or any part of an Interrogatory should not be taken as an admission that: (a) Lead Plaintiff accepts or admits the existence of any facts set forth or assumed by the Interrogatories; or (b) Lead Plaintiff's responses constitute admissible evidence. Lead Plaintiff's response to all or any part of an Interrogatory also is not intended to be, and shall not be, a waiver by Lead Plaintiff of all or any part of its objections to that Interrogatory.

8.     Lead Plaintiff's responses are made without prejudice to its reliance on any additional documents or facts at summary judgment or at trial.

## III.     OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Lead Plaintiff objects to the definitions of "Plaintiff(s)," "you," "yourself," or "your" on the bases that they are overly broad, unduly burdensome, and impose obligations greater than those set forth in the Federal Rules of Civil Procedure because they call for information or documents from individuals other than Lead Plaintiff and over whom Lead Plaintiff has no control. Lead Plaintiff further objects to these definitions to the extent that they purport to encompass information that is protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege, protection, or immunity

- 3 -

4876-1682-3330.v1

from disclosure.  In responding to these Interrogatories, Lead Plaintiff will construe "Plaintiff(s)," "you," "yourself," or "your" as St. Clair County Employees' Retirement System and its current officers and employees.

2.      Lead Plaintiff objects to the definitions of "security" or "securities," and the Interrogatories incorporating these terms, on the bases that they are vague, overly broad, and unduly burdensome.  Lead Plaintiff further objects to the definitions as overly broad because they include securities that are not the subject of this action and are irrelevant to the class in this case, which is comprised of the purchasers or acquirers of Tactile Systems Technology, Inc., d/b/a Tactile Medical ("Tactile") common stock.

3.      Lead Plaintiff objects to the definitions of "communicate" or "communications," and the Interrogatories incorporating these terms to the extent that they call for documents protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege, protection, or immunity from disclosure.

4.      Lead Plaintiff objects to the definition of "document," and the Interrogatories incorporating this term, on the basis that it is overbroad, unduly burdensome, and imposes burdens on Lead Plaintiff that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26, 33, and 34 thereof.  Lead Plaintiff further objects to the definition of "sources . . . known by you to exist" to the extent it calls for information or documents from individuals other than Lead Plaintiff and over whom Lead Plaintiff has no control.  Lead Plaintiff further objects to the definition to the extent that it calls for documents protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege, protection or immunity from disclosure.

- 4 -

4876-1682-3330.v1

5.      Lead Plaintiff objects to the definition of "person" to the extent that it imposes burdens on Lead Plaintiff that are beyond what is required by the Federal Rules of Civil Procedure, as it calls for information or documents from individuals other than Lead Plaintiff and over whom Lead Plaintiff has no control.

6.      Lead Plaintiff objects to the instructions to the Interrogatories for failing to identify a relevant time period.  In responding to these Interrogatories, Lead Plaintiff will respond for the time period May 7, 2018 to June 8, 2020 (the "Class Period" or "Relevant Period"), unless otherwise stated.

## IV.    OBJECTION AND RESPONSES TO INTERROGATORIES

The following specific objections and responses are subject to, and in addition to, the foregoing General Objections and Objections to Definitions and Instructions (hereinafter "General Objections").  By setting forth specific objections, Lead Plaintiff does not intend to limit or restrict the foregoing General Objections. Rather, the General Objections are hereby repeated and incorporated in each of the following specific objections and responses:

INTERROGATORY NO. 1:

Identify and describe in detail the relief that you seek in this action, including:

(a)      each item of damages that you seek;

(b)      how each item of damages is to be computed;

(c)      the amount of your damages by item; and

(d)      all documents that relate or pertain to each item of damages.

RESPONSE TO INTERROGATORY NO. 1:

Lead Plaintiff specifically objects to this Interrogatory on the grounds that it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Interrogatory because it prematurely calls for information related to expert witness testimony or opinion(s) when such information is not due to be disclosed until January 2023. Lead Plaintiff further objects to this Interrogatory to the extent that discovery in this matter is ongoing, and information and documents responsive to this Interrogatory have yet to be produced by Defendants. Lead Plaintiff further objects to this Interrogatory to the extent it calls for a legal conclusion or requires the application of legal definitions or principles. Lead Plaintiff further objects to this Interrogatory as compound. Lead Plaintiff further objects to the terms "item," "computed," and "relate or pertain to" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiver of these objections and the General Objections, Lead Plaintiff responds that Lead Plaintiff will disclose the damages it claims in this action and the method for calculating those damages on or before January 19, 2023, the deadline set by the Court in the Pretrial Scheduling Order (ECF 90).

