# Exhibit E

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., et al.,<br><br>　　　　　　　　　Defendants. | Civ. No. 0:20-cv-02074-NEB-BRT<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS BY LEAD PLAINTIFF (SET I) |

4880-8639-3634.v1

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the applicable Local Rules of the United States District Court for the District Court of Minnesota ("Local Rules"), Lead Plaintiff St. Clair County Employees' Retirement System ("Lead Plaintiff"), by its undersigned counsel, hereby responds and objects to Defendants' Requests for Production of Documents by Lead Plaintiff (Set I) ("Requests") as follows:

All responses contained herein are based only upon such information and documents presently available and specifically known to Lead Plaintiff. Further independent discovery, independent investigation, research and analysis may supply additional facts and/or add meaning to the known facts. Moreover, the responses below are given without prejudice to Lead Plaintiff's right at trial to produce evidence of any subsequently discovered fact or facts that may later develop.

## I.      GENERAL OBJECTIONS

Lead Plaintiff generally objects to the Requests on the following grounds, each of which is incorporated by reference in the responses to the individual Requests below. All responses set forth herein are subject to and without waiver of any of these General Objections:

1.      Lead Plaintiff objects to the Requests to the extent that they seek or require the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work product doctrine, the common-interest privilege, the right to privacy, or any other applicable privilege or immunity. Such production as may hereafter occur pursuant to the Requests shall not include any documents protected by such privileges or doctrines. Inadvertent production of any such document is not intended to be, and shall

- 1 -

not operate as, a waiver of any applicable privilege, protection, or immunity, in whole or in part.

2.    Lead Plaintiff objects to the Requests to the extent that they seek documents that are not within Lead Plaintiff's possession, custody, or control.

3.    Lead Plaintiff objects to the Requests to the extent they seek information that can be found in the pleadings in this or any other action.

4.    Lead Plaintiff objects to the Requests to the extent they seek documents or information that are publicly available or already in Defendants' possession, custody, or control.

5.    Lead Plaintiff objects to the Requests to the extent that they prematurely seek information related to experts, expert testimony or opinion.

6.    Lead Plaintiff objects to the Requests to the extent that they seek documents that are beyond the scope of permissible discovery.

7.    Lead Plaintiff objects to the Requests insofar as they are vague, ambiguous, harassing, overly broad, or burdensome, and to the extent the discovery sought is unreasonably cumulative, duplicative, or disproportionate.

8.    In providing information in response to the Requests, Lead Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve and is preserving:

(a)    all objections as to competency, relevancy, materiality, admissibility of any Request, the responses, and their subject matter;

4880-8639-3634.v1

(b)      all objections as to vagueness, ambiguity, or other infirmity in the form of the Requests, any objections based on the undue burden imposed by the Requests, and each individual Request contained therein;

(c)      all rights to object on any ground to the use of any of the responses or documents or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d)      all rights to object on any ground to any further document requests or other discovery requests involving or relating to the subject matter of any Request;

(e)      the right to supplement responses to the Requests; and

(f)      any and all privileges and rights under the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, other statutes, or common law.

9.      Lead Plaintiff objects to these Requests on the ground that discovery in this matter is ongoing, and to the extent that any Request seeks documents that may be produced by persons other than Lead Plaintiff at a later date. Lead Plaintiff reserves the right to amend, modify and supplement these responses should additional discovery warrant such amendment, modification or supplementation.

10.      By asserting that Lead Plaintiff will produce documents to any of the Requests herein, Lead Plaintiff does not acknowledge that any such documents exist.

## II.      OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Lead Plaintiff objects to the definitions of "Plaintiff(s)," "you," "yourself," or "your," and the Requests incorporating these terms, on the bases that they are overly broad, unduly burdensome, and impose obligations greater than those set forth in the Federal Rules

- 3 -

4880-8639-3634.v1

of Civil Procedure because they call for information or documents from individuals other than Lead Plaintiff and over whom Lead Plaintiff has no control.  Lead Plaintiff further objects to these definitions to the extent that they purport to encompass information that is protected by the attorney-client privilege, the work product doctrine, the common-interest privilege, or any other lawfully recognized privilege, protection, or immunity from disclosure.  In responding to these Requests, Lead Plaintiff will construe "Plaintiff(s)," "you," "yourself," or "your" as St. Clair County Employees' Retirement System and its current officers and employees.

