# EXHIBIT 6

**ROBBINS GELLER**
**Rudman & Dowd LLP**

| | | |
|---|---|---|
| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

Nicole Gilliland
ngilliland@rgrdlaw.com

August 19, 2022

<u>VIA EMAIL</u>

Matthew Kilby
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

Re:     *Mart v. Tactile Systems Technology, Inc. et al.,*
        No. 0:20-cv-02074-NEB-BRT (D. Minn.)

Dear Mr. Kilby:

I write in response to your August 18, 2022 letter, your August 19, 2020 email, and this morning's meet-and-confer call regarding custodians and search terms for Lead Plaintiff's First Set of Requests for Production of Documents (the "Requests").

## I.     Search Terms

Lead Plaintiff accepts the "Search Terms" that Defendants adopted from Lead Plaintiff's Counter-Proposal to Defendants' Proposed Search Terms ( "Lead Plaintiff's Counter-Proposal") "with some non-substantive edits." Lead Plaintiff notes, however, that Defendants did make substantive edits to the "Custodians." Lead Plaintiff does not accept the custodians proposed for Request Nos. 1(f) and 9. Specifically, for Request No. 1(f), Lead Plaintiff requests that Defendants include the following custodians: Alex Casey, Jill Hansen, and Julie Oberle. For Request No. 9, Lead Plaintiff requests that Defendants add Jackie Gorham, Adam Ferkinhoff, Greg Seeling, Andrea Henson, and Angela Neofotistos (the "Area Sales Directors"), Maggie Thompson, and Jay Stracke for the reasons we've discussed repeatedly in past correspondence.

Regarding the two searches that Defendants "modified" from the Counter Proposal, Lead Plaintiff accepts the modifications detailed for Requests Nos. 22-24. For Request No. 4, Lead Plaintiff accepts Defendants' proposed custodians but requests that the search terms be modified as follows:

| Request No. | Custodians | Search Terms |
|---|---|---|
| 4 | Blake, Lynn<br>Christensen, Jill<br>Folkes, Robert<br>Hoy, Sunday | ((("compliance" or "audit") w/3 "committee") or "burke" or "nigon" or "roche") w/**250** (("KOL" or "key opinion leader" or "medical education") or trainer* or "TAM" or "addressable market" **or "AKS" or kickback! or fraud!**) |

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew Kilby
August 19, 2022
Page 2

|  | Mattys, Gerald<br>Moen, Brent<br>Rishe, Bryan |  |
|---|---|---|

Regarding the search terms for which Defendants proceeded to run and collect documents without confirming Lead Plaintiff's agreement, we reserve our right to seek the parameters that we requested in Lead Plaintiff's Counter-Proposal, including, if necessary, by seeking resolution from the Court. Specifically, this issue appears to apply to Defendants' search terms for Request Nos. 14, 15, 18, 19, and 20, which, as drafted, are far too restrictive. Please confirm that your August 12 production contained the results of those searches so that we can assess whether Defendants' search terms were, in fact, deficient.

## II.    Additional Custodians

Lead Plaintiff appreciates Defendants' willingness to add Bjorn Larsen and Jill Christensen as custodians. However, Defendants are still not including the Sales Directors as custodians. As we have stated in past correspondence, the Area Sales Directors are of critical importance to Lead Plaintiff's claims. Nevertheless, in an effort to compromise, Lead Plaintiff requested that Defendants search the Area Sales Directors' files in connection with only *two* specific Requests: Requests Nos. 9 and 11.[1]  *See* Lead Plaintiff's Counter-Proposal. Because it appears that Defendants are unwilling to search these custodians' files in connection with these Requests, please confirm by Monday, August 22, 2022, whether Defendants agree to resolve this issue according to Magistrate Judge Thorson's Informal Dispute Resolution process. *See* ECF 110 at 9.

It also appears that Defendants are unwilling to include Maggie Thompson and Jay Stracke as custodians. In an effort to compromise, Lead Plaintiff accepts Defendants' proposal not to include Stracke and Thompson as custodians for Request No. 1(f), but requests that Defendants include Stracke and Thompson as custodians for Request No. 9. Please let us know by Monday, August 22, 2022 whether Defendants are willing to agree to this compromise. If not, we will seek court resolution regarding this issue.

---

[1]    Lead Plaintiff notes that the parties continue to dispute whether Defendants should or will produce documents responsive to Request 11.

4892-7881-2207.v1

**Robbins Geller**
**Rudman & Dowd** LLP

Matthew Kilby
August 19, 2022
Page 3


### III.    Missing Search Parameters

We appreciate the explanation of the repository searches provided in your August 19 email regarding Requests Nos. 13, 21, and 26. We cannot agree to your proposal for Request No. 17 because, as explained in separate correspondence, your proposal in your August 12 letter regarding the scope Defendants' collection was utterly unclear.[2]

Importantly, however, Lead Plaintiff will not agree to the substitute searches outlined in your August 19 email for collecting documents from the custodial files of the Individual Defendants relating to the KOL and contract trainer programs. We have repeatedly told you that these documents ***must*** be searched as they are critical to, among other issues, the scienter allegations brought against the Individual Defendants. Moreover, as the parties have also already discussed, the very limited search terms run in the *qui tam* case are insufficient to capture the documents that are relevant to this case and responsive to the Requests, including because the *qui tam* case's searches were not run across the custodial files for the Individual Defendants in this case. If Defendants standing on your position in your August 19 email, we will seek resolution with the Court.

\*        \*        \*

Sincerely,

NICOLE GILLILAND

NG:ydg


   cc:    All counsel of record

---

[2]    Lead Plaintiff notes that the parties continue to dispute whether Defendants should or will produce documents responsive to Requests 2(f), 7, and 11. Should Defendants agree or be required to produce documents responsive to these Requests, Lead Plaintiff will follow up regarding search terms and custodians.