**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,    ) ) ) | |
|      Plaintiff,    ) ) | Civ. No. 0:20-cv-2074-NEB-BRT |

BRIAN MART, Individually and on Behalf of All Others Similarly Situated,           )
                                                                                  )
                                                                                  )     Civ. No. 0:20-cv-2074-NEB-BRT
                        Plaintiff,                                                )
                                                                                  )
vs.                                                                               )
                                                                                  )
TACTILE SYSTEMS TECHNOLOGY,                                                        )
INC., et al.,                                                                     )
                                                                                  )
                        Defendants.                                               )
                                                                                  )

**DECLARATION OF MATTHEW KILBY IN SUPPORT OF DEFENDANTS'**
**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

I, Matthew Kilby, declare as follows:

1.      I am over the age of 18 and have personal knowledge of the following facts.

2.      I am an attorney with the law firm of Faegre Drinker Biddle & Reath LLP and am counsel of record on behalf of Defendants in the above-captioned action.

3.      I make this declaration in support of Defendants' Opposition to Plaintiff's Motion to Compel Discovery. I have personal knowledge of the facts set forth herein.

4.      Attached as **Exhibit A** is a true and correct copy of the summary judgment brief Tactile filed in the *qui tam* litigation. It is also publicly available at *Veterans First Medical Supply LLC, ex rel. v. Tactile Medical Sys. Tech., Inc.*, No. 4:18-cv-02871 (S.D. Texas), Dkt. 184.

5.      Attached as **Exhibit B** is a true and correct copy of the summary judgment reply brief Tactile filed in the *qui tam* litigation. It is publicly available at *Veterans First*

1

*Medical Supply LLC, ex rel. v. Tactile Medical Sys. Tech., Inc.*, No. 4:18-cv-02871 (S.D. Texas), Dkt. 213.

6.      In the *qui tam* action, Tactile produced 103,334 documents, from 30 custodians. The parties also took 16 depositions. Eight of them were of Tactile employees or contract trainers.

7.      Defendants produced 67,588 of the *qui tam* documents to Plaintiff (namely, the documents that fell within this case's relevant period, January 1, 2018 through September 30, 2020), plus all declarations, deposition transcripts, and deposition exhibits, with a limited exception for transcripts designated "confidential" by third parties under the *qui tam* protective order. Defendants produced 57,672 of these documents on June 21, 2022, and 10,006 of these documents on July 6, 2022.

8.      From mid-June through mid-August, the parties held at least four meet-and-confer conversations and exchanged several letters regarding disputes over Defendants' discovery responses. As a result of these conversations, the parties were able to resolve or narrow many of their disputes.

9.      Attached as **Exhibit C** is a true and correct copy of an e-mail I sent to Plaintiff's counsel regarding proposed custodians, dated June 24, 2022.

10.     Attached as **Exhibit D** is a true and correct copy of an e-mail I sent to Plaintiff's counsel regarding proposed search parameters, dated July 20, 2022.

11.     Because Plaintiff did not respond to my July 20 e-mail regarding search parameters, Defendants proceeded to run the searches. This resulted in Defendants producing 8,861 documents, over two productions.

12.    Between the materials re-produced from the *qui tam* case and the additional documents identified and produced in this case, Defendants have produced a total of 75,564 documents from 40 different custodians.

13.    Defendants served their first production based on their July 20 search parameters on August 12, 2022, at 4:23 PM CST. Plaintiff sent its first substantive response to my July 20 proposal two hours later, at 6:37 PM CST.

14.    Simply inputting and testing the 26 searches Plaintiff proposed in its July 20 e-mail took days, including because several of them contained syntax errors or were too long to run as a single search.

15.    Reviewing Plaintiff's proposed search terms would have required Defendants to review tens of thousands of documents in addition to what Defendants were already reviewing under their own proposal. The following hit counts alone total 126,015 documents:

| Request No. | Number of additional documents (including families) returned by Plaintiff's proposed search |
|---|---|
| 2 | 9,775 |
| 3 | 9,547 |
| 14 | 8,668 |
| 15(a) | 8,326 |
| 15(b) | 14,286 |
| 18 | 19,019 |
| 19 | 27,098 |
| 20 | 29,296 |

16.    Because a first-pass attorney reviewer can generally review 40 documents per hour (many of the documents in a case like this are dozens of pages long), reviewing

100,000 documents would take approximately 2,500 attorney hours, and reviewing 20,000 documents would take approximately 500 hours.

17.    Given that Defendants' substantial completion deadline was just weeks away from August 12, it was not feasible to expand the review so dramatically, nor was doing so warranted.

