# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., et al.,<br><br>       Defendants. | Civ. No. 0:20-cv-02074-NEB-DTS<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF DEBORAH L. MARTIN IN SUPPORT OF: (A) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (B) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES |

I, Deborah L. Martin, declare as follows:

1.      I am the Chairperson of the Board of Trustees for St. Clair County Employees' Retirement System ("SCCERS"), the Lead Plaintiff in the above-captioned case (the "Litigation"). SCCERS provides pension plans, retirement plans, and various benefits to its participants. I respectfully submit this declaration in support of: (a) Lead Plaintiff's motion for final approval of the $5,000,000 settlement (the "Settlement") reached between Lead Plaintiff (on behalf of itself and Class Members) and the Defendants; and (b) Lead Counsel Robbins Geller Rudman & Dowd LLP's ("Robbins Geller") motion for an award of attorneys' fees and expenses.

2.      SCCERS understands that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors with large losses to manage and direct securities fraud class actions. In seeking appointment as Lead Plaintiff, SCCERS understood its duty to serve the interests of Class Members by supervising the management and prosecution of the Litigation. We vigorously prosecuted this case on behalf of the Class for nearly two years. Ultimately, we agreed to settle the case only after balancing the risks of continuing the Litigation through summary judgment and a trial, and, even if we prevailed, any appeals against the immediate benefit of a $5,000,000 recovery.

3.      Following appointment as Lead Plaintiff, SCCERS, with the assistance of our fund Counsel, VanOverbeke, Michaud & Timmony, P.C., kept fully informed regarding case developments and procedural matters over the course of the Litigation, including engaging with Robbins Geller concerning the Litigation strategy in connection with discovery and the potential resolution of the Litigation. In its capacity as Lead Plaintiff, SCCERS also: (a)

- 1 -

reviewed pleadings, briefs, and detailed correspondence concerning the status of the Litigation; and (b) identified and provided relevant information during the discovery process. SCCERS spent considerable time working with Robbins Geller to collect documents responsive to Defendants' discovery requests and to respond to Defendants' interrogatories.

4. Over the course of the Litigation, Robbins Geller provided regular updates on the status of the case and Lead Counsel's strategy for the prosecution of the case, including consideration of issues relating to liability and damages. Robbins Geller also consulted with SCCERS on the potential for a settlement of the case and the ranges of potential recoveries depending upon the outcome of various scenarios. SCCERS carefully considered these discussions and the materials submitted by the parties to the mediator in order to maximize the outcome for Class Members.

5. SCCERS has evaluated the significant risks and uncertainties of continuing litigation, including the possibility of a nominal recovery or even no recovery at all, and has authorized Robbins Geller to settle this Litigation for $5,000,000. SCCERS is conscious of the possibility of the Litigation being dismissed at class certification or summary judgment, or of losing at trial and that, even were it to prevail, the Defendants likely would appeal, rendering any ultimate recovery for Class Members still years away. SCCERS believes this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

6. While SCCERS recognizes that any determination of attorneys' fees and expenses is left to the Court, SCCERS believes that Robbins Geller's request for fees of 30% of the Settlement Amount and expenses not to exceed $139,000, plus interest on both

amounts, is fair and reasonable, as this Settlement would not have been possible without Robbins Geller's diligent and aggressive prosecutorial efforts.

7.    SCCERS respectfully requests that the Court grant final approval of the Settlement and Plan of Allocation, and approve Robbins Geller's motion for an award of attorneys' fees and expenses.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this *18* th day of July, 2023, in *St. Clair County, Michigan*

_Deborah L. Martin_
DEBORAH L. MARTIN

- 3 -