# EXHIBIT B

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated, ) <br><br> Plaintiff, ) <br><br> vs. ) <br><br> TACTILE SYSTEMS TECHNOLOGY, INC., et al., ) <br><br> Defendants. ) | Civ. No. 0:20-cv-02074-NEB-DTS <br><br> <u>CLASS ACTION</u> <br><br> DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE |

I, ROSS D. MURRAY, declare and state as follows:

1.      I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California.  The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and if called to testify I could and would do so competently.

2.      Pursuant to this Court's May 4, 2023 Order on Motion for Preliminary Approval of Settlement ("Notice Order") (ECF 156), Gilardi was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Litigation").[1]  I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

3.      I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding: (i) mailing of the Court-approved Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit A); (ii) publication of the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"); (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Class received to date by Gilardi.

### DISSEMINATION OF THE CLAIM PACKAGE

4.      Pursuant to the Notice Order, Gilardi is responsible for disseminating the Claim Package to potential Class Members.  The Class consists of all Persons who purchased or otherwise acquired Tactile publicly traded securities during the Class Period, and who were damaged thereby.  Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) any Person who was an officer or director of Tactile during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) any corporate parent

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated February 28, 2023 (the "Stipulation") (ECF 147), which is available on the website established for the Settlement at www.TactileSecuritiesSettlement.com.

and/or affiliate of Tactile; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely excludes himself, herself, or itself therefrom.

5.      Gilardi received a file via email from Tactile's transfer agent, which contained the names and addresses of potential Class Members. The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 20 unique names and addresses. Gilardi had the unique name and address data printed on to Claim Packages, posted the Claim Packages for First-Class Mail, postage prepaid, and delivered 20 Claim Packages on May 25, 2023, to the United States Post Office for mailing.

6.      In addition, on May 25, 2023, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Claim Packages and cover letters to 279 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities. The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case. These Nominee Holders are included in a proprietary database created and maintained by Gilardi. In Gilardi's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities. The cover letter accompanying the Claim Packages advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Claim Packages to potential Class Members. In the more than three decades that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders. Gilardi also mailed Claim Packages and cover letters to the 4,439 institutions included on the U.S. Securities and Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing. A sample of the cover letter mailed to Nominee Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit B.

7. On May 25, 2023, Gilardi also delivered electronic copies of the Claim Package to 390 registered electronic filers who are qualified to submit electronic claims. These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

8. As part of the notice program for this Settlement, on May 25, 2023, Gilardi also delivered electronic copies of the Claim Package via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Claim Package and contact Gilardi for copies of the Claim Package for their beneficial holders.

9. Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this Settlement. In this regard, Gilardi has forwarded the Claim Package on request to nominees who purchased or acquired Tactile securities for the beneficial interest of other persons. Gilardi has also forwarded the Claim Package directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

10. Following the initial mailing, Gilardi received 9 responses to the outreach efforts described above, which included computer files containing a total of 3,715 names and addresses of potential Class Members. In addition, 25 institutions requested that Gilardi send them a total of 13,370 Claim Packages for forwarding directly to their clients. Gilardi has also mailed one Claim Package as a result of returned mail for which a new address was identified for re-mailing to that potential Class Member. Each of these requests has been completed in a timely manner.

11. As of July 13, 2023, Gilardi has mailed a total of 22,214 Claim Packages to potential Class Members and nominees.

### PUBLICATION OF THE SUMMARY NOTICE

12. In accordance with the Notice Order, on June 1, 2023, Gilardi caused the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit C.

**TELEPHONE HELPLINE AND WEBSITE**

13.    On May 25, 2023, Gilardi established and continues to maintain a case-specific, toll-free telephone helpline, 1-888-846-6829, to accommodate potential Class Member inquiries. The toll-free number was set forth in the Notice and on the case website. Gilardi has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.

14.    On May 25, 2023, Gilardi established and continues to maintain a website dedicated to this Settlement (www.TactileSecuritiesSettlement.com) to provide additional information to Class Members and to provide answers to frequently asked questions. The web address was set forth in the Claim Package and the Summary Notice. The website includes information regarding the Litigation and the Settlement, including the objection and claim filing deadlines, and the date and time of the Court's Settlement Hearing. Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading. Class Members can also complete and submit a Proof of Claim through the website.

**REQUESTS FOR EXCLUSION RECEIVED TO DATE**

15.    The Notice informs potential Class Members that written requests for exclusion from the Class must be mailed to *Tactile Securities Settlement*, Claims Administrator, c/o Gilardi & Co. LLC, ATTN: EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100, such that they are postmarked no later than August 2, 2023.

16.    The Notice also sets forth the information that must be included in each request for exclusion. Gilardi has monitored and will continue to monitor all mail delivered to this address. As of the date of this declaration, Gilardi has not received any requests for exclusion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 13th day of July, 2023, at San Rafael, California.

 

_____
ROSS D. MURRAY

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., et al.,<br><br>       Defendants. | Civ. No. 0:20-cv-02074-NEB-DTS<br><br>CLASS ACTION |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO:** **ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TACTILE SYSTEMS TECHNOLOGY, INC. ("TACTILE" OR THE "COMPANY") PUBLICLY TRADED SECURITIES DURING THE PERIOD FROM MAY 7, 2018 THROUGH JUNE 8, 2020, INCLUSIVE, AND WHO WERE DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE CLASS (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM FORM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE AUGUST 23, 2023**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Minnesota (the "Court"). The purpose of this Notice is to inform you of the pendency of this class action (the "Litigation") between Lead Plaintiff St. Clair County Employees' Retirement System and Defendants Tactile, Gerald R. Mattys, Lynn L. Blake, Brent A. Moen, Robert J. Folkes, and Bryan F. Rishe, and the proposed $5,000,000 settlement reached therein (the "Settlement") and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before August 23, 2023.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be postmarked on or before August 2, 2023.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before August 2, 2023. If you submit a written objection, you may (but do not have to) attend the hearing.** |

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated February 28, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.TactileSecuritiesSettlement.com.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **ATTEND THE HEARING ON AUGUST 23, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be** *received* **by the Court and counsel on or before August 2, 2023.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $5 million Settlement Fund has been established. Based on Lead Plaintiff's estimate of the number of shares of Tactile publicly traded securities eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $0.53 before deduction of any taxes on the income earned on the Settlement Amount thereof, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 9-12 below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, or any other laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) whether Defendants engaged in the underlying misconduct alleged involving kickback schemes to induce the sales of Tactile's advanced pneumatic compression devices; (4) the amount, if any, by which the prices of Tactile publicly traded securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces or other external factors on the prices of Tactile publicly traded securities at various times during the Class Period; (6) the extent to which the various matters that Lead Plaintiff alleged were materially false or misleading influenced (if at all) the prices of Tactile publicly traded securities at various times during the Class Period; and (7) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of Tactile publicly traded securities at various times during the Class Period.

