UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>    vs.<br><br>TACTILE SYSTEMS TECHNOLOGY, INC., et al.,<br><br>                 Defendants. | Civ. No. 0:20-cv-02074-NEB-DTS<br><br><u>CLASS ACTION</u><br><br>NOTICE OF NON-OPPOSITION AND REPLY MEMORANDUM IN FURTHER SUPPORT OF: (1) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES |

4880-9521-9831.v1

St. Clair County Employees' Retirement System ("Lead Plaintiff") and Lead Counsel respectfully submit this notice of non-opposition and reply memorandum in further support of: (i) Lead Plaintiff's motion for final approval of the proposed class action Settlement and approval of the Plan of Allocation (ECF 158, 160); and (ii) Lead Counsel's application for an award of attorneys' fees and expenses (ECF 161, 163).[1]

## I.      Preliminary Statement

Following a wide-ranging, Court-approved notice program, Lead Plaintiff is pleased to advise the Court that there has been a unanimously positive reaction from the Class to the proposed $5,000,000 Settlement, Plan of Allocation, and the fee and expense application. Nearly 23,000 individuals and entities received notice of this Settlement. *The Wall Street Journal* published notice of the Settlement, a summary notice was placed on an internet business newswire, and a publicly accessible website was established to provide information regarding this Litigation and the Settlement. Not a single objection nor request to opt out of the Settlement was submitted.

The Class's universally positive response to the Settlement resoundingly confirms the fact that the $5 million recovery is a highly favorable recovery for the Class. As discussed in Lead Plaintiff's motion, the $5 million Settlement is an excellent result when compared to the related *qui tam* action, which brought similar allegations of Tactile's illegal sales practices, but secured no recovery when the claims were voluntarily dismissed on the eve of

---

[1]     Unless otherwise noted, all capitalized terms not defined herein have the same meanings set forth in the Stipulation of Settlement dated February 28, 2023 ("Stipulation") (ECF 147), or the Declaration of Ashley M. Price in Support of: (1) Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (2) an Award of Attorneys' Fees and Expenses ("Price Declaration") (ECF 164).

4880-9521-9831.v1

trial. Moreover, the Settlement represents 7% of the estimated aggregate damages in this Litigation – exceeding the median percentage of settlements as compared to classwide damages for securities class actions settled in the Eighth Circuit in the last ten years. *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements: 2022 Review and Analysis*, at 19, Appendix 3 (Cornerstone Research 2023) ("Cornerstone Report"), available at https://www.cornerstone.com/wp-content/uploads/2023/03/Securities-Class-Action-Settlements-2022-Review-and-Analysis.pdf.

Thus, for the reasons set forth below and in the previously submitted memoranda and declarations in support thereof, Lead Plaintiff and Lead Counsel respectfully request that the Court grant final approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense application.

## II.    The Notice Provided to the Class Met All Due Process Requirements

Lead Counsel and the Claims Administrator, Gilardi & Co. LLC, conducted an extensive, Court-approved notice program. As described in the accompanying Supplemental Declaration of Ross D. Murray Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Suppl. Murray Decl.") and the prior Murray Declaration (ECF 164-3), notice of the Settlement was sent to nearly 23,000 potential Class Members and their nominees. Notice was also published in *The Wall Street Journal*, transmitted over *Business Wire*, and posted on the Claims Administrator's website dedicated to this Litigation. The website containing all pertinent information relating to the Litigation and a toll-free number for Class Members to call to ask questions were established and have been operational since May 25, 2023, and will remain so until the Net Settlement Fund is completely distributed.

4880-9521-9831.v1

Based on this evidence of the execution of a comprehensive notice program, there can be no question that the notice provided to the Class met all due process, Rule 23, and PSLRA requirements. *See Petrovic v. AMOCO Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999); *In re Centurylink Sales Pracs. & Sec. Litig.*, No. 17-2795 (MJD/KMM), 2021 WL 3080960, at* 8 (D. Minn. July 21, 2021) (approving a substantially similar notice program as "reasonable and effective" as it "complied with the requirements of due process, the Federal Rules of Civil Procedure, and the PSLRA").

## III. The Reaction of the Class Strongly Supports Final Approval of the Settlement and the Plan of Allocation

The Eighth Circuit considers "the amount of opposition to the settlement" an important factor in determining whether a proposed class action settlement is fair, reasonable and adequate. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005) (finding the fact that "the amount of opposition to the settlement [was] miniscule" supported approval of the settlement); *McClean v. Health Sys., Inc.*, No. 6:11-CV-03037-DGK, 2015 WL 12426091, at *6 (W.D. Mo. June 1, 2015) (where no class member objected to the settlement, this "lack of opposition clearly supports approval").

Here, the deadline for objections was August 2, 2023, and *no Class Member objected to any aspect of the Settlement, Plan of Allocation or the fee and expense application, nor did any Class Member request exclusion from the Class*. The Class's reaction is indicative of the fairness, adequacy, and reasonableness of the Settlement, Plan of Allocation, and the fee and expense application.

Following the comprehensive notice program undertaken in accordance with the Court's Preliminary Approval Order, the fact that not a single objection was filed strongly supports approval of the Settlement. *See Strathclyde Pension Fund v. Bank OZK*, No. 4:18-cv-793-DPM, 2022 WL 6325251, at *1 (E.D. Ark. Sept. 23, 2022) (noting that "[t]here was a full and fair opportunity for class members to object. Not one did," and finding that "the amount of opposition to the settlement" weighed in its favor); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 ADM/AJB, 2013 WL 716088, at *7 (D. Minn. Feb. 27, 2013) ("The absence of any opposition to the settlement strongly supports final approval.").

