# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| BRIAN MART, individually and on behalf of all others similarly situated, and ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM, | Case No. 20-CV-2074 (NEB/DTS) |
| Plaintiffs, | ORDER ON MOTION FOR FINAL APPROVAL OF SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION |
| v. | |
| TACTILE SYSTEMS TECHNOLOGY, INC., GERALD R. MATTYS, LYNN L. BLAKE, BRENT A. MOEN, ROBERT J. FOLKES, and BRYAN F. RISHE, | |
| Defendants. | |

Lead Plaintiff St. Clair County Employees' Retirement System sued Tactile Systems Technology Inc., Gerald R. Mattys, Lynn L. Blake, Brent A. Moen, Robert J. Folkes, and Bryan F. Rishe on behalf of a putative class in the above-captioned case. Lead Plaintiff[1] moves for an order granting final approval of the Settlement set forth in the Stipulation of Settlement, approving the Plan of Allocation, certifying a class for settlement purposes only, and dismissing this case with prejudice. (ECF No. 158.) For the reasons below, the motion is granted.

---

[1] This Order incorporates by reference the definitions in the Stipulation of Settlement dated February 28, 2023. (ECF No. 147 ("Stipulation").) All capitalized terms used, but not defined, have the same meanings as in the Stipulation.

## BACKGROUND

The factual background of this matter is detailed in the May 4, 2023 Order on Motion for Preliminary Approval of Settlement, (ECF No. 156 ("Notice Order")), including the Stipulation, and is incorporated by reference.

After the Claims Administrator disseminated Notice and posted Notice on the settlement website, Class Members had the opportunity to submit timely requests to be excluded from the Class or object to the Stipulation (including the Lead Counsel fees and expenses award). (ECF No. 160 at 21; *see* ECF No. 164-3 ¶¶ 4–14.) The Claims Administrator mailed 22,941 notices to potential Class Members and nominees, published the notice in *The Wall Street Journal*, transmitted it over *Business Wire*, and posted it on a website dedicated to this Settlement. (ECF No. 164-3 ¶¶ 11–12, 14; ECF No. 170 ¶ 4.) The Claims Administrator received no requests for exclusion, and no objections have been raised. (ECF No. 170 ¶¶ 5–6; ECF No. 169 at 2.)

The Court held the Final Approval Hearing at which time it also heard argument on the Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses, on August 23, 2023. (ECF Nos. 161, 171.) No Class Members appeared at that hearing.

## DISCUSSION

Rule 23(e)(2) of the Federal Rules of Civil Procedure provides the circumstances in which a court may approve a proposed class-action settlement that "would bind class members." Fed. R. Civ. P. 23(e)(2). The court must consider whether: (1) "class

representatives and class counsel have adequately represented the class"; (2) "the proposal was negotiated at arm's length"; (3) "the relief provided for the class is adequate," taking certain considerations into account; and (4) "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(A)–(D). The Eighth Circuit has set forth a similar test to determine the fairness and adequacy of a proposed settlement. *See Marshall v. Nat'l Football League*, 787 F.3d 502, 508 (8th Cir. 2015). Courts in the Eighth Circuit consider "the merits of the plaintiff's case weighed against the terms of the settlement"; "the defendant's financial condition"; "the complexity and expense of further litigation"; and "the amount of opposition to the settlement." *Id.* (citation omitted).

In its Notice Order, the Court concluded that the proposed class-action settlement likely satisfied the requirements of Rule 23(e)(2) and the Eighth Circuit's four-factor test. (Notice Order at 5–10.) At the time the Court ruled on Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement, it had no occasion to consider the amount of opposition to the Stipulation or to rule on any objections raised to its terms. (*Id.* at 9–10.) Since then, the Claims Administrator mailed over 22,900 notices to Class Members and nominees, published the notice in *The Wall Street Journal*, transmitted it over *Business Wire*, and made the terms of the Settlement available on a website. No Class Member has asked to be excluded from the Class, and no objections were raised to the Settlement, Plan of Allocation, or the attorneys' fee and expense application. "The absence of any opposition

to the settlement strongly supports final approval." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL-1958 (ADM/AJB), 2013 WL 716088, at *7 (D. Minn. Feb. 27, 2013); *see In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 933 (8th Cir. 2005) (affirming approval of a proposed class-action settlement when "the amount of opposition to the settlement is minuscule"). Having heard oral argument and having fully considered the Stipulation and all submissions made in connection with it, the Court now concludes that the proposed Settlement satisfies the requirements of Rule 23(e)(2) and the Eighth Circuit.

As for the Plan of Allocation, the Court finds that the formula for the calculation of the claims of Authorized Claimants that is set forth in the Notice sent to Class Members provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund established by the Stipulation among the Class Members, with due consideration having been given to administrative convenience and necessity. The Court finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable.

## CONCLUSION

The Court having considered all papers filed and proceedings herein and otherwise being fully informed and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, solely for purposes of effectuating the Settlement, a Class defined as: all Persons who purchased or otherwise acquired Tactile publicly traded securities during the period from May 7, 2018, through June 8, 2020, inclusive ("Class Period"), and who were damaged thereby. Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of each Defendant; (iii) any Person who was an officer or director of Tactile during the Class Period; (iv) any entity in which any Defendant has or had a controlling interest; (v) any corporate parent and/or affiliate of Tactile; and (vi) the legal representatives, heirs, successors-in-interest, or assigns of any such excluded Person.

