# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

BRIAN MART, individually and on behalf of all others similarly situated, and ST. CLAIR COUNTY EMPLOYEES' RETIREMENT SYSTEM,

                Plaintiffs,

v.

TACTILE SYSTEMS TECHNOLOGY, INC., GERALD R. MATTYS, LYNN L. BLAKE, BRENT A. MOEN, ROBERT J. FOLKES, and BRYAN F. RISHE,

                Defendants.

Case No. 20-CV-2074 (NEB/DTS)

ORDER ON MOTION FOR ATTORNEYS' FEES AND EXPENSES

---

Lead Counsel[1] moves for an award of attorneys' fees and expenses as part of the settlement of this class action. (ECF No. 161.) Rule 23(h) of the Federal Rules of Civil Procedure provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Lead Counsel seeks, on behalf of Plaintiff's Counsel, an award of attorneys' fees of 30% of the Settlement Amount, plus $123,248.81 in expenses incurred in prosecuting the Litigation, plus interest on these amounts at the same rate and for the

---

[1] This Order incorporates by reference the definitions in the Stipulation of Settlement dated February 28, 2023. (ECF No. 147 ("Stipulation").) All capitalized terms used, but not defined, have the same meanings as in the Stipulation.

same period as that earned by the Settlement Fund. The motion is unopposed. For the reasons below, the motion is granted.

## I.      Attorneys' Fees

As a general matter, to assess the reasonableness of requested attorneys' fees, courts use either the "percentage of the benefit" approach or the lodestar method. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865 (8th Cir. 2017). Lead Counsel seeks an award using the percentage-of-the-benefit approach, which "permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." *Id*. (citation omitted). Under Eighth Circuit precedent, "the ultimate reasonableness of the award is evaluated by considering relevant factors from the twelve factors listed in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 719–20 (5th Cir. 1974)."[2] *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018) (cleaned up, citation omitted). Not all these factors apply in every case, so the Court "has wide discretion as to which factors to apply and the relative

---

[2] Those factors are:

>     (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*In re Target Corp.*, 892 F.3d at 977 n.7 (citation omitted).

weight to assign to each." *In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-CV-2832 (MJD/KMM), 2020 WL 7133805, at *11 (D. Minn. Dec. 4, 2020) (citation omitted). Seven factors are relevant to deciding whether the requested fee is reasonable:

> (1) the benefit conferred on the class, (2) the risk to which plaintiffs' counsel was exposed, (3) the difficulty and novelty of the legal and factual issues of the case, (4) the skill of the lawyers, both plaintiffs' and defendants', (5) the time and labor involved, (6) the reaction of the class, and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases.

*Caligiuri*, 855 F.3d at 866 (citation omitted); *see In re CenturyLink,* 2020 WL 7133805, at *11–12 (applying same factors). Each of these factors is addressed below.

*Benefit to the Class*. Lead Counsel secured a $5 million settlement for the Class. In contrast, the *qui tam* action that alleged similar facts was dismissed with no recovery for the *qui tam* action's plaintiff. *See U.S. ex rel. Veterans First Med. Supply, LLC v. Tactile Sys. Tech., Inc.*, No. 4:18-CV-02871, ECF Nos. 293–96 (S.D. Tex.). Lead Plaintiff represents that the settlement amount equals roughly seven percent of its estimated aggregate damages in this Litigation. (ECF No. 160 at 8–9[3].) According to one publication, this percentage exceeds the median percentage of total damages for securities class actions settled in the Eighth Circuit between 2013 and 2022. *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements: 2022 Review and Analysis*, App'x 3 (Cornerstone Research 2023), available at https://securities.stanford.edu/research-reports/1996-2022/Securities-Class-

---

[3] Citations to the record reference ECF page numbers.

Action-Settlements-2022-Review-and-Analysis.pdf (last visited Aug. 24, 2023) (median settlement of 5.1% of simplified tiered damages in the Eighth Circuit). Because the Settlement significantly benefits the Class, the result obtained supports the requested award of attorneys' fees.