INTERROGATORY NO. 2:

Identify all other civil actions since January 1, 2017 to which you have been a party which have related to any of your investments, and state separately for each such action:

(a)     the date when the action was commenced, the court or forum in which it was filed, and the file number assigned thereto;

- 6 -

4876-1682-3330.v1

(b)    whether you gave statements under oath (including, but not limited to, any statement in the form of a verified complaint, an affidavit, a deposition, or testimony at trial) in the action and, if so, the date thereof; and

(c)    whether the action has been resolved and, if not, the present status of the action and your activities in the action to date.

RESPONSE TO INTERROGATORY NO. 2:

Lead Plaintiff specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Interrogatory to the extent it calls for information subject to confidentiality or protective orders, stipulations, or agreements. Lead Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case due to the fact that it calls for information concerning "all other civil actions . . . related to any of your investments," whether or not such information is related to private securities litigation or any claims or defenses at issue in this action. Lead Plaintiff further objects to this Interrogatory because it seeks information irrelevant to the claims or defenses in this action. Lead Plaintiff further objects to this Interrogatory on the grounds that it is overly broad as to time period and scope. Lead Plaintiff further objects to this Interrogatory as compound. Lead Plaintiff further objects to the terms "all other," "party," "any of your investments," "related to," "resolved," "status," and "activities" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome. To the extent information

- 7 -

responsive to this Interrogatory is potentially relevant to the claims and defenses in this case, Lead Plaintiff further objects that such information is publicly available.

Subject to and without waiver of these objections and the General Objections, Lead Plaintiff responds that besides the instant action, Lead Plaintiff has not sought to serve or served as a representative party in a class action that was filed under the federal securities laws during the 3-year period preceding the date on which the certification for this action was signed by Lead Plaintiff, pursuant to 15 U.S.C. §78u-4(a)(2)(A) (ECF 25-2), except as detailed below:

| (a) | (b) | (c) |
|---|---|---|
| *St. Clair Cnty. Emps.' Ret. Sys. v. Acadia Healthcare Co., Inc.*, No. 3:18-cv-00988 (M.D. Tenn.), filed October 1, 2018 | Filed initial complaint on October 1, 2018 | The action is unresolved. The present status of the action is available on the public federal docket. To the extent that Lead Plaintiff understands the term "activities," Lead Plaintiff has undertaken no activities in the action besides filing the initial complaint, but remains a passive member of the putative class. |
| *In re Resideo Techs., Inc. Sec. Litig.*, No. 0:19-cv-02863 (D. Minn.), filed November 8, 2019 | Filed initial complaint on November 8, 2019 | The action is resolved. |

INTERROGATORY NO. 3:

Identify all of the securities broker-dealers or investment advisors with whom you have worked in connection with the evaluation, purchase, sale, or other disposition of

- 8 -

4876-1682-3330.v1

securities during the time period from January 1, 2018 through December 31, 2020, and for each, explain the services the person provided and when they were provided.

RESPONSE TO INTERROGATORY NO. 3:

Lead Plaintiff specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Interrogatory to the extent it purports to require Lead Plaintiff to seek, obtain, and verify information in the possession of third parties, including Lead Plaintiff's outside investment managers or their current or former employees. Lead Plaintiff further objects to this Interrogatory to the extent that it seeks information concerning Lead Plaintiff's ownership or transactions in securities other than Tactile common stock, and thus seeks information irrelevant to any claims or defenses in this case. Lead Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome and disproportional to the needs of the case. Lead Plaintiff further objects to this Interrogatory on the grounds that it is overly broad as to time period. Lead Plaintiff further objects to this Interrogatory as compound. Lead Plaintiff further objects to the terms "all," "securities broker-dealers," "investment advisors," "worked," "evaluation," "other disposition," and "services" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiver of these objections and the General Objections, Lead Plaintiff responds that Lead Plaintiff retained the services of Geneva Capital Management, LLC, who provided investment management services for Lead Plaintiff and invested in Tactile common stock on Lead Plaintiff's behalf during the Class Period. Lead Plaintiff

- 9 -

4876-1682-3330.v1

further retained The Brice Group / Morgan Stanley Graystone Consulting & Private Wealth Management as its investment consultant during the Class Period.