2.     Lead Plaintiff objects to the definitions of "security" or "securities," and the Requests incorporating these terms, on the bases that they are vague, overly broad, and unduly burdensome.  Lead Plaintiff further objects to the definitions as overly broad because they include securities that are not the subject of this action and are irrelevant to the class in this case, which is comprised of the purchasers or acquirers of Tactile Systems Technology, Inc., d/b/a Tactile Medical ("Tactile") common stock.

3.     Lead Plaintiff objects to the definitions of "communicate" or "communications," and the Requests incorporating these terms to the extent that they call for documents protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege, protection, or immunity from disclosure.

4.     Lead Plaintiff objects to the definition of "document," and the Requests this term, on the basis that it is overbroad, unduly burdensome, and imposes burdens on Lead Plaintiff that are beyond what is required by the Federal Rules of Civil Procedure, specifically Rules 26 and 34 thereof.  Lead Plaintiff further objects to the definition to the

- 4 -

extent that it calls for documents protected by the attorney-client privilege, the work product doctrine, or any other lawfully recognized privilege, protection or immunity from disclosure.

5.      Lead Plaintiff objects to the definition of "person" to the extent that it imposes burdens on Lead Plaintiff that are beyond what is required by the Federal Rules of Civil Procedure, as it calls for information or documents from individuals other than Lead Plaintiff and over whom Lead Plaintiff has no control.

6.      Lead Plaintiff objects to the Instructions to the Requests for failing to identify a relevant time period, making the Requests overly broad and unduly burdensome.  In responding to these Requests, Lead Plaintiff will respond for the time period May 7, 2018 to June 8, 2020 (the "Class Period" or "Relevant Period"), unless otherwise stated.

## III.    REQUESTS FOR PRODUCTION

The following specific objections and responses are subject to and in addition to, the foregoing General Objections and Objections to Definitions and Instructions (hereinafter "General Objections").  By setting forth specific objections, Lead Plaintiff does not intend to limit or restrict the foregoing General Objections. Rather, the General Objections are hereby repeated and incorporated in each of the following specific objections and responses:

REQUEST FOR PRODUCTION NO. 1:

Any and all statements made or given by any person respecting this action; any of the matters alleged in your Complaint; Tactile; or the Defendants.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here.  Lead Plaintiff specifically objects to this Request to the extent it

- 5 -

4880-8639-3634.v1

seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request as overly broad and unduly burdensome because it seeks "[a]ny and all statements made or given by any person" without limitation as to time, therefore seeking information pertaining to events that occurred outside the time frame relevant to the claims or defenses in this case. Lead Plaintiff further objects to the terms "any and all," "any person," and "any of the matters" as vague, ambiguous, overbroad, undefined, and therefore unduly burdensome. Lead Plaintiff further objects to the extent this Request seeks information that is irrelevant to the claims or defenses in this case. Lead Plaintiff further objects to this Request to the extent it prematurely seeks expert testimony or is otherwise premature at this stage of the litigation. Lead Plaintiff further objects to this Request as unduly burdensome to the extent the Request calls for the production of information equally available to Defendants, publicly available information, information maintained by third parties or that is otherwise not under Lead Plaintiff's custody or control.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff refers Defendants to the Amended Class Action Complaint (ECF 49) ("Amended Complaint"). Lead Plaintiff will conduct a reasonable search for and produce copies of relevant, non-privileged statements respecting the matters alleged in the Amended Complaint, insofar as such documents are not: (1) already in Defendants' possession, custody, or control; or (2) equally available to Defendants.

4880-8639-3634.v1

<u>REQUEST FOR PRODUCTION NO. 2</u>:

All documents that concern, refer or relate to any interviews or meetings between you and any other person relating to this action or any of the matters alleged in your Complaint (excluding meetings with your counsel).