18.    Nonetheless, in the interest of compromise and in an effort to avoid burdening the Court, Defendants agreed to the following compromise measures:

- Defendants agreed to run the searches Plaintiff proposed for requests for production 1(f), 1(g), 1(h), 3(i), 4, 9, 16, 22-24, and 25(a)-(c).
- Defendants agreed to Plaintiff's proposed search methodology for request for production 17.
- Defendants agreed to add four new custodians for specified searches: Bjorn Larsen, Jill Christensen, Maggie Thompson, and Jay Stracke.
- Defendants agreed to run two additional searches on the Individual Defendants in response to requests for production 2, 3, 6, and 7:
    - (("key opinion leader" or "KOL") or trainer*) w/50 (fraud* or kickback* or "AKS" or audit* or investigat*)
    - (("key opinion leader" or "KOL" or "speaker" or "attendee" or "medical education") w/50 ("ROI" or "return on investment" or refer*)

19.    In this case, Defendants have produced 28,879 documents containing the words "KOL," "key opinion leader," "medical education," or "trainer." 1,423 of these are from the Individual Defendants' files.

20.    Defendants ran the following eight searches that specifically mentioned one or more of these terms:

- RFPs 2, 3, 6, and 7: (("**key opinion leader**" or "**KOL**") or **trainer**\*) w/50 (fraud\* or kickback\* or "AKS" or audit\* or investigat\*)
- RFPs 2 and 7: ("**key opinion leader**" or "**KOL**" or "speaker" or "attendee" or "**medical education**") w/50 ("ROI" or "return on investment" or refer\*)

4

- RFP 4: ((("compliance" or "audit") w/3 "committee") or "burke" or "nigon" or "roche") w/50 (("**KOL**" or **"key opinion leader"** or **"medical education"**) or **trainer\*** or "TAM" or "addressable market" or "AKS" or kickback\* or fraud\*)
- RFP 9: ("Quarterly business" or "QBR" or "annual sales meeting" or "national sales meeting" or "2019 sales meeting" or "2020 sales meeting" or "NSM") AND (**"key opinion leader"** or **"key opinion leaders"** or **"KOL"** or (**"medical education"** /3 program!) or (physician! /3 speak!) or "P2P" or "peer to peer" or "peer-to-peer" or (speak! w/3 program!) or (speak! /3 bureau! or "speaker event" or "speaker presentation" or **trainer!** or (**train!** w/100 therapist!) or "TAM" or (addressable /3 market) or "market size" or (market /5 lymphedema) or (market /5 Flexitouch))
- RFP 14: ("VA" or "veteran's affairs" or "CMS" or "centers for Medicaid and medicare" or "DOJ" or "U.S. attorney" or "AUSA" or "US attorney" or "USAO" or "department of justice" or "SEC" or "securities and exchange commission") /15 (inquir! or audit! or investiga! or request!) /50 (**trainer!** or "**KOL**" or "**key opinion leader**")
- RFP 19: (call! or present! or meeting! or report! or statement! or agenda! or script!) /30 (shareholder! or analyst! or media! or publication! or press! or reporter! or journalist! or banker! or investor!) /30 (("TAM" or "total addressable market") or ("**KOL**" or "**key opinion leader**") or **trainer!** or ("qui tam" or "relator" or "Veteran's First" or "VFMS"))
- RFP 20: (stud! or analy! or data! or review! or report! or memo!) /20 (("**KOL**" or "**key opinion leader**") or **trainer!**) /20 (trend! or uncertainty! or effect! or affect! alter! or impact! or impair! or influence!) /20 (profit! or revenue!  or financ! or income!)
- RFP 25(b): (share! or stock! or secur! or equit!) /15 (price! or cost!) /15 (move! or up! or down! or change! or fall! or rise! or alter! or impair! or impact!) /25 (("TAM" or "total addressable market") or ("**KOL**" or "**key opinion leader**") or **trainer!** or ("qui tam" or "relator" or "Veteran's First" or "VFMS"))

21.    Attached as **Exhibit E** is a true and correct copy of a declaration from Tactile's Senior Director of Communications, Kristen Weaver, filed in the *qui tam* action. It is publicly available at *Veterans First Medical Supply LLC, ex rel. v. Tactile Medical Sys. Tech., Inc.*, No. 4:18-cv-02871 (S.D. Texas), Dkt. 184-20.

22.    In this case, Defendants have produced 9,077 documents containing the words "KOL" or "key opinion leader" or "medical education." Among these are internal

Marketing Department folders containing documents about every KOL event during the

Class Period—including speakers, payments, locations, and attendees.

23. With respect to Request 9, Defendants ran the search set forth in paragraph 20 on the following 11 custodians:

- Robert Folkes (former Chief Operating Officer)
- Brent Moen (Chief Financial Officer)
- Gerald Mattys (former Chief Executive Officer)
- Bryan Rishe (former Senior Vice President of Sales)
- Lynn Blake (former Chief Financial Officer)
- Sunday Hoy (Chief Compliance Officer)
- Darren Wennen (former Vice President of Marketing)
- Kristen Weaver (Senior Director of Communications)
- Bjorn Larsen (Vice President of Marketing)
- Maggie Thompson (former Vice President for Payer Relations & Government Affairs)
- Jay Stracke (former Vice President for Payer Relations & Government Affairs)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Executed on September 21, 2022.

*/s/ Matt Kilby*                          
Matthew Kilby