### Statement of Attorneys' Fees and Expenses Sought

Since the action's inception, Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Plaintiff's Counsel for an award of attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount, plus expenses not to exceed $139,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per share of Tactile publicly traded securities will be approximately $0.17.

### Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-888-846-6829, or visit the website www.TactileSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

2

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery–or, indeed, no recovery at all–might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| 1. | Why did I get this Notice package? |
|---|---|

This Notice was sent to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Tactile publicly traded securities during the period from May 7, 2018 through and including June 8, 2020 (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Minnesota, and the case is known as *Mart v. Tactile Systems Technology, Inc., et al.*, No. 0:20-cv-02074-NEB-DTS. The case has been assigned to the Honorable Nancy E. Brasel. The institution representing the Class is the Lead Plaintiff, and the company and individuals it sued and who have now settled are called the Defendants.

| 2. | What is this lawsuit about? |
|---|---|

Lead Plaintiff's Amended Class Action Complaint (the "Complaint"), filed on April 19, 2021, alleges that Defendants violated §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act"). More specifically, Lead Plaintiff alleges that, throughout the Class Period (from May 7, 2018 through June 8, 2020, inclusive), Defendants made materially false and misleading statements, and/or failed to disclose adverse information regarding Tactile's business and operations, and/or engaged in fraudulent schemes and misconduct. More specifically, Lead Plaintiff alleges that: (i) to induce sales growth of Tactile's advanced pneumatic compression devices ("PCDs"), Tactile and/or its employees were engaged in illicit sales and marketing activities involving kickback schemes and the submission of false claims to federal healthcare programs in violation of applicable federal statutes; (ii) Tactile's revenues were in part the product of unlawful conduct and were thus unsustainable; (iii) while Tactile publicly touted a $4 plus or $5 plus billion market opportunity for its advanced PCDs, in truth, the total addressable market was at least three times smaller; (iv) Tactile overstated its revenue from the Department of Veterans Affairs and the Center for Medicare & Medicaid Services; and (v) as a consequence, Defendants' fraudulent misconduct and false and misleading public statements caused Tactile securities to trade at artificially inflated prices during the Class Period until the true nature of Defendants' alleged wrongdoing was disclosed, and the prices of Tactile securities fell, causing damages to Lead Plaintiff and other Members of the Class. Defendants deny the Complaint's allegations and contend that they did not violate the Exchange Act.

On June 18, 2021, Defendants moved to dismiss the Complaint for failure to state a claim under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. Lead Plaintiff opposed the motion on August 18, 2021. Defendants filed their reply in support of the motion to dismiss on September 22, 2021. The Court held oral argument on the motion to dismiss on October 4, 2021, and on March 31, 2022, issued an order granting in part and denying in part the motion to dismiss.

The parties engaged in extensive pre-trial discovery. In response to Lead Plaintiff's requests, Defendants produced nearly 448,000 pages of documents, and in response to Defendants' requests, Lead Plaintiff produced nearly 18,000 pages of documents. The parties also briefed a number of discovery disputes and had begun deposition discovery, with Lead Plaintiff having taken one witness's deposition.

On October 18, 2022, the Settling Parties participated in a confidential mediation with Michelle Yoshida, Esq. of Phillips ADR Enterprises, an experienced mediator. The mediation was preceded by the submission and exchange of mediation statements by the Settling Parties. The Settling Parties engaged in good faith negotiations, but did not reach a settlement. The Settling Parties continued to engage in arm's-length negotiations and ultimately reached an agreement in principle to resolve the Litigation. The agreement included, among other things, the Settling Parties' agreement to settle the Litigation in return for a cash payment of $5,000,000 for the benefit of the Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement, and a compromise of all matters that are in dispute, between the Settling Parties.

Defendants deny each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiff in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions that have been alleged, or that could have been alleged, in the Litigation. Defendants contend that they did not make any materially false or misleading statements, that they disclosed all material information required to be disclosed by the federal securities laws, and that any alleged misstatements or omissions were not made with the requisite intent or knowledge of wrongdoing. Defendants further contend that they did not engage in any fraudulent schemes, acts, or misconduct. Defendants also contend that any losses allegedly suffered by Members of the Class were not caused by any allegedly false or misleading statements by them, or allegedly fraudulent schemes, acts, or misconduct by them, and/or were caused by intervening events. Defendants continue to believe that the claims asserted against them in the Litigation are without merit. Defendants also maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |

The Court has not decided in favor of Defendants or the Lead Plaintiff. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

<b>WHO IS IN THE SETTLEMENT</b>

| 4. | How do I know if I am a Member of the Class? |

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Tactile publicly traded securities during the period from May 7, 2018 through June 8, 2020, inclusive, and who were damaged thereby, except those Persons and entities that are excluded.

Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) any Person who was an officer or director of Tactile during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Tactile; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly exclude themselves therefrom by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before August 23, 2023.

| 5. | What if I am still not sure if I am included? |

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-888-846-6829, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.

<b>THE SETTLEMENT BENEFITS – WHAT YOU GET</b>

| 6. | What does the Settlement provide? |

The Settlement provides that, in exchange for the release of the Released Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay (or cause to be paid) $5 million in cash to be distributed after taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |

Your share of the Net Settlement Fund will depend on several things, including the total value of Tactile publicly traded securities represented by the valid Proof of Claim forms that Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

4

**HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.TactileSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked or received no later than August 23, 2023**. The Proof of Claim form may be submitted online at www.TactileSecuritiesSettlement.com.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on August 23, 2023, at 10:00 a.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action, of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, related in any way to, in connection with, or arising from both: (a) the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation, and (b) the purchase, acquisition, sale, or disposition of Tactile publicly traded securities purchased or acquired by Lead Plaintiff or any other Class Member during the period between May 7, 2018 and June 8, 2020, inclusive. "Released Claims" does not include: (i) derivative claims; and (ii) claims to enforce the Settlement.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Plaintiff's Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

- "Released Defendant Party" or "Released Defendant Parties" mean each and all of the Defendants, Defendants' Counsel, and any of their Related Parties.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

- "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class and Plaintiff's Counsel, which,

if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Lead Plaintiff, the Class and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

### EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement. This is called excluding yourself–or is sometimes referred to as "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Tactile Securities Settlement*." Your letter must include your purchases or acquisitions of Tactile publicly traded securities during the Class Period, including the dates and the number of shares of Tactile publicly traded securities purchased or acquired. In addition, you must include your name, address, telephone number, and your signature. You must submit your exclusion request so that it is **postmarked no later than August 2, 2023** to:

*Tactile Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Claims in the future.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Claims. If you have a pending lawsuit against the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Class in this Litigation to continue your own lawsuit. Remember, the exclusion deadline is August 2, 2023.