The fact that no institutional investors have objected to the Settlement is additional evidence of the Settlement's fairness, particularly since these sophisticated investors have the means and incentive to object to a settlement if they believe an objection was warranted. *See, e.g.*, *In re UnitedHealth Grp. Inc. Shareholder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158 (D. Minn. 2009) ("Ultimately, the overwhelming majority of investors, including institutional investors having the largest stake in the outcome, have offered no objection. This factor weighs in favor of the settlement."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 14-cv-2058 JST, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger").

Furthermore, there have been no objections to the Plan of Allocation. As discussed in Lead Plaintiff's opening papers, like the Settlement, the Plan of Allocation – which was developed in consultation with Lead Plaintiff's damages expert – is fair and reasonable. *See*

- 4 -

4880-9521-9831.v1

ECF 160 at 18-19; ECF 164, ¶¶64-65.  Thus, the Class's reaction provides additional strong support for approving the Plan of Allocation.

## IV.    The Unanimous Reaction of the Class Supports Approval of the Fee and Expense Application

As with the Settlement and Plan of Allocation, no Class Member has objected to Lead Counsel's request for attorneys' fees and expenses.  The fact that there have been no objections demonstrates the fairness and reasonableness of the requested fee and expense award.  *See Bishop v. DeLaval Inc.*, No. 5:19-cv-06129-SRB, 2022 WL 18957112, at *2 (W.D. Mo. July 20, 2022) (finding "no objections have been made to the requests for attorneys' fees or expenses" and confirming the reasonableness of the requested fee award); *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-2795 (MJD/KMM), 2020 WL 7133805, at *12 (D. Minn. Dec. 4, 2020) (noting "[t]he reaction of the Class shows little dissatisfaction with the Settlement" in approving counsel's fee request); *Ray v. Lundstrom*, No. 8:10-CV-199, 2012 WL 5458425, at *4 (D. Neb. Nov. 8, 2012) (awarding one-third fee in a $3.1 million recovery where the single objector to the attorneys' fee award requested exclusion from the class and finding the requested fees reasonable "in view of the relatively low multiplier, the risk of nonrecovery and the complexity of the case").

As set forth in greater detail in Lead Counsel's opening brief, Lead Counsel's fee request of 30% of the Settlement Fund is well within the normal range of awards for similar class action litigations and is both fair and reasonable under the facts.  ECF 163 at 20-21. The reaction of the Class following the Court-approved notice program reinforces that

conclusion and further supports the requested $123,248.81 in expenses incurred by Lead Counsel in prosecuting this Litigation.  *Id.* at 22.

## V.    Conclusion

The $5 million Settlement, which was achieved after more than two years of hard-fought litigation, represents a recovery for Class Members that exceeds the median percentage of recoveries achieved in similar actions, and is particularly notable considering that an action alleging similar misconduct obtained no recovery at all.  ECF 160 at 8-9.  For the reasons set forth herein and in their prior submissions, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation as fair, reasonable and adequate, and approve Lead Counsel's request for an award of attorneys' fees and expenses.  Proposed orders were filed on July 21, 2023.  *See* ECF 166, 167, and 168.

DATED:  August 16, 2023                    Respectfully submitted,

                                           ROBBINS GELLER RUDMAN
                                             & DOWD LLP
                                           ELLEN GUSIKOFF STEWART
                                           (admitted *pro hac vice*)
                                           JESSICA T. SHINNEFIELD
                                           (admitted *pro hac vice*)
                                           ASHLEY M. PRICE
                                           (admitted *pro hac vice*)
                                           NICOLE Q. GILLILAND
                                           (admitted *pro hac vice*)
                                           JOSEPH J. TULL
                                           (admitted *pro hac vice*)


                                                  s/ Ashley M. Price
                                           ASHLEY M. PRICE

4880-9521-9831.v1

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
jshinnefield@rgrdlaw.com
aprice@rgrdlaw.com
ngilliland@rgrdlaw.com
jtull@rgrdlaw.com

Lead Counsel for Lead Plaintiff

VANOVERBEKE, MICHAUD &
  TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

Additional Counsel for Lead Plaintiff

ZIMMERMAN REED LLP
CAROLYN G. ANDERSON, MN 275712
JUNE P. HOIDAL, MN 033330X
BEHDAD C. SADEGHI, MN 393374
1100 IDS Center, 80 South 8th Street
Minneapolis, MN  55402
Telephone:  612/341-0400
612/341-0844 (fax)
Carolyn.Anderson@zimmreed.com
June.Hoidal@zimmreed.com
Behdad.Sadeghi@zimmreed.com

Local Counsel

- 7 -

4880-9521-9831.v1

HAGENS BERMAN SOBOL SHAPIRO LLP
REED R. KATHREIN
LUCAS E. GILMORE
(admitted *pro hac vice*)
715 Hearst Avenue, Suite 300
Berkeley, CA  94710
Telephone:  510/725-3000
510/725-3001 (fax)
reed@hbsslaw.com
lucasg@hbsslaw.com

HAGENS BERMAN SOBOL SHAPIRO LLP
STEVE W. BERMAN
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone:  206/623-7292
206/623-0594 (fax)
steve@hbsslaw.com

Counsel for Plaintiff Brian Mart

- 8 -