3. Solely for purposes of the Settlement of this Litigation, the Court finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Class is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of Lead Plaintiff are typical of the claims of the Class; (d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the Members of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class individually controlling the prosecution with separate actions; (ii) the extent

and nature of any litigation about the controversy already commenced by Members of the Class; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4. Pursuant to Rule 23, Lead Plaintiff St. Clair County Employees' Retirement System is certified as Class Representative and Lead Counsel Robbins Geller Rudman & Dowd LLP is certified as Class Counsel solely for purposes of the Settlement of this Litigation.

5. Pursuant to Rule 23, the Court APPROVES the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for in it, and the dismissal with prejudice of the claims asserted against Defendants in the Litigation) and finds that:

(a) the Stipulation and Settlement contained in it, are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b) Lead Plaintiff and Plaintiff's Counsel have adequately represented the Class;

(c) there was no collusion in connection with the Stipulation;

(d) the Settlement was the product of informed, arm's-length negotiations among competent, able counsel;

(e)    the relief provided for the Class is adequate, having considered: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(2);

(f)    the proposed Plan of Allocation treats Class Members equitably relative to each other; and

(g)    the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

6. Pursuant to Rule 23, the Court finds and concludes that due and adequate notice was directed to all persons who are Class Members who could be identified with reasonable effort, advising them of the Plan of Allocation and of their right to object to it, and a full and fair opportunity was given to all persons and entities who are Class Members to be heard with respect to the Plan of Allocation.

7. The Court concludes that the formula for the calculation of the claims of Authorized Claimants that is in the Notice sent to Class Members provides a fair and reasonable basis to allocate the proceeds of the Net Settlement Fund established by the Stipulation among the Class Members, with due consideration

having been given to administrative convenience and necessity. The Court concludes that the Plan of Allocation in the Notice is, in all respects, fair and reasonable and the Court APPROVES the Plan of Allocation.

8. The Court concludes that the process set forth in Paragraph 5.10 of the Stipulation provides a fair and reasonable basis to reallocate any remaining funds after the initial distribution of the Net Settlement Fund to Authorized Claimants.

9. The Court concludes that the minimum distribution threshold of $10.00 as provided for in the Plan of Allocation is fair and reasonable and warranted to minimize expense and administrative costs to the Class.

10. Therefore, Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF No. 158) is GRANTED.

11. The Court directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions of this Order.

12. Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff shall, and each of the Class Members, on behalf of themselves, their successors and assigns, shall be deemed to have, and by this Order shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice all Released Claims (including Unknown Claims) against the Released Defendant Parties, whether or not such Class Member executes and delivers the Proof of Claim and Release form or shares

in the Net Settlement Fund. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released. Nothing contained in this Order shall release or bar any Releasing Plaintiff Party or Released Defendant Parties from bringing any action or claim to enforce the terms of the Stipulation or this Order.

13. Upon the Effective Date, and as provided in the Stipulation, all Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any of the Released Claims against any of the Released Defendant Parties.

14. Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by this Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiff, each and all the Class Members, and Plaintiff's Counsel. Claims to enforce the terms of the Stipulation or any order of the Court in the Litigation are not released.

15. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including the

individual notice to all Members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth in it, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and that notice fully satisfied the requirements of Rule 23 and the requirements of due process. No Class Member is relieved from the terms of the Settlement, including the releases provided for in it, based on the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing on it. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court determines that all Members of the Class are bound by this Order.

16. A separate order shall be entered regarding Lead Counsel's application for an award of attorneys' fees and expenses and shall in no way disturb or affect this Order.

17. Neither this Order, the Stipulation, nor the Settlement contained in it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or

liability of the Released Defendant Parties or their respective Related Parties; or (b) is, or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the Released Defendant Parties or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Defendant Parties and/or their respective Related Parties may file the Stipulation and/or this Order from this Litigation in any other action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. At the hearing on this motion, the parties represented that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $5,000,000.00 to the Settlement Fund, in accordance with Paragraph 2.2 of the Stipulation.

19. Without affecting the finality of this Order, this Court retains jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties for construing, enforcing, and administering the Stipulation.

20. The Court concludes, based on the representation of the parties, that during the Litigation, the Settling Parties and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

21. The terms of the Stipulation and of this Order shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether any individual Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

22. If the Settlement does not become effective under the Stipulation, or the Effective Date does not occur, or if the Settlement Fund, or any portion of it, is returned to Defendants or their insurers, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of November 18, 2022, all of which is provided in the Stipulation.

23. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation. The Settling Parties are authorized to agree to and adopt amendments or modifications of the

Stipulation or any exhibits attached to it to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Class Members in connection with the Settlement.

24. This Litigation and all Released Claims are DISMISSED WITH PREJUDICE. The Settling Parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 25, 2023                          BY THE COURT:

                                                s/Nancy E. Brasel
                                                Nancy E. Brasel
                                                United States District Judge