*Risks Assumed by Counsel.* Lead Counsel represents that it undertook this Litigation on a contingent fee basis. (ECF No. 163 at 15; ECF No. 164 ¶¶ 72–73.) "[T]he risk of receiving little or no recovery is a major factor in awarding attorney fees." *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 994 (D. Minn. 2005). Awarding attorneys' fees compensates counsel for their time, and awards counsel "for the benefit they brought to the class" given the risk they undertook in prosecuting the action. *In re CenturyLink*, 2020 WL 7133805, at *11 (citation omitted). Counsel faced a substantial risk of earning no fees because Defendants had multiple strong defenses, some of which succeeded at the motion-to-dismiss stage of the litigation. And as noted above, the similar *qui tam* action was dismissed with no recovery. If the case continued in litigation, Lead Counsel would have had to expend considerable additional resources on, for example, expert analysis, motions for class certification and for summary judgment, and possibly trial. This factor favors granting the fee request.

*Difficulty and Novelty of the Legal and Factual Issues.* Lead Counsel faced difficult legal and factual issues that would have been tested in dispositive motion practice and possibly at trial. Lead Plaintiff asserted claims under Sections 10(b) and 20(a) of the

Securities Exchange Act of 1934 ("Exchange Act"). To prevail, Lead Plaintiff would have to prove that Defendants made material misrepresentations and omissions intending to deceive investors, and that Defendants' sales and marketing practices violated the Anti-Kickback Statute ("AKS") and the False Claims Act ("FCA"), thereby causing investors' losses. (*See* ECF No. 164 ¶ 77); *see generally In re Ikon Office Sols., Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000) ("[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA."); *United States ex rel. Donegan v. Anesthesia Assocs. of Kansas City, PC*, No. 4:12-CV-0876-DGK, 2015 WL 12839127, at *1 (W.D. Mo. July 23, 2015) (noting "how difficult it is to establish the requisite scienter for an FCA violation"). Lead Plaintiff also alleged and would have to prove insider-trading claims under Section 20A of the Exchange Act. Despite the difficulty of the issues involved in this action, counsel secured a positive result for the Class. This factor supports the attorneys' fees requested.

*Counsel's Skill.* The skill with which Plaintiff's Counsel performed supports the fee request. As the record shows, Plaintiff's Counsel have significant complex and class-action litigation experience, and efficiently brought this case to a fair, reasonable, and adequate resolution. (*See* ECF No. 164 ¶¶ 75–76; ECF No. 164-4, Ex. G (Robins Geller resume); ECF No. 164-5, Ex. E (Zimmerman Reed resume); ECF No. 164-6, Ex. C (Hagens Berman resume).) The quality of Plaintiff's Counsel's advocacy has been high, including

successfully opposing Defendants' motion to dismiss. This factor supports awarding the requested 30% of the Settlement amount.

*Counsel's Time and Labor*. The time and labor that Plaintiff's Counsel spent on this case—over 7,300 hours—supports the fee request. (ECF No. 164 ¶ 74.) Lead Counsel invested significant time and effort in this Litigation, including conducting a pretrial investigation into the Class's claims, drafting the amended complaint, and successfully opposing the motion to dismiss. (*Id.* ¶ 80 (noting Lead Counsel expended over 6,150 hours litigating this matter).) Lead Counsel also engaged in fact discovery, including reviewing over 1.2 million pages of documents, responding to written discovery, taking one deposition and preparing for others, and litigated several discovery disputes. (*Id.*) Finally, Lead Counsel prepared for and participated in mediation and negotiated a settlement. (*Id.* ¶¶ 11, 81.)

*Class Reaction*. "The court considers both the number and quality of objections when determining how a class has reacted to an attorney fee request." *In re Xcel Energy*, 364 F. Supp. 2d at 996. There are no objections to the Settlement or Lead Counsel's request for attorneys' fees and expenses. (*See also* ECF No. 164-2 ¶ 6 ("[Lead Plaintiff] believes that Robins Geller's request for fees of 30% of the Settlement Amount and expenses not to exceed $139,000, plus interest on both amounts, is fair and reasonable.").) The lack of objections is "strong evidence of the propriety and acceptability" of the requested amount

of fees and expenses. *In re Xcel Energy*, 364 F. Supp. 2d at 996 (citing *Ressler v. Jacobson*, 149 F.R.D. 651, 656 (M.D. Fla. 1992)).