INTERROGATORY NO. 4:

Identify each and every purchase, sale, or other disposition of Tactile securities that you have ever made.

RESPONSE TO INTERROGATORY NO. 4:

Lead Plaintiff specifically objects to this Interrogatory as overly broad as to time period and scope. Lead Plaintiff further objects to this Interrogatory to the extent that it seeks information concerning Lead Plaintiff's ownership or transactions in Tactile securities other than Tactile common stock. Lead Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks information irrelevant to the claims or defenses of the case. Lead Plaintiff further objects to the terms "each and every," "other disposition," and "ever made" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiver of these objections and the General Objections, Lead Plaintiff responds that its transactions in Tactile common stock made during the Class Period are provided in Exhibits B and C of the Declaration of Carolyn G. Anderson in Support of St. Clair County Employees' Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel (ECF 25-2 and 25-3), filed on November 30, 2020, and thus, Lead Plaintiff refers thereto for its response.

- 10 -

4876-1682-3330.v1

<u>INTERROGATORY NO. 5</u>:

For each purchase, sale, or other disposition of Tactile securities that you have made, identify the person(s) who made the investment decision.

<u>RESPONSE TO INTERROGATORY NO. 5</u>:

Lead Plaintiff specifically objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Interrogatory as seeking information beyond what is required by the Federal Rules of Civil Procedure, because it calls for information not in Lead Plaintiff's custody or control. Lead Plaintiff further objects to this Interrogatory to the extent it purports to require Lead Plaintiff to seek, obtain, and verify information in the possession of third parties, including Lead Plaintiff's outside investment manager or its current or former employees. Lead Plaintiff objects to this Interrogatory to the extent that it seeks information concerning Lead Plaintiff's ownership or transactions in Tactile securities other than Tactile common stock. Lead Plaintiff further objects to this Interrogatory on the grounds that it is overly broad as to time period and scope. Lead Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and disproportional to the needs of the case because it seeks information irrelevant to the claims or defenses of the case. Lead Plaintiff further objects to the terms "other disposition," "person(s) who made," and "investment decision" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

- 11 -

Subject to and without waiver of these objections and the General Objections, Lead Plaintiff responds that Geneva Capital Management, LLC, made the purchase of Tactile common stock on Lead Plaintiff's behalf during the Class Period.

INTERROGATORY NO. 6:

Identify all other civil actions in which you have sought to become a lead plaintiff or a class representative, and state separately for each such action:

(a)     the date when the action was commenced, the court in which it was filed, and the file number assigned thereto;

(b)     whether you gave statements under oath (including, but not limited to, any statement in the form of a verified complaint, an affidavit, a deposition, or testimony at trial) in the action and, if so, the date thereof; and

(c)     whether the action has been resolved and, if not, the present status of the action and your activities in the action to date.

RESPONSE TO INTERROGATORY NO. 6:

Lead Plaintiff specifically objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Interrogatory to the extent it calls for information subject to confidentiality or protective orders, stipulations, or agreements. Lead Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case due to the fact that information regarding "all other civil actions in which you have sought to become a lead plaintiff or a class representative" is irrelevant to the claims or

4876-1682-3330.v1

defenses at issue in this action. Lead Plaintiff further objects to this Interrogatory on the grounds that it is overly broad as to time period and scope. Lead Plaintiff further objects to this Interrogatory as compound. Lead Plaintiff further objects to the terms "all other," "resolved," "status," and "activities" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome. To the extent information responsive to this Interrogatory is potentially relevant to the claims and defenses in this case, Lead Plaintiff further objects that such information is publicly available. Lead Plaintiff further objects to this Interrogatory to the extent that it is duplicative and unduly burdensome because it seeks the same information as is called for in Interrogatory No. 2.

Subject to and without waiver of these objections and the General Objections, Lead Plaintiff refers to Response to Interrogatory No. 2 for its response.