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request as overly broad and unduly burdensome on the grounds that it seeks information without limitation as to time, and therefore seeks information irrelevant to the claims or defenses in this case. Lead Plaintiff further objects to the Request because its seeks without limitation "all" documents that "concern, refer, or relate to any interviews or meetings," and therefore seeks information irrelevant or disproportional to the claims or defenses in this case. Lead Plaintiff further objects to the terms "concern, refer or relate," "any," and "interviews," as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff will produce copies of relevant documents within its possession, custody, and control that are neither privileged nor protected by the work product doctrine and that concern Lead Plaintiff's interviews or meetings relating to this action, to the extent such documents exist.

- 7 -

4880-8639-3634.v1

REQUEST FOR PRODUCTION NO. 3:

All documents obtained by or furnished to you or your agents, including your attorneys, by any person in the course of any investigation, research, or other communications undertaken in furtherance of your claims made in this action. This request encompasses documents that concern matters of historical fact and that either add to or detract from the claims and allegations of the Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request on the grounds that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request as overly broad, unduly burdensome, and seeking information irrelevant and disproportionate to the claims or defenses in this case because the Request calls for, without limitation, the production of "[a]ll documents obtained by or furnished to your or your agents, including your attorneys" "by any person" "in the course of any investigation, research, or other communications." Lead Plaintiff objects to the terms "obtained by or furnished to," "your agents," "by any person," "any investigation, research, or other communications," "undertaken in furtherance," "matters of historical fact," "add or detract" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome. Lead Plaintiff further objects to this Request to the extent it prematurely seeks expert testimony. Lead Plaintiff further objects to this Request to the extent it constitutes a contention discovery request that is premature at this stage of the litigation. Lead Plaintiff

- 8 -

further objects to this Request to the extent that discovery in this matter is ongoing, and documents responsive to this Request have yet to be produced by Defendants. Lead Plaintiff further objects to this Request as it violates Federal Rule of Civil Procedure 34(b)(1)(A) because it fails to "describe with reasonable particularity" the item or category of items to be inspected. Rather, it is a vague and ambiguous "catch-all" request.

For the foregoing reasons, Lead Plaintiff will not search for or produce documents responsive to this Request.

REQUEST FOR PRODUCTION NO. 4:

All documents used or consulted in drafting, discussing, considering, or revising your Complaint. This request encompasses documents that concern matters of historical fact and that either add to or detract from the claims and allegations of the Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to the extent this Request seeks information that is not relevant to the claims or defenses in this case. Lead Plaintiff further objects to this Request to the extent it seeks documents or information already in Defendants' possession, custody, or control, or are equally available to Defendants through public sources or records. Lead Plaintiff further objects to the terms "used," "consulted," "drafting," "discussing,"

4880-8639-3634.v1

"considering," "matters of historical fact," and "add or detract" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff will produce copies of relevant documents within its possession, custody, and control that are neither privileged nor protected by the work product doctrine and that were cited in the Amended Complaint.

REQUEST FOR PRODUCTION NO. 5:

All documents that you contend substantiate any of the allegations of misconduct in your Complaint.  This request encompasses documents that concern matters of historical fact and that either add to or detract from the claims and allegations of the Complaint.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here.  Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request because it calls for a legal conclusion, a legal argument, or otherwise constitutes a contention discovery request premature at this stage of the litigation.  Lead Plaintiff further objects to this Request to the extent that discovery in this matter is ongoing, and documents responsive to this Request have yet to be produced by Defendants.  Lead Plaintiff further objects to this Request as it violates Federal Rule of Civil Procedure 34(b)(1)(A) because it fails to "describe with reasonable particularity" the item or category of items to be inspected.  Rather, it is a vague and ambiguous "catch-all" request.

- 10 -

4880-8639-3634.v1

Lead Plaintiff further objects to this Request to the extent it prematurely seeks expert testimony. Lead Plaintiff further objects to this Request as unduly burdensome to the extent the Request calls for the production of information equally available to Defendants, publicly available information, or information maintained by third parties or that is otherwise not under Lead Plaintiff's custody or control. Lead Plaintiff further objects to the terms "contend," "substantiate," "misconduct," "matters of historical fact," and "add or detract" as vague, ambiguous, overbroad, and undefined, and therefore, unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce copies of relevant documents in its possession, custody, and control that are neither privileged nor protected by the work product doctrine and that Lead Plaintiff may use to support its claims in this action, insofar as such documents are not: (1) already in Defendants' possession, custody, and control; or (2) equally available to Defendants.