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

### THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you. These lawyers are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees on behalf of all Plaintiff's Counsel not to exceed thirty percent (30%) of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $139,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. Such sums as may be approved by the Court will be paid from the Settlement Fund.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Tactile Securities Settlement*. Include your name, address, telephone number, and your signature, identify the date(s), price(s), and number of shares of Tactile publicly traded securities you purchased, acquired and/or sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. You must also include copies of documents demonstrating your purchase(s), acquisition(s), and/or sale(s) of Tactile publicly traded securities during the Class Period. Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* **no later than August 2, 2023:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| HONORABLE NANCY E. BRASEL<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF MINNESOTA<br>Diana E. Murphy<br>United States Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415 | ROBBINS GELLER RUDMAN<br>  & DOWD LLP<br>ELLEN GUSIKOFF STEWART<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | FAEGRE DRINKER BIDDLE<br>  & REATH LLP<br>MATTHEW KILBY<br>2200 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis, MN 55402 |

| 17. | What is the difference between objecting and excluding? |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| 18. | When and where will the Court decide whether to approve the proposed Settlement? |
|---|---|

The Court will hold a Settlement Hearing at 10:00 a.m. (Central time), on August 23, 2023, before the Honorable Nancy E. Brasel, via Zoom at the link available at https://www.zoomgov.com/j/1600690317?pwd=M2RaOHNrSXFVZHVoR2ErQWl6cXd2UT09. To keep the number of video links to a manageable number, observers that wish to only watch the hearing shall participate by telephone using the following information:

Dial 1-669-254-5252
Meeting ID: 160 069 0317
Passcode: 144682

At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Plaintiff's Counsel. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.TactileSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

| 19. | Do I have to attend the hearing? |
|---|---|

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Tactile Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than August 2, 2023**, and addressed to the Honorable Nancy E. Brasel, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

**IF YOU DO NOTHING**

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and their Related Parties about the Released Claims in this case.

**GETTING MORE INFORMATION**

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-888-846-6829. Reference is also made to the Settlement Agreement, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other Settlement-related papers filed in the Litigation, which are posted on the Settlement website at www.TactileSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of Minnesota, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

### PLAN OF ALLOCATION OF NET SETTLEMENT FUND
### AMONG CLASS MEMBERS

The Settlement Amount of $5 million and any interest earned thereon is the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and claims administration expenses, and approved fees and expenses (the "Net Settlement Fund") shall be distributed to Class Members who submit timely and valid Proof of Claim forms to the Claims Administrator ("Authorized Claimants"). The Plan of Allocation provides that you will be eligible to participate in the distribution of the Net Settlement Fund only if you have an overall net loss on all of your transactions in Tactile publicly traded securities during the Class Period.

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

The Claims Administrator shall determine each Class Member's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Tactile publicly traded securities purchased or acquired during the Class Period. The calculation of Recognized Loss will depend upon several factors, including when the Tactile publicly traded securities were purchased or acquired and in what amounts, whether the shares were sold, and, if so, when they were sold and for what amounts.

The Recognized Loss is not intended to estimate the amount a Class Member may have been able to recover after a trial, nor to estimate the amount you will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the following inflation per share amounts for Class Period purchases, acquisitions, and sales as well as the statutory PSLRA 90-day look-back amount of $38.85 per share.[2] Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share shall be $0.00.

---

[2]    Under §21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts for Tactile publicly traded securities are reduced to an appropriate extent by taking into account the closing prices of Tactile publicly traded securities during the 90-day look-back period. The mean (average) closing price for Tactile common stock during this 90-day look-back period was $38.85 per share as shown in Table A.

The Plan of Allocation was developed in consultation with Lead Plaintiff's damages expert. In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of Tactile publicly traded securities that was allegedly caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated artificial inflation allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages expert considered the price change in Tactile publicly traded securities in reaction to the public disclosure that allegedly corrected the alleged misrepresentation of omissions, adjusting the price change for factors that were attributable to market forces, and for non-fraud related Company-specific information.

In order to have recoverable damages under the federal securities laws, disclosures of the alleged misrepresentations and/or omissions must be the cause of the decline in the price of the security. In this Litigation, Lead Plaintiff alleges that corrective information allegedly impacting the price of Tactile publicly traded securities (the "corrective disclosure") was released to the market on March 22, 2019 and June 8, 2020. In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of Tactile publicly traded securities must have been purchased or acquired during the Class Period and held through the issuance of a corrective disclosure.

A "claim" will be calculated as follows:

The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory PSLRA 90 day-look back amount of $38.85. Furthermore, if any of the formulas set forth below yield an amount less than $0.00, the claim per share is zero.

| Inflation Period | Inflation per share |
|---|---|
| May 7, 2018 – March 20, 2019 | $9.16 |
| March 21, 2019 | $8.85 |
| March 22, 2019 – June 7, 2020 | $5.56 |
| June 8, 2020 | $0.00 |

1.    For Tactile shares **purchased, or acquired, on or from May 7, 2018 through and including June 7, 2020**, the claim per share shall be as follows:

   a)    If sold prior to March 21, 2019, the claim per share is $0.00.

   b)    If sold on or between March 21, 2019 through June 7, 2020, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase less the inflation per share at the time of sale; and (ii) the difference between the purchase price and the selling price.

   c)    If retained at the end of June 7, 2020 and sold on or before September 4, 2020, the claim per share shall be the least of: (i) the inflation per share at the time of purchase; (ii) the difference between the purchase price and the selling price; and (iii) the difference between the purchase price and the average closing price up to the date of sale as set forth in Table A below.

   d)    If retained at the end of September 4, 2020, or sold thereafter, the claim per share shall be the lesser of: (i) the inflation per share at the time of purchase; and (ii) the difference between the purchase price and $38.85.