*Comparison of Awards in Similar Cases*. "[C]ourts in this circuit and this district have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions." *In re Xcel Energy*, 364 F. Supp. 2d at 998 (collecting cases). Lead Counsel's request for 30% of the fund is comparable. *See, e.g., Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) ("[C]ourts have frequently awarded attorneys' fees ranging up to 36% in class actions."); *Plymouth Cnty. Ret. Sys. v. Patterson Cos., Inc.*, No. 18-CV-00871 (MJD/HB), 2022 WL 2093054, at *1 (D. Minn. June 10, 2022) (awarding attorneys' fees of 33-1/3% of the settlement amount, plus expenses, and interest earned on both amounts).

In considering the reasonableness of a percentage-of-the -benefit approach, courts have used the lodestar approach as a "cross-check." *In re CenturyLink*, 2020 WL 7133805, at *13; *see Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (noting "use of the 'lodestar' approach is sometimes warranted to double-check the result of the 'percentage of the fund' method"). Under the lodestar approach, "the hours expended by an attorney are multiplied by a reasonable hourly rate of compensation so as to produce a fee amount which can be adjusted, up or down, to reflect the individualized characteristics of a given action." *Caligiuri*, 855 F.3d at 865 (citation omitted). Lead Counsel represents that the aggregate lodestar is over $4.1 million. (ECF No. 164 ¶ 74; *see* ECF No. 164-4 ¶ 4

($3,643,919); *id.* Ex. A; ECF No. 164-5 ¶ 4 ($135,382.50); *id.* Ex. A; ECF No. 164-6 ¶ 4 ($416,312.50); *id.* Ex. A.) The fee request of 30% of the Settlement Fund, or $1,500,000, is a negative 0.35 multiplier of the Lead Counsel's lodestar of $3,643,919. (ECF No. 164 ¶ 82.) The fee request is well within amounts the Eighth Circuit has considered reasonable. *See In re Target Corp.*, 892 F.3d at 977 (approving fee award with a negative lodestar multiplier of .74 and was 29% of the settlement fund); *Huyer*, 849 F.3d at 400 (noting that a lodestar multiplier of 1.82 was "well within the range of multipliers awarded in this and other circuits" (collecting cases)).

In sum, having considered the relevant factors, the Court concludes that the request of 30% of the Settlement Award for attorneys' fees is reasonable.

## II.    Expenses

As for reimbursement of counsels' expenses, "[r]easonable costs and expenses incurred by an attorney who creates or preserves a common fund are reimbursed proportionately by those class members who benefit by the settlement." *Yarrington v. Solvay Pharms., Inc.*, 697 F. Supp. 2d 1057, 1067 (D. Minn. 2010) (citation omitted). "The requested costs must be relevant to the litigation and reasonable in amount." *Id.* Such expenses include "expert witness costs, mediation costs, computerized research, court reports, travel expenses, and copy, telephone, and facsimile expenses." *In re CenturyLink*, 2020 WL 7133805, at *13 (citation omitted); *see In re BankAmerica Corp. Sec. Litig.*, 228 F. Supp. 2d 1061, 1066 (E.D. Mo. 2002) (awarding expenses for expert witnesses,

computerized research, court-reporting services, travel expenses, copy, telephone and facsimile expenses, mediation, and class notification), *aff'd*, 350 F.3d 747 (8th Cir. 2003). Because Plaintiff's Counsel represented Plaintiff on a contingent-fee basis, they had an incentive to keep their expenses at a reasonable level. *In re CenturyLink*, 2020 WL 7133805, at *13.