DATED:  May 31, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
JESSICA T. SHINNEFIELD
(admitted *pro hac vice*)
ASHLEY M. PRICE
(admitted *pro hac vice*)
NICOLE Q. GILLILAND
(admitted *pro hac vice*)
JOSEPH J. TULL
(admitted *pro hac vice*)

ASHLEY M. PRICE

- 13 -

4876-1682-3330.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
aprice@rgrdlaw.com
ngilliland@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiff

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiff

ZIMMERMAN REED LLP
CAROLYN G. ANDERSON, MN 275712
JUNE P. HOIDAL, MN 033330X
BEHDAD C. SADEGHI, MN 393374
1100 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
Carolyn.Anderson@zimmreed.com
June.Hoidal@zimmreed.com
Behdad.Sadeghi@zimmreed.com

Local Counsel

- 14 -

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
LUCAS E. GILMORE
(admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com

Counsel for Plaintiff Brian Mart

- 15 -

## VERIFICATION

I, DEBORAH MARTIN, hereby state and declare as follows:

I have read LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES TO LEAD PLAINTIFF (SET I) and know their contents.

St. Clair County Employees' Retirement System ("Lead Plaintiff") is a party to this action. I am authorized to make this verification on Lead Plaintiff's behalf. To the best of my knowledge, information and belief, the foregoing responses to the interrogatories are true and correct.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 31 day of ___May___ 2022, at _Port Huron, MI_ .

_Deborah L. Martin_

ST. CLAIR COUNTY EMPLOYEES'
RETIREMENT SYSTEM

4895-0937-2194.v1

## DECLARATION OF SERVICE BY EMAIL

I, Mara Waligurski, not a party to the within action, hereby declare that on May 31, 2022, I served the attached LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' INTERROGATORIES TO LEAD PLAINTIFF (SET I) on the parties in the within action by email addressed as follows:

## COUNSEL FOR PLAINTIFFS:

| NAME | FIRM | EMAIL |
|---|---|---|
| Jessica T. Shinnefield<br>Ashley M. Price<br>Nicole Q. Gilliland<br>Joseph J. Tull | ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) | jshinnefield@rgrdlaw.com<br>aprice@rgrdlaw.com<br>ngilliland@rgrdlaw.com<br>jtull@rgrdlaw.com |
| Carolyn G. Anderson<br>June P. Hoidal<br>Behdad C. Sadeghi | ZIMMERMAN REED LLP<br>1100 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone: 612/341-0400<br>612/341-0844 (fax) | Carolyn.Anderson@zimmreed.com<br>June.Hoidal@zimmreed.com<br>Behdad.Sadeghi@zimmreed.com |
| Thomas C. Michaud | VANOVERBEKE, MICHAUD & TIMMONY, P.C.<br>79 Alfred Street<br>Detroit, MI 48201<br>Telephone: 313/578-1200<br>313/578-1201 (fax) | tmichaud@vmtlaw.com |

4876-1682-3330.v1

| Reed R. Kathrein<br>Lucas E. Gilmore | HAGENS BERMAN<br>SOBOL SHAPIRO LLP<br>715 Hearst Avenue<br>Suite 202<br>Berkeley, CA  94710<br>Telephone:  510/725-3000<br>510/725-3001 (fax) | reed@hbsslaw.com<br>lucasg@hbsslaw.com |
| Steve W. Berman | HAGENS BERMAN<br>SOBOL SHAPIRO LLP<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA  98101<br>Telephone:  206/623-7292<br>206/623-0594 (fax) | steve@hbsslaw.com |

### COUNSEL FOR DEFENDANTS:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Wendy J. Wildung<br>Matthew Kilby<br>Rory F. Collins<br>Anderson C. Tuggle | FAEGRE DRINKER<br>BIDDLE & REATH LLP<br>2200 Wells Fargo Center<br>99 South Seventh Street<br>Minneapolis, MN  55402-3901<br>Telephone:  612/766-7000 | wendy.wildung@faegredrinker.com<br>matthew.kilby@faegredrinker.com<br>rory.collins@faegredrinker.com<br>anderson.tuggle@faegredrinker.com |

**\*** Denotes service via hand delivery and email

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 31, 2022, at San Diego, California.

_____
MARA WALIGURSKI

4876-1682-3330.v1