REQUEST FOR PRODUCTION NO. 6:

All documents that constitute, explain, describe or in any way relate or pertain to any communications or agreements made between and you and another person (such as Brian Mart, and including representatives and attorneys for such person) who is, sought to become, or expressed interest in becoming, a plaintiff in this action.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product

- 11 -

4880-8639-3634.v1

doctrine, the common-interest privilege, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of this case because it seeks information irrelevant to the claims or defenses of this case. Lead Plaintiff further objects to the terms "constitute," "explain," "describe," "in any way," "relate," "pertain," "any communications or agreements," and "expressed interest" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff responds that no responsive, non-privileged documents exist in its possession, custody, and control constituting any communication or agreement between Lead Plaintiff and any other person who is, sought to become, or expressed interest in becoming, a plaintiff in this action.

REQUEST FOR PRODUCTION NO. 7:

All documents that constitute, explain, describe or in any way relate or pertain to any actual or contemplated purchase, sale, assignment, pledge, gift, transfer, or other acquisition or disposition of any securities of Tactile by you or by any other person on your behalf. This request includes, without limitation, transaction records; trade confirmations; subscription agreements; documents that you considered or relied upon; documents showing communications about or consideration of any actual, recommended, or contemplated transaction; documents about Tactile or its business; documents reflecting the value of Tactile or its securities as of the time of such actual, recommended, or contemplated transaction; and documents showing ownership.

- 12 -

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request because it seeks information concerning Lead Plaintiff's ownership or transactions in securities other than Tactile common stock, and is thus irrelevant to any claims or defenses in this case. Lead Plaintiff further objects to this Request because no time period is identified and therefore it is overly broad as to time period and scope. Lead Plaintiff further objects to this Request to the extent it seeks documents maintained by third parties or that are otherwise not under Lead Plaintiff's custody or control. Lead Plaintiff further objects to the terms "constitute," "explain," "describe," "in any way," "relate," "pertain," "any actual or contemplated" "transfer," "other acquisition or disposition," "considered," "consideration," "actual, recommended, or contemplated transaction," "value," and "documents showing ownership," as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce copies of relevant documents within its possession, custody and control that are neither privileged nor protected by the work product doctrine and that concern Lead Plaintiff's investment in Tactile common stock during the Class Period, to the extent that such documents exist.

- 13 -

4880-8639-3634.v1

<u>REQUEST FOR PRODUCTION NO. 8</u>:

All documents setting forth or delineating the duties and/or responsibilities of any investment firms, advisors, or consultants retained by you who had any role in your acquisition or disposition of Tactile shares.  This includes, without limitation, all contracts or agreements you have had with those firms, advisors, or consultants.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 8</u>:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here.  Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request to the extent it seeks documents maintained by third parties or that are otherwise not under Lead Plaintiff's custody or control.  Lead Plaintiff further objects to this Request to the extent it seeks information concerning Lead Plaintiff's ownership or transactions in securities other than Tactile common stock, and is thus irrelevant to any claims or defenses in this case.  Lead Plaintiff further objects to the terms "setting forth," "delineating," "duties and/or responsibilities," "any role" and "shares" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff responds that Lead Plaintiff will conduct a reasonable search for and produce copies of the agreement governing the investment decisions for the relevant investment manager who invested in Tactile common stock on behalf of Lead Plaintiff during the Class Period.