2.    For Tactile shares **purchased, or acquired, on June 8, 2020**, the claim per share is $0.00.

10

**Table A**

| Date | Price | Average Closing Price | Date | Price | Average Closing Price |
|---|---|---|---|---|---|
| 6/8/2020 | $47.26 | $47.26 | 7/23/2020 | $38.53 | $40.10 |
| 6/9/2020 | $45.67 | $46.47 | 7/24/2020 | $38.04 | $40.04 |
| 6/10/2020 | $44.74 | $45.89 | 7/27/2020 | $38.69 | $40.00 |
| 6/11/2020 | $39.56 | $44.31 | 7/28/2020 | $39.03 | $39.97 |
| 6/12/2020 | $40.77 | $43.60 | 7/29/2020 | $42.74 | $40.05 |
| 6/15/2020 | $41.55 | $43.26 | 7/30/2020 | $42.80 | $40.12 |
| 6/16/2020 | $41.44 | $43.00 | 7/31/2020 | $40.98 | $40.14 |
| 6/17/2020 | $41.96 | $42.87 | 8/3/2020 | $43.28 | $40.22 |
| 6/18/2020 | $41.30 | $42.69 | 8/4/2020 | $35.52 | $40.11 |
| 6/19/2020 | $41.77 | $42.60 | 8/5/2020 | $36.50 | $40.02 |
| 6/22/2020 | $41.98 | $42.55 | 8/6/2020 | $37.18 | $39.95 |
| 6/23/2020 | $43.07 | $42.59 | 8/7/2020 | $37.55 | $39.90 |
| 6/24/2020 | $41.14 | $42.48 | 8/10/2020 | $38.47 | $39.87 |
| 6/25/2020 | $42.00 | $42.44 | 8/11/2020 | $38.10 | $39.83 |
| 6/26/2020 | $40.90 | $42.34 | 8/12/2020 | $37.05 | $39.77 |
| 6/29/2020 | $41.27 | $42.27 | 8/13/2020 | $38.18 | $39.74 |
| 6/30/2020 | $41.43 | $42.22 | 8/14/2020 | $35.86 | $39.66 |
| 7/1/2020 | $40.84 | $42.15 | 8/17/2020 | $36.73 | $39.60 |
| 7/2/2020 | $40.87 | $42.08 | 8/18/2020 | $36.57 | $39.54 |
| 7/6/2020 | $39.99 | $41.98 | 8/19/2020 | $36.62 | $39.48 |
| 7/7/2020 | $38.04 | $41.79 | 8/20/2020 | $36.47 | $39.43 |
| 7/8/2020 | $37.35 | $41.59 | 8/21/2020 | $34.77 | $39.34 |
| 7/9/2020 | $36.73 | $41.38 | 8/24/2020 | $34.27 | $39.25 |
| 7/10/2020 | $36.02 | $41.15 | 8/25/2020 | $34.75 | $39.17 |
| 7/13/2020 | $35.99 | $40.95 | 8/26/2020 | $35.17 | $39.10 |
| 7/14/2020 | $35.65 | $40.74 | 8/27/2020 | $36.75 | $39.06 |
| 7/15/2020 | $37.43 | $40.62 | 8/28/2020 | $36.71 | $39.02 |
| 7/16/2020 | $37.28 | $40.50 | 8/31/2020 | $38.43 | $39.01 |
| 7/17/2020 | $38.29 | $40.42 | 9/1/2020 | $37.13 | $38.98 |
| 7/20/2020 | $37.43 | $40.32 | 9/2/2020 | $36.94 | $38.94 |
| 7/21/2020 | $37.14 | $40.22 | 9/3/2020 | $36.19 | $38.90 |
| 7/22/2020 | $37.91 | $40.15 | 9/4/2020 | $35.77 | $38.85 |

For Class Members who held Tactile publicly traded securities at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions, and sales for purposes of calculating a claim. Under the FIFO method, sales of Tactile publicly traded securities during the Class Period will be matched, in chronological order, first against Tactile publicly traded securities held at the beginning of the Class Period. The remaining sales of Tactile publicly traded securities during the Class Period will then be matched, in chronological order, against Tactile publicly traded securities purchased or acquired during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in all Tactile publicly traded securities described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Tactile publicly traded securities that have been matched against Tactile publicly traded securities held at the beginning of the Class Period will not be used in the calculation of such net loss. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

11

A purchase, acquisition, or sale of Tactile publicly traded securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition, and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Tactile publicly traded securities during the Class Period shall not be deemed a purchase, acquisition, or sale of Tactile publicly traded securities for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Tactile publicly traded securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Tactile publicly traded securities.

Option contracts are not securities eligible to participate in the Settlement. With respect to Tactile publicly traded securities purchased or sold through the exercise of an option, the purchase/sale of the Tactile publicly traded securities is the exercise date of the option and the purchase/sale price of the Tactile publicly traded securities is the exercise price of the option. Any recognized claim arising from the purchase of Tactile publicly traded securities acquired during the Class Period through the exercise of an option on Tactile publicly traded securities shall be computed as provided for other purchases of Tactile publicly traded securities in the Plan of Allocation.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to any appropriate non-sectarian, non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. No Person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator, or other Person designated by Lead Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased or acquired Tactile publicly traded securities during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Tactile publicly traded securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form via First Class Mail directly to the beneficial owners of the Tactile publicly traded securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Your reasonable expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

*Tactile Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301134, Los Angeles, CA 90030-1134

DATED: May 4, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Civ. No. 0:20-cv-02074-NEB-DTS |
| Plaintiff, ) ) | CLASS ACTION |
| vs. ) ) | |
| TACTILE SYSTEMS TECHNOLOGY, INC., et al., ) ) | |
| Defendants. ) ) ) | |

**PROOF OF CLAIM AND RELEASE**

**I.    GENERAL INSTRUCTIONS**

1.    To recover as a Member of the Class based on your claims in the action *Mart v. Tactile Systems Technology, Inc., et al.*, No. 0:20-cv-02074-NEB-DTS (the "Litigation"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release ("Proof of Claim form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED CLAIM FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN AUGUST 23, 2023, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*Tactile Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301134
Los Angeles, CA 90030-1134
Online Submissions: www.TactileSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a Member of the Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Claim Form.

4.    If you are a Member of the Class and you do not request exclusion, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

5.    It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how the Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

**II.    CLAIMANT IDENTIFICATION**

You are a Member of the Class if you purchased or otherwise acquired Tactile publicly traded securities during the period from May 7, 2018 through June 8, 2020, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) any Person who was an officer or director of Tactile during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Tactile; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person. Also excluded from the Class is any Person who would otherwise be a Member of the Class but who validly and timely requests exclusion in accordance with the requirements set by the Court.

---

[1]    This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.TactileSecuritiesSettlement.com.