Lead Counsel seeks reimbursement of expenses in the amount of $123,248.81 plus interest. (ECF No. 163 at 28; ECF No. 164 ¶ 88.) This amount is less than the expense limit of $139,000 plus interest provided in the Notice to Class Members. (ECF No. 164-3 at 9.) The declarations of Plaintiff's Counsel reflect that they incurred expenses including filing fees, travel costs, costs for hearing transcripts and depositions reporting, transcripts, and videography, expert, and investigator costs, photocopies, online legal and financial research, e-discovery database hosting, mediation fees, and other incidental expenses related to this Litigation. (ECF No. 164 ¶¶ 88–95; ECF No. 164-4 ¶ 6; *id.* Exs. B–F; ECF No. 164-5 ¶ 6; *id.* Exs. B–D; ECF No. 164-6 ¶ 6; *id.* Ex. B.) Counsel represents that they made some reductions to expenses in the exercise of billing judgment. (ECF No. 164-4 ¶ 3; ECF No. 164-5 ¶ 3.)

Having reviewed the declarations of Plaintiff's Counsel, the Court finds that the litigation expenses incurred by counsel were relevant to the litigation and reasonable in amount. Plaintiff's Counsel's request for litigation costs in the amount of $123,248.81 is granted.

**CONCLUSION**

The Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable, and adequate, and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

2. Pursuant with Rule 23 of the Federal Rules of Civil Procedure and the Court's Order on Motion for Preliminary Approval of Settlement dated May 4, 2023 (ECF No. 156) ("Notice Order"), due and adequate notice was directed to all Class Members, including individual notice to those Class Members who could be identified through reasonable effort, advising them of Lead Counsel's request for attorneys' fees and expenses, and of their right to object to it, and a full and fair opportunity was given to Class Members to be heard with respect to the request for attorneys' fees and expenses, and there were no objections to the request for attorneys' fees and expenses.

3. The Court awards Lead Counsel attorneys' fees of 30% of the Settlement Amount, plus expenses in the amount of $123,248.81, together with the interest earned on both amounts for the same period and at the same rate as that earned on the

10

Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

4. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has determined that:

   (a)   the Settlement has created a fund of $5,000,000 in cash that, based on the parties' representations, has been funded into escrow under the Stipulation, and Class Members who submit acceptable Proof of Claim and Release forms will benefit from the Settlement due to the efforts of Plaintiff's Counsel;

   (b)   the fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, an institutional investor that was involved in overseeing the prosecution and resolution of the Litigation;

   (c)   over 22,000 copies of the Notice were mailed to potential Class Members and nominees stating that Lead Counsel would apply to the Court for an award of attorneys' fees on behalf of all Plaintiff's Counsel in an amount not to exceed 30% of the Settlement Amount, and expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against Defendants, in an amount not to exceed $139,000, plus interest on both amounts at the same rate earned as the

Settlement Fund. The Notice advised Class Members of their right to object to Lead Counsel's motion for attorneys' fees and expenses, and a full and fair opportunity was given to persons who are Class Members to be heard with respect to the motion. No objections to the fees and expenses requested by Lead Counsel have been received;

(d)     Plaintiff's Counsel have conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e)     the Litigation involves complex factual and legal issues, and, in the absence of Settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

(f)     Plaintiff's Counsel have pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee award has been contingent on the result achieved;

(g)     Plaintiff's Counsel have devoted over 7,300 hours to this Litigation, with a lodestar value of approximately $4.1 million, to achieve the Settlement;

(h)     the amount of attorneys' fees is consistent with awards in similar cases and supported by public policy; and

(i)     the amount of expenses awarded is fair and reasonable and these expenses were necessary for the prosecution and settlement of the Litigation.

12

5. The fees and expenses will be allocated among Plaintiff's Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the Litigation.

6. The awarded attorneys' fees and expenses and interest earned on them shall immediately be paid to Lead Counsel subject to the terms, conditions, and obligations of the Stipulation, and in particular Paragraph 6.2, which terms, conditions, and obligations are incorporated herein.

7. Any appeal or any challenge affecting the Court's approval of any attorneys' fee and expense application will not affect the finality of the Order and Final Judgment entered with respect to the Settlement.

8. The Court retains exclusive jurisdiction over the parties and Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

9. If the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order will be rendered null and void to the extent provided by the Stipulation.

10. Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (ECF

No. 161) is GRANTED.


Dated: August 25, 2023                          BY THE COURT:

                                                s/Nancy E. Brasel
                                                Nancy E. Brasel
                                                United States District Judge