- 14 -

4880-8639-3634.v1

<u>REQUEST FOR PRODUCTION NO. 9</u>:

All documents that constitute, explain, describe or in any way relate or pertain to any communications that you have ever had with any person (including with Tactile or any Defendant) that relate in any way to Tactile or the matters alleged in your Complaint.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request because it seeks information irrelevant to the claims or defenses in this case. Lead Plaintiff further objects to this Request because it is without limitation as to time, and therefore seeks information pertaining to events that occurred outside the time frame relevant to the claims or defenses in this case. Lead Plaintiff further objects to this Request to the extent it seeks information concerning Lead Plaintiff's ownership or transactions in securities other than Tactile common stock, and is thus irrelevant to any claims or defenses in this case. Lead Plaintiff further objects to this Request as compound. Lead Plaintiff further objects to this Request because it seeks, without limitation, "any communications that you have ever had with any person," and as such, the Request is overbroad, unduly burdensome, and disproportional to the claims or defenses of the case. Lead Plaintiff further objects to this Request as it violates Federal Rule of Civil Procedure 34(b)(1)(A) because it fails to "describe with reasonable particularity" the item or category of items to be inspected. Rather, it is a vague and ambiguous "catch-all"

- 15 -

request.  Lead Plaintiff further objects to the terms "constitute," "explain," "describe," "in any way," "relate," "pertain," "ever had," "any person," and "relate in any way," as vague, ambiguous, overbroad, undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, and to the extent Lead Plaintiff understands the Request, Lead Plaintiff will conduct a reasonable search for and produce copies of relevant documents within its possession, custody and control that are neither privileged nor protected by the work product doctrine and that concern Lead Plaintiff's communications concerning Tactile or this case made: (i) between and among Lead Plaintiff and its officers and employees; (ii) between Lead Plaintiff's officers and employees and Tactile's directors, officers, and employees, including any Defendant; and (iii) between Lead Plaintiff's officers and employees and Geneva Capital Management, LLC, to the extent such documents exist.

REQUEST FOR PRODUCTION NO. 10:

For the time period from January 1, 2018 through September 30, 2020, all documents that constitute, explain, describe or in any way relate or pertain to any actual or contemplated purchase, sale, assignment, pledge, gift, transfer, or other acquisition or disposition of any securities of any business engaged in the sale of medical devices paid for by the United States Department of Veteran Affairs or the Centers for Medicaid or Medicare Services, made by you or by any other person on your behalf.

RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here.  Lead Plaintiff specifically objects to this Request to the extent it

- 16 -

seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request to the extent it seeks information concerning Lead Plaintiff's ownership or transactions in securities other than Tactile common stock, and is thus irrelevant to any claims or defenses in this case. Lead Plaintiff further objects to this Request as unduly burdensome and disproportionate to the needs of the case because it would require Lead Plaintiff to seek, obtain, and verify, to the extent such information is even available to Lead Plaintiff, whether the United States Department of Veteran Affairs or the Centers for Medicaid or Medicare Services had ever paid for any medical device sold by any company in which Lead Plaintiff had invested during the specified time period. Lead Plaintiff further objects to this Request because it seeks information maintained by third parties or that is otherwise not under Lead Plaintiff's custody or control. Lead Plaintiff further objects to this Request because it seeks information irrelevant to the claims or defenses in this case. Lead Plaintiff further objects to the terms "constitute," "explain," "describe," "in any way," "relate," "pertain," "actual or contemplated," "any business," "engaged," and "paid" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

For the foregoing reasons, Lead Plaintiff will not search for or produce documents responsive to this Request.

REQUEST FOR PRODUCTION NO. 11:

All retainer agreements or fee agreements with your attorneys.

- 17 -

4880-8639-3634.v1

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request because it seeks information irrelevant to the claims or defenses in this case. Lead Plaintiff further objects to this Request to the extent it encompasses "attorneys" uninvolved in this case.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff will produce copies of the agreement between Lead Plaintiff and Lead Plaintiff's securities litigation counsel concerning this action, to the extent such documents exist, are neither privileged nor protected by the work product doctrine, and are in Lead Plaintiff's possession, custody, or control.