1

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the Tactile publicly traded securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE TACTILE PUBLICLY TRADED SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Claim Form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be considered to have been submitted unless the Claims Administrator issues an email to that effect. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third-Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Tactile Publicly Traded Securities," to supply all required details of your transaction(s) in Tactile publicly traded securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions and *all* of your sales of Tactile publicly traded securities from May 7, 2018 through September 4, 2020, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Tactile publicly traded securities you held at the close of trading on May 6, 2018, June 8, 2020, and September 4, 2020. Failure to report all such transactions may result in the rejection of your claim.

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Tactile publicly traded securities, and the date of a "short sale" is deemed to be the date of sale of Tactile publicly traded securities.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Tactile publicly traded securities. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

2

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

*Mart v. Tactile Systems Technology, Inc., et al.*

Civ. No. 0:20-cv-02074-NEB-DTS

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed)
or Received (if Submitted Online)
No Later Than August 23, 2023**

**TTU**

Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN TACTILE PUBLICLY TRADED SECURITIES. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.    First Name

Last Name (Co-Beneficial Owner)

M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

Telephone Number (Primary Daytime)

Telephone Number (Alternate)

Email Address

### MAILING INFORMATION

Address

Address (cont.)

City

State    ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



3

**PART II: SCHEDULE OF TRANSACTIONS IN TACTILE PUBLICLY-TRADED SECURITIES**

A.  Number of shares of Tactile publicly traded securities held at the close of trading on May 6, 2018. (Must be documented.) If none, write "zero":

Proof Enclosed? ○ Y  ○ N

B.  Purchases or acquisitions of Tactile publicly traded securities from May 7, 2018 through September 4, 2020, inclusive (Must be documented.):

**PURCHASES**

| Trade Date(s) (List Chronologically) MM / DD / YYYY | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| 1.  / / | | $ .00 | ○ Y ○ N |
| 2.  / / | | $ .00 | ○ Y ○ N |
| 3.  / / | | $ .00 | ○ Y ○ N |
| 4.  / / | | $ .00 | ○ Y ○ N |
| 5.  / / | | $ .00 | ○ Y ○ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| MM / DD / YYYY | Merger Shares: | Company: |
|---|---|---|
|  / / | | |

C.  Sales of Tactile publicly traded securities from May 7, 2018 through September 4, 2020, inclusive (Must be documented.):

**SALES**

| Trade Date(s) (List Chronologically) MM / DD / YYYY | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| 1.  / / | | $ .00 | ○ Y ○ N |
| 2.  / / | | $ .00 | ○ Y ○ N |
| 3.  / / | | $ .00 | ○ Y ○ N |
| 4.  / / | | $ .00 | ○ Y ○ N |
| 5.  / / | | $ .00 | ○ Y ○ N |

D.  Number of shares of Tactile publicly traded securities held at the close of trading on June 8, 2020. (Must be documented.) If none, write "zero":

Proof Enclosed? ○ Y  ○ N

E.  Number of shares of Tactile publicly traded securities held at the close of trading on September 4, 2020. (Must be documented.) If none, write "zero:

Proof Enclosed? ○ Y  ○ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Minnesota with respect to my (our) claim as a Member of the Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or acquisition of Tactile publicly traded securities during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release from the Released Claims each and all of the Released Defendant Parties.

2.    "Released Defendant Party" or "Released Defendant Parties" mean each and all of Defendants, Defendants' Counsel, and any of their Related Parties.

3.    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment, matters, issues, claims (including "Unknown Claims," as defined below), and causes of action, of every nature and description whatsoever, in law, equity, or otherwise, whether known or unknown, asserted or unasserted, accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common, or foreign law, or any other law, rule, or regulation, whether class and/or individual in nature, that Lead Plaintiff or any other Class Member asserted or could have asserted in the Litigation, or could in the future assert in any court or forum based upon, related in any way to, in connection with, or arising from both: (a) the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation, and (b) the purchase, acquisition, sale, or disposition of Tactile publicly traded securities purchased or acquired by Lead Plaintiff or any other Class Member between May 7, 2018 and June 8, 2020, inclusive. "Released Claims" does not include: (i) derivative claims; and (ii) claims to enforce the Settlement.

4.    "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, against Lead Plaintiff, Plaintiff's Counsel or any Class Member that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

5.    "Unknown Claims" means (a) any and all Released Claims which any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of Lead Plaintiff, the Class and Plaintiff's Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class and Plaintiff's Counsel. With respect to (a) any and all Released Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiff, the Class and Plaintiff's Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard



to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class and Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.    These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Tactile publicly traded securities during the Class Period and the number of shares of Tactile publicly traded securities held by me (us) at the close of trading on May 6, 2018, June 8, 2020, and September 4, 2020.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of _____ in _____

(Month/Year)                                                  (City/State/Country)

_____                    _____
(Sign your name here)                                                  (Sign your name here)


_____                    _____
(Type or print your name here)                                     (Type or print your name here)


_____                    _____
(Capacity of person(s) signing, *e.g.*,                               (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)   Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this claim is being made on behalf of Joint Clamaints, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your Claim Form and all supporting documentation for your records.

6. If you desire an acknowledgement of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. Do not use red pen or highlighter on the Claim Form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR MAILED
NO LATER THAN AUGUST 23, 2023, ADDRESSED AS FOLLOWS:**

*Tactile Securities Settlement*
Claims Administrator, c/o Gilardi & Co. LLC
P.O. Box 301134, Los Angeles, CA 90030-1134
www.TactileSecuritiesSettlement.com

EXHIBIT B



1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

May 25, 2023

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re:  **Tactile Securities Settlement**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release for the above referenced litigation. Please note both the class period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all persons who purchased or otherwise acquired Tactile Systems Technology, Inc. ("Tactile") publicly traded securities during the period from May 7, 2018 through June 8, 2020, inclusive, and who were damaged thereby, and are not otherwise excluded from the class (the "Class"). In addition, **the Notice provides that the Exclusion Deadline is August 2, 2023 and the Claim Filing Deadline is August 23, 2023.**

Please pay particular attention to the "Special Notice to Securities Brokers and Other Nominees" on page twelve of the Notice which states, in part: If you purchased or acquired Tactile publicly traded securities during the Class Period for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased or acquired such Tactile publicly traded securities during such time period, or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form via First Class Mail directly to the beneficial owners of the Tactile publicly traded securities referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Class Members.

Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send.  Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. If you have any questions, please email to Notifications@Gilardi.com.