REQUEST FOR PRODUCTION NO. 12:

All pleadings and orders in any legal proceedings in which you or any of your affiliates have been, or have attempted to become, a lead plaintiff or class representative.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request because no time period is identified and

- 18 -

therefore it is overly broad as to time period.  Lead Plaintiff further objects to this Request because it is not limited to proceedings arising from the federal securities laws, and therefore is irrelevant to the claims or defenses in this case.  Lead Plaintiff further objects to this Request as unduly burdensome to the extent it seeks documents that are equally available to Defendants through public sources or records.  Lead Plaintiff further objects to this Request to the extent that nonpublic, responsive documents may be subject to confidentiality orders that preclude disclosure of the documents in unrelated litigation.  Lead Plaintiff further objects to the terms "any legal proceedings," "any of your affiliates," and "attempted" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce copies of relevant documents that are neither privileged nor protected by the work product doctrine and that are sufficient to disclose the pleadings in class actions filed under the federal securities laws during the 3-year period prior to the date on which the certification for this action was signed by Lead Plaintiff, pursuant to 15 U.S.C. §78u-4(a)(2)(A) (ECF 25-2).

REQUEST FOR PRODUCTION NO. 13:

All affidavits, statements, deposition transcripts, and transcripts of any court testimony that you have given in any civil action, and any related exhibits.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here.  Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product

- 19 -

doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request because no time period is identified and therefore it is overly broad as to time period. Lead Plaintiff further objects to this Request because it is not limited to proceedings arising from the federal securities laws, and therefore is irrelevant to the claims or defenses in this case. Lead Plaintiff further objects to this Request as unduly burdensome because to the extent it seeks documents that are equally available to Defendants through public sources or records. Lead Plaintiff further objects to this Request to the extent that nonpublic, responsive documents may be subject to confidentiality orders that preclude disclosure of the documents in unrelated litigation. Lead Plaintiff further objects to the term "any civil action" as vague, ambiguous, and overbroad, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff will conduct a reasonable search for and produce documents that are neither privileged nor protected by the work product doctrine and that are sufficient to disclose affidavits, statements or testimony given by Lead Plaintiff in class actions filed under the federal securities laws during the 3-year period prior to the date on which the certification for this action was signed by Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(2)(A) (ECF 25-2).

REQUEST FOR PRODUCTION NO. 14:

All documents that constitute, explain, describe or in any way refer or relate to the damages or other relief that you seek in this action on your own behalf and on behalf of class members, including without limitation all documents relating to or describing your method of calculating your alleged damages.

- 20 -

4880-8639-3634.v1

RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request because it prematurely seeks expert testimony or opinion(s) when such information is not due to be disclosed until January 2023. Lead Plaintiff further objects to this Request to the extent that discovery in this matter is ongoing, and documents responsive to this Request have yet to be produced by Defendants. Lead Plaintiff further objects to this request because it calls for a legal conclusion, a legal argument, or otherwise constitutes a contention discovery request premature at this stage of the litigation. Lead Plaintiff further objects to the Request to the extent it requires Lead Plaintiff to identify class members before certification and notice to the class. Lead Plaintiff further objects to the terms "constitute," "explain," "describe," "in any way," "refer or relate," "describing," and "method" as vague, ambiguous, overbroad, and undefined, and therefore unduly burdensome.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff responds as follows: in accordance with the Federal Rules of Civil Procedure, any other applicable law, and the Court's Pretrial Scheduling Order (ECF 90), Lead Plaintiff will submit on or before January 19, 2023, expert materials disclosing the damages it claims in this action and the method for calculating those damages.

- 21 -

4880-8639-3634.v1

REQUEST FOR PRODUCTION NO. 15:

To the extent not previously requested herein, all documents to be identified in response to Defendants' Interrogatories To Lead Plaintiff (Set I), served concurrently herewith.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

Lead Plaintiff incorporates herein each of the foregoing General Objections as if expressly set forth here. Lead Plaintiff specifically objects to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, or any other exemption from disclosure under the Federal Rules of Civil Procedure. Lead Plaintiff further objects to this Request to the extent that discovery in this matter is ongoing, and documents responsive to this Request have yet to be produced by Defendants. Lead Plaintiff further objects to this Request to the extent it prematurely seeks expert testimony. Lead Plaintiff further objects to this Request as unduly burdensome, cumulative and duplicative because the Request calls for the production of public information, information ordinarily maintained by third parties or information equally available to Defendants, and therefore subjects Lead Plaintiff to unwarranted annoyance and harassment.

Subject to and without waiving these objections and the General Objections, Lead Plaintiff will produce copies of relevant documents responsive to this Request that are neither privileged nor protected by the work product doctrine, insofar as such documents are not: (1) already in Defendants' possession, custody and control; or (2) equally available to Defendants.