Sincerely,

Gilardi and Company, LLC

# EXHIBIT C

THE WALL STREET JOURNAL.

Thursday, June 1, 2023 | B7

ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## PUBLIC NOTICES



### PUBLICATION NOTICE TO CREDITORS AND DEPOSITORS OF SILICON VALLEY BRIDGE BANK, N.A. SANTA CLARA, CA

On **March 27, 2023** (the "Closing Date"), the **Office of the Comptroller of the Currency** closed **SILICON VALLEY BRIDGE BANK, N.A., Santa Clara, CA** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation (the "FDIC") as Receiver (the "Receiver") to handle all matters relating to the Failed Institution.

#### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before July 10, 2023** (the "Claims Bar Date"). You may submit your proof of claim form via our interactive FDIC Claims Portal at https://resolutions.fdic.gov/claimsportal/s/, the FDIC website at https://www.fdic.gov/resources/forms/deposit-claims-and-asset-sales/index.html, or by calling 972-761-8677.

Claims may be submitted through the FDIC Claims Portal, or mailed to the following address:

FDIC as Receiver of
**Silicon Valley Bridge Bank, N.A.**
600 North Pearl Street, Suite 700, Dallas, TX 75201
Attention: Claim Agent **10542**

**Under federal law 12 U.S.C. Section 1821(d)(5)(C), failure to file a claim on or before the Claims Bar Date will result in the Receiver disallowing the claim. The disallowance is final.**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

#### TO THE DEPOSITORS OF THE FAILED INSTITUTION

The FDIC, which insures your deposits in its corporate capacity, arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **First–Citizens Bank & Trust Company, Raleigh, NC** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution.

All deposits were fully insured and transferred to **First–Citizens Bank & Trust Company, Raleigh, NC.** If you disagree with the FDIC's determination of your insurance coverage as represented by the account(s) made available at the New Institution, you may request a review of the FDIC's determination in the United States District Court where the Failed Institution was located. You must request this review no later than 60 days after the date on which your deposits became available to you at **First–Citizens Bank & Trust Company, Raleigh, NC.** Requesting a review will not prevent you from using the funds in your new account.

**You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.** Under federal law (Unclaimed Deposits Amendments Act of 1993 (12 U.S.C. Section 1822(e)), you must claim ownership of your deposits at **First–Citizens Bank & Trust Company, Raleigh, NC** within eighteen (18) months from the Closing Date, which is **September 27, 2024.** Official Items issued by the Failed Institution; such as, cashier's checks, dividend checks, interest checks, expense checks, and money orders are considered Deposits and must also be claimed within 18 months from the Closing Date. You may claim your deposits at **First–Citizens Bank & Trust Company, Raleigh, NC** by taking any one of the following actions. If you have more than one deposit account, your action will automatically claim your deposits for all accounts.

1. Make a deposit to or withdrawal from your account(s), including writing a check on any account, automatic direct deposits, or automatic withdrawals.
2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s).
3. Provide the New Institution with a completed change of address form.
4. Write to the New Institution at the address below and ask that your account(s) remain active. In your letter, include the type of the account(s): checking, savings, money market, etc., the name(s) on the account(s), the account number(s), and the signature of an authorized signer on the account(s), with your name and address.

3003 Tasman Dr., Santa Clara, CA 95054

If you do not claim ownership of your Deposits at the New Institution by **September 27, 2024**, federal law requires these unclaimed deposits be transferred to the State's Unclaimed Property Division, according to your address listed with the Failed Institution. If your address is outside of the United States, the FDIC will deliver your deposits to the State in which the Failed Institution had its main office. According to the Unclaimed Deposits Amendments Act of 1993 (12 U.S.C. Section 1822(e)), **you will have ten years to claim your deposits from the State's Unclaimed Property Division according to the state's unclaimed property laws. If you do not claim your deposits from the State within the ten-year period, federal law prohibits you from claiming your deposits.**

If the State does not take custody of your Deposits, after the 18-month period, you may claim your Deposits from the FDIC until the receivership is terminated. A receivership can be terminated at any time. Once the receivership terminates, you will not be able to claim your deposits.

If you have a loan with the Failed Institution, and you would like to discuss offsetting your insured and/or uninsured Deposit(s) against the loan, visit the FDIC Claims Portal (https://resolutions.fdic.gov/claimsportal/s/), or call 972-761-2112.



### PUBLICATION NOTICE TO CREDITORS AND DEPOSITORS OF SIGNATURE BRIDGE BANK, N.A. NEW YORK, NY

On **March 20, 2023** (the "Closing Date"), the **Office of the Comptroller of the Currency** closed **SIGNATURE BRIDGE BANK, N.A., New York, NY** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation (the "FDIC") as Receiver (the "Receiver") to handle all matters relating to the Failed Institution.

#### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before July 17, 2023** (the "Claims Bar Date"). You may submit your proof of claim form via our interactive FDIC Claims Portal at https://resolutions.fdic.gov/claimsportal/s/, the FDIC website at https://www.fdic.gov/resources/forms/deposit-claims-and-asset-sales/index.html, or by calling 972-761-8677.

Claims may be submitted through the FDIC Claims Portal, or mailed to the following address:

FDIC as Receiver of
**Signature Bridge Bank, N.A.**
600 Pearl Street, Suite 700, Dallas, TX 75201
Attention: Claim Agent **10541**

**Under federal law 12 U.S.C. Section 1821(d)(5)(C), failure to file a claim on or before the Claims Bar Date will result in the Receiver disallowing the claim. The disallowance is final.**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

#### TO THE DEPOSITORS OF THE FAILED INSTITUTION

The FDIC, which insures your deposits in its corporate capacity, arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, **Flagstar Bank, N.A., Hicksville, NY** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution.

The vast majority of deposits, with the exception of those related to the digital banking business, were transferred to **Flagstar Bank, N.A.** with full ownership rights and capacities, and those accounts will continue to be insured by the FDIC up to the insurance limit. Digital banking depositors, though, had until April 5, 2023, to close their accounts by contacting **Flagstar Bank, N.A.** If you are a depositor with accounts related to the digital banking business and you have not received any funds due, please contact the FDIC at (972) 761-2112.

If you disagree with the FDIC's determination of your insurance coverage as represented by the account(s) made available at the New Institution, you may request a review of the FDIC's determination in the United States District Court where the Failed Institution was located. You must request this review no later than 60 days after the date on which your deposits became available to you at **Flagstar Bank, N.A..** Requesting a review will not prevent you from using the funds in your new account.