- 22 -

DATED:  May 31, 2022

ROBBINS GELLER RUDMAN
  & DOWD LLP
JESSICA T. SHINNEFIELD
(admitted *pro hac vice*)
ASHLEY M. PRICE
(admitted *pro hac vice*)
NICOLE Q. GILLILAND
(admitted *pro hac vice*)
JOSEPH J. TULL
(admitted *pro hac vice*)


ASHLEY M. PRICE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jshinnefield@rgrdlaw.com
aprice@rgrdlaw.com
ngilliland@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiff

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiff

- 23 -

4880-8639-3634.v1

ZIMMERMAN REED LLP
CAROLYN G. ANDERSON, MN 275712
JUNE P. HOIDAL, MN 033330X
BEHDAD C. SADEGHI, MN 393374
1100 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
Carolyn.Anderson@zimmreed.com
June.Hoidal@zimmreed.com
Behdad.Sadeghi@zimmreed.com

Local Counsel

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
LUCAS E. GILMORE
(admitted *pro hac vice*)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com

Counsel for Plaintiff Brian Mart

- 24 -

4880-8639-3634.v1

## <u>DECLARATION OF SERVICE BY EMAIL</u>

I, Mara Waligurski, not a party to the within action, hereby declare that on May 31, 2022, I served the attached LEAD PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS BY LEAD PLAINTIFF (SET I) on the parties in the within action by email addressed as follows:

### <u>COUNSEL FOR PLAINTIFFS</u>:

| NAME | FIRM | EMAIL |
|---|---|---|
| Jessica T. Shinnefield<br>Ashley M. Price<br>Nicole Q. Gilliland<br>Joseph J. Tull | ROBBINS GELLER RUDMAN & DOWD LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax) | jshinnefield@rgrdlaw.com<br>aprice@rgrdlaw.com<br>ngilliland@rgrdlaw.com<br>jtull@rgrdlaw.com |
| Carolyn G. Anderson<br>June P. Hoidal<br>Behdad C. Sadeghi | ZIMMERMAN REED LLP<br>1100 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402<br>Telephone: 612/341-0400<br>612/341-0844 (fax) | Carolyn.Anderson@zimmreed.com<br>June.Hoidal@zimmreed.com<br>Behdad.Sadeghi@zimmreed.com |
| Thomas C. Michaud | VANOVERBEKE, MICHAUD & TIMMONY, P.C.<br>79 Alfred Street<br>Detroit, MI 48201<br>Telephone: 313/578-1200<br>313/578-1201 (fax) | tmichaud@vmtlaw.com |

4880-8639-3634.v1

| Reed R. Kathrein<br>Lucas E. Gilmore | HAGENS BERMAN<br>SOBOL SHAPIRO LLP<br>715 Hearst Avenue<br>Suite 202<br>Berkeley, CA  94710<br>Telephone:  510/725-3000<br>510/725-3001 (fax) | reed@hbsslaw.com<br>lucasg@hbsslaw.com |
| --- | --- | --- |
| Steve W. Berman | HAGENS BERMAN<br>SOBOL SHAPIRO LLP<br>1301 Second Avenue<br>Suite 2000<br>Seattle, WA  98101<br>Telephone:  206/623-7292<br>206/623-0594 (fax) | steve@hbsslaw.com |

## COUNSEL FOR DEFENDANTS:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Wendy J. Wildung<br>Matthew Kilby<br>Rory F. Collins<br>Anderson C. Tuggle | FAEGRE DRINKER<br>BIDDLE & REATH LLP<br>2200 Wells Fargo Center<br>99 South Seventh Street<br>Minneapolis, MN  55402-3901<br>Telephone:  612/766-7000 | wendy.wildung@faegredrinker.com<br>matthew.kilby@faegredrinker.com<br>rory.collins@faegredrinker.com<br>anderson.tuggle@faegredrinker.com |

**\*** Denotes service via hand delivery and email

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 31, 2022, at San Diego, California.

MARA WALIGURSKI

4880-8639-3634.v1