**Unless you have deposits related to the digital banking business, you may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.** Under federal law (Unclaimed Deposits Amendments Act of 1993 (12 U.S.C. Section 1822(e)), you must claim ownership of your deposits at **Flagstar Bank, N.A.** within eighteen (18) months from the Closing Date, which is **September 20, 2024. Official Items issued by the Failed Institution, such as, cashier's checks, dividend checks, interest checks, expense checks, and money orders are considered Deposits and must also be claimed within 18 months from the Closing Date.** You may claim your deposits at **Flagstar Bank, N.A.** by taking any one of the following actions. If you have more than one deposit account, your action will automatically claim your deposits for all accounts.

1. Make a deposit to or withdrawal from your account(s), including writing a check on any account, automatic direct deposits, or automatic withdrawals.
2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s).
3. Provide the New Institution with a completed change of address form.
4. Write to the New Institution at the address below and ask that your account(s) remain active. In your letter, include the type of the account(s): checking, savings, money market, etc., the name(s) on the account(s), the account number(s), and the signature of an authorized signer on the account(s), with your name and address.

102 Duffy Avenue, Hicksville, NY 11801

If you do not claim ownership of your deposits at the New Institution by **September 20, 2024**, federal law requires these unclaimed deposits be transferred to the State's Unclaimed Property Division, according to your address listed with the Failed Institution. If your address is outside of the United States, the FDIC will deliver your deposits to the State in which the Failed Institution had its main office. According to the Unclaimed Deposits Amendments Act of 1993 (12 U.S.C. Section 1822(e)), **you will have ten years to claim your deposits from the State's Unclaimed Property Division according to the state's unclaimed property laws. If you do not claim your deposits from the State within the ten-year period, federal law prohibits you from claiming your deposits.**

If the State does not take custody of your Deposits, after the 18-month period, you may claim your Deposits from the FDIC until the receivership is terminated. A receivership can be terminated at any time. Once the receivership terminates, you will not be able to claim your deposits.

If you have a loan with the Failed Institution, and you would like to discuss offsetting your insured and/or uninsured Deposit(s) against the loan, visit the FDIC Claims Portal (https://resolutions.fdic.gov/claimsportal/s/), or call 972-761-2112.

---

## CLASS ACTION

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRIAN MART, Individually and on Behalf of All Others Similarly Situated,
Plaintiff,
vs.
TACTILE SYSTEMS TECHNOLOGY, INC., et al.,
Defendants.

Civ No. 0:20-cv-02074-NEB-DTS

CLASS ACTION

SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TACTILE SYSTEMS TECHNOLOGY, INC. ("TACTILE" OR THE "COMPANY") PUBLICLY TRADED SECURITIES DURING THE PERIOD FROM MAY 7, 2018 THROUGH JUNE 8, 2020, INCLUSIVE, AND WERE DAMAGED THEREBY ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on August 23, 2023, at 10:00 a.m. (Central time), before the Honorable Nancy E. Brasel via Zoom at the link available at https://www.zoomgov.com/j/1600690317?pwd=M2RaOHSXFVZHVoR2ErQWl6cXd2UT09, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $5,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below), and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

To keep the number of video links to a manageable number, observers that wish to only watch the hearing shall participate by telephone using the following information:

Dial: 1-669-254-5252
Meeting ID: 160 069 0317
Passcode: 144682

IF YOU PURCHASED OR ACQUIRED TACTILE PUBLICLY TRADED SECURITIES FROM MAY 7, 2018 THROUGH JUNE 8, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail (**postmarked no later than August 23, 2023**) or electronically (**no later than August 23, 2023**). Your failure to submit your Proof of Claim by August 23, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased or acquired Tactile publicly traded securities from May 7, 2018 through June 8, 2020, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.TactileSecuritiesSettlement.com, or by contacting the Claims Administrator:

Tactile Securities Settlement
Claims Administrator
c/o Gilard & Co. LLC
P.O. Box 301134
Los Angeles, CA 90030-1134
1-888-846-6829

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY AUGUST 2, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $5,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $139,000. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY AUGUST 2, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: May 4, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

[1] The Stipulation can be viewed and/or obtained at www.TactileSecuritiesSettlement.com.

---

## PUBLIC NOTICES



### PUBLICATION NOTICE TO CREDITORS AND DEPOSITORS OF SIGNATURE BANK NEW YORK, NY

On **March 12, 2023** (the "Closing Date"), the **New York State Department of Financial Services closed SIGNATURE BANK, New York, NY** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation (the "FDIC") as Receiver (the "Receiver") to handle all matters relating to the Failed Institution.

#### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before July 17, 2023** (the "Claims Bar Date"). You may submit your proof of claim form via our interactive FDIC Claims Portal at https://resolutions.fdic.gov/claimsportal/s/, the FDIC website at https://www.fdic.gov/resources/forms/deposit-claims-and-asset-sales/index.html, or by calling 972-761-8677.

Claims may be submitted through the FDIC Claims Portal, or mailed to the following address:

FDIC as Receiver of
**Signature Bank**
600 Pearl Street, Suite 700, Dallas, TX 75201
Attention: Claim Agent **10540**

**Under federal law 12 U.S.C. Section 1821(d)(5)(C), failure to file a claim on or before the Claims Bar Date will result in the Receiver disallowing the claim. The disallowance is final.**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

#### TO THE DEPOSITORS OF SIGNATURE BANK

On **March 12, 2023**, the FDIC, which insures your deposits in its corporate capacity, arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts – to **SIGNATURE BRIDGE BANK, N.A.** On **March 20, 2023**, the **Office of the Comptroller of the Currency** closed **SIGNATURE BRIDGE BANK, N.A., New York, NY** and appointed the Federal Deposit Insurance Corporation as Receiver to handle all matters relating to the Failed Institution. Please see the Signature Bridge Bank, N.A. publication notice for information about your deposits or visit www.FDIC.gov.



### PUBLICATION NOTICE TO CREDITORS AND DEPOSITORS OF SILICON VALLEY BANK SANTA CLARA, CA

On **March 10, 2023** (the "Closing Date"), the **California Department of Financial Protection and Innovation** closed **Silicon Valley Bank, Santa Clara, CA** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation (the "FDIC") as Receiver (the "Receiver") to handle all matters relating to the Failed Institution.

#### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before July 10, 2023** (the "Claims Bar Date"). You may submit your proof of claim form via our interactive FDIC Claims Portal at https://resolutions.fdic.gov/claimsportal/s/, the FDIC website at https://www.fdic.gov/resources/forms/deposit-claims-and-asset-sales/index.html, or by calling 972-761-8677.

Claims may be submitted through the FDIC Claims Portal, or mailed to the following address:

FDIC as Receiver of
**Silicon Valley Bank**
600 North Pearl Street, Suite 700
Dallas, TX 75201
Attention: Claim Agent **10539**

**Under federal law 12 U.S.C. Section 1821(d)(5)(C), failure to file a claim on or before the Claims Bar Date will result in the Receiver disallowing the claim. The disallowance is final.**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

#### TO THE DEPOSITORS OF SILICON VALLEY BANK

On **March 10, 2023**, the FDIC, which insures your deposits in its corporate capacity, arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts – to **SILICON VALLEY BRIDGE BANK, N.A.** On **March 27, 2023**, the **Office of the Comptroller of the Currency** closed **SILICON VALLEY BRIDGE BANK, N.A., SANTA CLARA, CA** and appointed the Federal Deposit Insurance Corporation as Receiver to handle all matters relating to the Failed Institution. Please see the Silicon Valley Bridge Bank, N.A. publication notice for information about your deposits or visit www.FDIC.gov.

---

## BUSINESS OPPORTUNITIES

**20%+ RETURN, APPROX.(9) MONTHS**
Invest $608,662 Receive $760,827+7% interest
This is Michael Marich & The Capital Group
Ive' been selling businesses for over (45) years
References Available, Call (916) 772-7309
Email 4michaelmarich@gmail.com



### THE WALL STREET JOURNAL.
# THE MARKETPLACE
ADVERTISE TODAY
**(800) 366-3975**
For more information visit:
**wsj.com/classifieds**

© 2023 Dow Jones & Company, Inc.
All Rights Reserved.

## BUSINESS OPPORTUNITIES



## HOT AIR BALLOON CO. FOR SALE



in Beautiful
Napa Valley
Completely Turnkey
Huge Upside
Scalable

## 707-294-2944

## PUBLIC NOTICES

**PLEASE TAKE NOTICE THAT** Michele Vives, the Court-appointed Receiver ("Receiver") for 1inMM Capital, LLC ("1inMM") is available to investor or client funds or that were fraudulently transferred by 1inMM or Zachary J. Horwitz ("Horwitz"), and certain plaintiffs who invested in 1inMM, have reached an agreement to settle all claims asserted or that could have been asserted against Tyler Crookston arising out of or relating to 1inMM, the 1inMM Ponzi Scheme or JJMT Capital, LLC ("Settlement"). As part of the Settlement, the Receiver has asked the Court to permanently enjoin any person or entity from commencing any legal proceeding against Mr. Crookston asserting any legal claim arising out of, in connection with or relating in any way to, 1inMM, the 1inMM Ponzi Scheme, JJMT or Horwitz, as more particularly described in the proposed Bar Order (a "1inMM Claim"). All 1inMM Claims will be channeled into a receivership claims process the Court will establish by separate order. Complete copies of the Settlement Agreement, the proposed Bar Order and other documents pertaining to the Settlement are available on the Receiver's website, www.1inMMreceivership.com.

Interested parties may submit written questions or objections to the Settlement to the Receiver by sending an email to 1inMM@douglaswilson.com by no later than 4:00 pm PDT on July 3, 2023. (All capitalized terms not defined in this notice are defined in the Settlement Agreement or the Motion.)

**Paladin Reinsurance Corporation**
This company advises all creditors that it is entering into a Commutation Plan under Section 1321(b) of the New York Insurance Law and Department Regulation 141 (11 NYCRR Section 128).
Any person who has and can provide details of a claim against this Estate should email by 14 July 2023 details of their claims to commutation@paladinreinsurance.com.

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on June 1, 2023:

Name of Publication: The Wall Street Journal

Address: 1211 Avenue of the Americas

City, State, Zip: New York, NY 10036

Phone #: 1-800-568-7625

State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of June 2023, at Sellersville, Pennsylvania.

*Carla Peak*
_____
Carla Peak



# Robbins Geller Rudman & Dowd LLP Announces Proposed Settlement in the Tactile Securities Litigation

June 01, 2023 08:00 AM Eastern Daylight Time

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP regarding the Tactile Securities Litigation:

UNITED STATES DISTRICT COURT<br>DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., et al.,<br><br>     Defendants. | Civ No. 0:20-cv-02074-NEB-DTS<br><br><u>CLASS ACTION</u><br><br>SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED TACTILE SYSTEMS TECHNOLOGY, INC. ("TACTILE" OR THE "COMPANY") PUBLICLY TRADED SECURITIES DURING THE PERIOD FROM MAY 7, 2018 THROUGH JUNE 8, 2020, INCLUSIVE, AND WERE DAMAGED THEREBY ("CLASS" OR "CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on August 23, 2023, at 10:00 a.m. (Central time), before the Honorable Nancy E. Brasel via Zoom at the link available at https://www.zoomgov.com/j/1600690317?pwd=M2RaOHSXFVZHVoR2ErQWl6cXd2UT09, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $5,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (3) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below), and, if so, in what amounts; and (4) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

To keep the number of video links to a manageable number, observers that wish to only watch the hearing shall participate by telephone using the following information:

Dial: 1-669-254-5252
Meeting ID: 160 069 0317
Passcode: 144682

IF YOU PURCHASED OR ACQUIRED TACTILE PUBLICLY TRADED SECURITIES FROM MAY 7, 2018 THROUGH JUNE 8, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than August 23, 2023)** or electronically **(no later than August 23, 2023)**. Your failure to submit your Proof of Claim by August 23, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased or acquired Tactile publicly traded securities from May 7, 2018 through June 8, 2020, inclusive, and do not request exclusion from the Class, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.TactileSecuritiesSettlement.com, or by contacting the Claims Administrator:

*Tactile Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301134
Los Angeles, CA 90030-1134
1-888-846-6829

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED BY AUGUST 2, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 30% OF THE $5,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $139,000. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL **BY AUGUST 2, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: May 4, 2023                          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                          DISTRICT OF MINNESOTA

[1] The Stipulation can be viewed and/or obtained at www.TactileSecuritiesSettlement.com.

Contacts

Media:

Robbins Geller Rudman & Dowd LLP

Shareholder Relations Department

Greg Wood

(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire

Address: 101 California Street 20th Floor

City, ST Zip: San Francisco, CA 94111

Phone #: 415-986-4422

State of: California

The press release was distributed on June 1, 2023 to the following media circuits offered by the above-referenced wire service:

1. National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 1st day of June 2023, at Sellersville, Pennsylvania.

_Carla Peak_

Carla Peak